IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JASON HOLLOWAY, #M0998                                                             PLAINTIFF

VERSUS                                             CIVIL ACTION NO.   5:21-cv-63-KS-RHWR

WARDEN SCOTT MIDDLEBROOKS, et al.                                            DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION [29]
FOR PERMANENT RESTRAINING ORDER

BEFORE the Court is Plaintiff's *pro se* Motion [29] entitled "Motion for Permanent Restraining Order" filed on February 18, 2022.   Having fully considered the Motion and applicable law, the Court finds that Plaintiff's Motion [29] should be denied.

Plaintiff is an inmate of the Mississippi Department of Corrections currently incarcerated in the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi.   Plaintiff filed a Complaint [1] pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated while being housed at WCCF.   In his Motion [29], Plaintiff states that he "is in fear of being retaliated against by defendants in this case."   Pl.'s Mot. [29] at 1.   "[P]laintiff is seeking and asking this court to order a restraining order to help prevent the staff from harassing or retaliating against him while this case is ongoing and after its conclusion."   *Id*. at 2.

To the extent he is requesting a permanent injunction, Plaintiff must "establish (1) success on the merits; (2) that a failure to grant the injunction will result in the irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest."   *Stevens v. St. Tammany Parish Government*, 17 F.4th 563, 576 (5th Cir. 2021) (quoting *Env't Tex. Citizen Lobby, Inc., ExxonMobil Corp*., 824 F.3d 507, 533 (5th Cir. 2016).   Because this civil action is being screened as required by 28 U.S.C. § 1915A and the Defendants have not been served with

process, it is clear that Plaintiff has not prevailed on the merits of this case. Plaintiff's Motion [29] requesting a permanent injunction therefore will be denied.

To the extent that he is seeking a temporary restraining order, Plaintiff's request seeks relief that if granted would exceed the 14-day limit of a temporary restraining order and therefore, his request is in effect a request for a preliminary injunction. *See* Fed. R. Civ. P. 65(b); *Dixon v. Vanderbilt*, 122 Fed. App'x 694, 695 (5th Cir. 2004). In order to receive a preliminary injunction, Plaintiff must demonstrate

> (1) a substantial likelihood of success on the merits,
> (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction were not granted,
> (3) that their substantial injury outweighed the threatened harm to the party whom they sought to enjoin, and
> (4) that granting the preliminary injunction would not disserve the public interest.

*Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted). A preliminary injunction "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Id*. Furthermore, the granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir. 1984)). The primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits. *Canal Auth. of Fla. v. Callaway,* 489 F.2d 567, 573 (5th Cir. 1974).

Having evaluated Plaintiff's Motion [29] for a preliminary injunction in accordance with the applicable law, the Court finds that it will be able to render a meaningful decision without granting a preliminary injunction. Consequently, Plaintiff's Motion [29] for a preliminary injunction will be denied without a hearing.

Finally, to the extent that Plaintiff is seeking a general injunction directing that the Defendants obey the law by not retaliating against him for filing this civil action and writing administrative remedy requests ("ARP"), the United States Court of Appeals for the Fifth Circuit "has held that a general injunction that orders a defendant to obey the law is not permitted." *See Beadles v. Johnson*, No. 1:18-CV-318-P, 2018 WL 2439446, at *1 (W.D. La. Apr. 30, 2018) (citing *Sec. & Exch. Comm'n v. Life Partners Holdings, Inc*. 854 F.3d 765, 784 (5th Cir. 2017) (citations omitted)), *R. & R. adopted*, No. 1:18-CV-318-P, 2018 WL 2435662, at *1 (W.D. La. May 30, 2018).   Hence, Plaintiff's request for a general injunction is denied.   Accordingly, it is hereby,

ORDERED that Plaintiff's Motion [29] entitled "Motion for Permanent Restraining Order" is **denied**.

This the     10th     day of May, 2022.

                                                  s/Keith Starrett
                                            UNITED STATES DISTRICT JUDGE