IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JASON HOLLOWAY                                                                                   PLAINTIFF

V.                                                                           CAUSE NO. 5:21-CV-63-KS-RHWR

SCOTT MIDDLEBROOKS et al.                                                              DEFENDANTS

### ANSWER AND DEFENSES OF UNKNOWN TAYLOR

COMES NOW defendant Unknown Taylor (correct name Lavern Taylor) (hereinafter "Ms. Taylor" or "defendant"), by and through counsel, and, for answer to the complaint [1] as amended and supplemented by subsequent pleadings ([11], [16], [23], [24], [26], and [28]) filed by the plaintiff, states as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Without waiving any affirmative defense set forth herein and answering the specific allegations of the complaint, Ms. Taylor says:

1.

With regard to section I of the complaint [1], "The Parties to this Complaint," Ms. Taylor states as follows. Ms. Taylor admits that Holloway is an inmate in the custody of the Mississippi Department of Corrections who is currently housed at Wilkinson County Correctional Facility ("WCCF") as alleged in subsection A of section I. Ms. Taylor admits that Dr. James Burke is a physician providing services at WCCF. Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of remaining allegations of subsection B of section 1.

1

**2.**

Regarding section II of the complaint, "Basis for Jurisdiction," Ms. Taylor admits that this Court has jurisdiction for a claim premised on 42 U.S.C. § 1983. Ms. Taylor denies the remaining allegations contained in section II, including any allegations regarding jurisdiction on pages 12 through 18 of Doc. 1.

**3.**

With regard to section III of the complaint, "Prisoner Status," Ms. Taylor admits on information and belief that the plaintiff is a convicted and sentenced state prisoner.

**4.**

Ms. Taylor denies the allegation in section IV of the complaint, "Statement of Claim" and will respond below to the allegations of the "complaint" [Doc. 1, pp. 12-18] referenced in subsections B and D of section IV.

**5.**

Regarding the allegations in section V of the complaint, "Injuries," as set out in the "complaint" referenced in section V [Doc 1 pp. 12-18], Ms. Taylor denies any allegations of injury caused by acts or omissions related to medical examination or treatment and is without knowledge of information sufficient to form a belief as to the plaintiff's remaining allegations.

**6.**

Regarding the allegations in section VI of the complaint, "Relief," as set out in the "complaint" referenced in section VI [Doc 1 pp. 12-18], Ms. Taylor denies that Holloway is entitled to any relief requested therein, or any other relief whatsoever.

**7.**

Regarding section VII of the complaint, "Exhaustion of Administrative Remedies Administrative Procedure," Ms. Taylor admits that Holloway's claims relate to alleged events purportedly occurring while he was incarcerated at WCCF and that MDOC has a grievance procedure that would apply to any alleged event constituting part of the claim or claims against Ms. Taylor. Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in section VII or the referenced addendum ("complaint") and attachment [1-1] to the complaint.

**8.**

Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations in section VIII of the complaint, "Previous Lawsuits."

**9.**

Ms. Taylor denies the averments or other allegations made by the plaintiff in section IX of the complaint, "Certification and Closing."

**10.**

With regard to the allegations in the addendum [Doc. 1, pp. 12-18] to the complaint form entitled "Complaint With Jury Demand" (hereinafter referred to as "the addendum'), Ms. Taylor answers as follows, paragraph by paragraph. As to paragraph 1 of the addendum, Ms. Taylor admits that this Court has jurisdiction for a claim premised on 42 U.S.C. § 1983. Ms. Taylor denies any remaining allegations contained paragraph 1 of the addendum.

**11.**

Ms. Taylor admits the allegations of paragraph 2 of the addendum on information and belief.

**12.**

Ms. Taylor denies the allegations of paragraph 3 of the addendum on information and belief.

**13.**

Ms. Taylor admits that Dr. James Burke is a physician providing services at WCCF. Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the addendum.

**14.**

Ms. Taylor denies the allegations of paragraph 5 of the addendum.

**15.**

Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the addendum.

**16.**

Ms. Taylor admits the allegations of the first sentence of paragraph 7 of the addendum on information and belief. Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

**17.**

Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the addendum.

**18.**

Ms. Taylor admits that Holloway submitted a medical service request form dated March 3, 2021 requesting to see a dentist for toothache and replacement of partials. Ms. Taylor is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the addendum.

**19.**

Ms. Taylor admits that Holloway submitted a medical service request form dated March 10, 2021 requesting to see a dentist for toothache and replacement of partials. Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the addendum.

**20.**

Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the addendum.

**21.**

Ms. Taylor admits that Holloway submitted a medical service request form dated March 17, 2021. Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the addendum.

**22.**

Ms. Taylor denies the allegations of paragraph 13 of the addendum.

**23.**

Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the addendum.

**24.**

Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the addendum.

**25.**

Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the addendum.

**26.**

Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 17 of the addendum.

**27.**

Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the addendum.

**28.**

Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the addendum.

**29.**

Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 20 of the addendum.

**30.**

Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the addendum.

**31.**

Ms. Taylor denies the allegations of the first sentence of paragraph 22 of the addendum. Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22.

**32.**

Ms. Taylor denies the allegations of paragraph 23 of the addendum and denies that Holloway is entitled the relief requested in paragraph 23 or to any other relief whatsoever.

**33.**

Ms. Taylor denies the allegations of paragraph 24 of the addendum and denies that Holloway is entitled the relief requested in paragraph 24 or to any other relief whatsoever.

**34.**

Ms. Taylor denies the allegations of paragraph 25 of the addendum and denies that Holloway is entitled to have the Court order the relief requested in paragraph 25 or any other relief whatsoever.

**35.**

Ms. Taylor denies the averments or other allegations made by the plaintiff in paragraph 26 of the addendum.

**36.**

Ms. Taylor responds to the allegations in Holloway's "Motion to Amend Complaint" [11], construed by the Court as an amended complaint (hereinafter "amended complaint") as follows. Ms. Taylor admits that VitalCore is the contracted medical care provider for WCCF. Ms. Taylor further states that the allegations in the amended complaint are not directed to her so as to require a response, and in any event, she pleads that she is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the amended complaint.

**37.**

Ms. Taylor responds to the allegations in Holloway's second motion to amend the

complaint [16], construed by the Court as an amended complaint (hereinafter "Second AC") as follows. The allegations in the Second AC do not pertain to Ms. Taylor, who in any event pleads that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in the Second AC.

**38.**

Ms. Taylor responds to the allegations in "Plaintiff's Response to Court's Order" [23] (hereinafter, "the Response") as follows. The allegations in the Response do not pertain to Ms. Taylor so as to require a response, and Ms. Taylor in any event pleads that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in the Response.

**39.**

Ms. Taylor responds to the allegations in Holloway's third motion to amend the complaint [24], construed by the Court as an amended complaint (hereinafter "Third AC") as follows. The allegations in the Third AC do not pertain to Ms. Taylor, who in any event pleads that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in the Third AC.

**40.**

Ms. Taylor responds to the allegations in Holloway's fourth motion to amend the complaint [26], construed by the Court as an amended complaint (hereinafter "Fourth AC") as follows. The allegations in the Fourth AC do not pertain to Ms. Taylor, who in any event pleads that she is without knowledge or information sufficient to form a belief as to the truth of the allegations in the Fourth AC or the attachment thereto [26-1].

**41.**

Ms. Taylor responds to the allegations in Holloway's fifth motion to amend the complaint [28], construed by the Court as an amended complaint (hereinafter "Fifth AC") as follows. Ms. Taylor admits that Nurse Robinson is a nurse at WCCF. Ms. Taylor admits that she is an administrative assistant working for VitalCore at WCCF and denies the remaining allegations regarding herself. Ms. Taylor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Fifth AC.

**THIRD DEFENSE**

If Ms. Taylor's alleged acts are deemed to have been under color of state law, she is entitled to qualified immunity from suit and liability in that it did not violate any clearly established statutory or constitutional rights of the plaintiff of which a reasonable person in its position would have been aware, and it acted with objective reasonableness or in good faith.

**FOURTH DEFENSE**

Ms. Taylor invokes, reserves, and hereby pleads all applicable limitations, rights, and defenses under the Prison Litigation Reform Act for which a good faith factual or legal basis exists or may hereafter be discovered, including that the plaintiff's claim is barred by the failure to exhaust administrative remedies available to him before filing suit as required under the Act.

**FIFTH DEFENSE**

With respect to the claims asserted against this defendant, the complaint fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure in that it fails to give a short and plain statement of the claim or in that it fails to plead any non-conclusory allegations of wrongful conduct, and therefore such claims against Ms. Taylor should be dismissed.

**SIXTH DEFENSE**

The alleged injuries and damages complained of by the plaintiff were caused and/or contributed to by preexisting medical conditions of the plaintiff; and/or intervening causes unrelated to any health care services provided or that allegedly should have been provided to the plaintiff.

**SEVENTH DEFENSE**

The alleged injuries and damages complained of by the plaintiff were caused and/or contributed to by actions or omissions of individuals or entities over which Ms. Taylor exercised no control, including negligent actions or omissions of the plaintiff, and for which Ms. Taylor bears no legal responsibility.

**EIGHTH DEFENSE**

Ms. Taylor did not do or fail to do anything that caused or contributed to the alleged injuries or damages set forth in the complaint and breached no duty owed to the plaintiff.

**NINTH DEFENSE**

To the extent a good faith factual or legal basis exists or may hereafter be discovered, Ms. Taylor asserts the defenses of estoppel, res judicata, collateral estoppel, and abuse of process.

**TENTH DEFENSE**

Ms. Taylor is improperly joined in this action because the claims against the non-medical defendants and the claim against Ms. Taylor do not arise out of the same transactions or occurrences and have no issues of fact or law in common, and therefore the claim against her should be dropped or, in any event, should be severed.

**ELEVENTH DEFENSE**

To the extent that Holloway pleads claims for medical negligence under state law, Ms.

Taylor asserts all defenses to such claims that may be applicable under section 15-1-36 of the Mississippi Code, including that the claims are barred for failure to comply with pre-suit requirements of that statute.

### TWELFTH DEFENSE

To the extent that Holloway pleads claims for medical negligence under state law, Ms. Taylor invokes, reserves, and hereby pleads all applicable rights and defenses created by MISS. CODE ANN. § 85-5-7 (1989, as amended), § 11-1-65 (1994, as amended), and by the Medical Malpractice Reform Act.

### THIRTEENTH DEFENSE

Ms. Taylor invokes, reserves, and hereby pleads all other applicable rights and defenses created by or otherwise enumerated in Rules 8 and 12 of the Federal Rules of Civil Procedure for which a good faith factual or legal basis exists or may hereafter be discovered.

### FOURTEENTH DEFENSE

Ms. Taylor asserts and invokes any applicable limitations on plaintiff's claim for injunctive relief provided by 18 U.S.C. § 3626 or other law.

### FIFTEENTH DEFENSE

Ms. Taylor incorporates and adopts any other affirmative defenses asserted by any co-defendant that may be applicable to the claims against her.

**AND NOW**, having fully answered the complaint and set forth the affirmative defenses herein, Ms. Taylor denies that the plaintiff is entitled to any recovery of damages whatsoever or to any other relief whatsoever and respectfully requests that the claims against her be dismissed with prejudice with all costs assessed to the plaintiff.

RESPECTFULLY SUBMITTED,

UNKNOWN TAYLOR, Defendant

By: */s/ John G. Wheeler*
JOHN G. WHEELER
Mississippi Bar No. 8622
jwheeler@mitchellmcnutt.com

MICHAEL CHASE
Mississippi Bar No. 5969
mchase@mitchellmcnutt.com

OF COUNSEL:

MITCHELL, MCNUTT & SAMS, P.A.
105 SOUTH FRONT STREET
POST OFFICE BOX 7120
TUPELO, MISSISSIPPI 38802-7120
Telephone: 662-842-3871
Facsimile: 662-842-8450

## CERTIFICATE OF SERVICE

I certify that I have this day filed the foregoing ANSWER AND DEFENSES OF UNKNOWN TAYLOR with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel for the parties who have electronically registered with the Court, and that I have mailed a copy of such document to the pro se plaintiff at his last known place of incarceration as follows:

Jason Holloway
Wilkinson County Correctional Facility
Woodville, MS 39669

DATED, this the 8th day of July, 2022.

*/s/ John G. Wheeler*
JOHN G. WHEELER