In The United States District Court
for The Southern District of Mississippi

Holloway                                    Plaintiff

vs                          Case No. 5:21-cv-63-KS-RHWR

                                            Defendant(s)
Middlebrooks et al

            Plaintiff's Complete Amended
            Complaint With Jury Demand

        I        Jurisdiction + Venue

1.  This is a civil action authorized by 42
U.S.C. Section 1983 to redress the deprivation,
under color of state law, of rights secured by
the United States Constitution And the Mississippi
Constitution. The Court has jurisdiction under 28
U.S.C. Section 1331 And 1343 (a)(3). Plaintiff seeks
declaratory relief pursuant to 28 U.S.C. Section(s)
2201 And 2202. Plaintiffs' claims for injunctive
relief are authorized by 28 U.S.C. section (s)

2283 and 2284 and Rule 65 of the Fed. R. C. P. The plaintiff also seeks damages. The plaintiff also alleges the torts of negligence under Mississippi Law.

## II.    Plaintiff

2. Plaintiff, Jason Holloway, is and was at all times mentioned herein a prisoner of the State of Mississippi in the custody of the Mississippi Department of Corrections (M.D.O.C.) He is currently confined at the Wilkinson County Correctional Facility (W.C.C.F.). He has been housed at WCCF since Feb. 25th 2021 and he is still currently housed at W.C.C.F.

## III.    Defendants

3. Defenfendant, Scott Middlebrooks is the former warden of W.C.C.F. and he is tasked with the orderly running of the facility and making sure that the plaintiff recieves adequate medical

care, that is medical ordered diet is followed, that he recieves fair hearings at his disciplinary hearings, that he gets to scheduled medical appointments, that all policies are being followed, that he gets to practice his firm religious belief and that there is adequate staff to safely run the prison.

4. Defendant, Dr. J. Burke is the medical doctor at W.C.C.F. And has the task to make sure the plaintiff recieves adequate, timely medical, dental, and mental health treatment.

5. Defendant, Unknown former H.S.A. Saint Julian is the former Health Service Administrator, (H.S.A.) And is responsible for making sure the medical department has adequate staff And that plaintiff recieves adequate medical, dental, and mental health treatment

6. Defendant, Management & Training Corporation (M.T.C.) is a for profit organization And is contracted with M.D.O.C. to operate. And run

W.C.C.F. M.T.C. is responsible for making sure that it properly as adequate staff to operate and safely run the prison. M.T.C. has failed to adequately staff W.C.C.F. and has failed to train, supervise, and provide adequate staff to operate and run W.C.C.F.

7. Defendant, Unknown Dunmore, is the former Kitchen supervisor at W.C.C.F. she is responsible for making sure that the plaintiff recieved his prescribed medical ordered diet and recieves adequate nutrition on his trays.

8. Defendant, D. Anthony is the Chaplain at W.C.C.F. and is responsible to make sure that the plaintiff gets to practice his religion as a Muslim and his Islam faith.

9. Defendant, George Castro is the former Deputy Warden at W.C.C.F. and he is responsible for the orderly running of the facility and make sure the plaintiff gets adequate medical.

dental and mental health care, that his medical ordered diet is followed, and that he gets to scheduled medical appointments, that all policies are being followed, that he gets to practice his religious belief, and that there is adequate staff to properly and safely run the facility

10. Defendant, William DeRevere is the Deputy Warden at W.C.C.F. and is responsible for the orderly running of the facility, and making sure the plaintiff gets adequate medical, dental, and mental health care, that his medical ordered diet is followed, and that he gets to scheduled medical appointments, that all policies are being followed, that he gets to practice his religious belief, and that there is adequate staff to properly and safely run the facility.

11. Defendant, Vital Core Health Strategies is the contracted medical company with M.D.O.C. They are responsible for making sure the plaintiff is provided with adequate medical, dental and

mental health treatment. That there is adequate staff to provide proper medical care.

12. Defendant, Unknown Ware is the disciplinary investigator at W.C.C.F.  She is responsible for getting witness statements and investigating the Rule Violation Reports (R.V.R.)

13. Defendant, Unknown J. Penndleton is the disciplinary hearing officer.  She is responsible for looking at the evidence gathered by the investigator, and giving the plaintiff a fair and partial hearing.

14. Defendant, Unknown D. Vannoy is the Warden at W.C.C.F. He is responsible for the orderly running of the facility. For making sure the plaintiff gets adequate medical, dental and mental health care, that his medical ordered diet is followed, that he is able to practice his religion, that he gets to scheduled medical appointments, that all policies are being followed, and that there is adequate

staff to properly and safely run the facility.

15, Defendant, Sgt. Joseph Hall is a correctional sergeant at W.C.C.F. He is responsible for doing the drug testing here at W.C.C.F.

16, Defendant V. Day is the Unit Manager at W.C.C.F. She is responsible for making sure that her units are properly runned, By making sure the plaintiff gets adequate medical treatment, gets to practice his religion, gets medical ordered diet, gets to scheduled medical appointments, And has adequate staff to properly and safely run her units, and provide plaintiff with medical ordered chair.

17, Defendant Unknown Sgt. Reese is the Unit Zone Sergeant and zone counselor. She is responsible for making sure the zones are run properly, By making sure the plaintiff gets to scheduled medical appointments, gets to practice his religion, gets medical ordered diet and chair for cell, And has adequate staff to properly run her zones.

Pg 8 of 34

18. Defendant, Unknown Nurse Robinson is a Nurse at W.C.C.F. She is responsible to make sure that the plaintiff gets adequate medical, dental, and mental health treatment. She is also responsible for ordering the plaintiff's prescribed medications.

19. Defendant, Unknown Mrs Taylor is the medical clerk. here at W.C.C.F. She is responsible for scheduling of sick call and other medical appointments and for ordering the plaintiff's medical shoes and other supplies. for making sure the plaintiff gets scheduled and seen in a timely manner.

20. Defendant, Unknown Officer Boyd is a correctional officer at W.C.C.F. where she works in medical. She is responsible for making sure the plaintiff gets to all scheduled medical appointments as she is the escort officer for transporting the plaintiff to and from medical.

21. Defendant, Unknown Ms. Hunt is the current kitchen supervisor at W.C.C.F. She is responsible for making sure that the plaintiff recieves adequate nutrition on his trays And that his medically ordered diet is properly followed.

22. Defendant, Laura Donnelly, R.D. is the former dietition at W.C.C.F. She is responsible for making sure the plaintiff recieves adequate nutrition And that the plaintiff's medical ordered diet is followed.

23. Defendant, Ellen Ossorio, R.D., MS, LDN, is the current dietition And is responsible for making sure the plaintiff recieves adequate nutrition and that the plaintiff's medical ordered diet is followed.

24. Defendants, Jane And John Does 1-100 are other M.T.C., MDOC, Vital Core Health Strategies, or W.C.C.F. employees that the plaintiff is

unaware of at this time, who could also have been are currently are responsible for the violations of the plaintiff's constitutional rights.

25. <u>All of the Named defendants</u> in this case are being sued in both their <u>individual</u> <u>And official capacities.</u>

## IV   Facts of the Case

26. The plaintiff was transferred from C.M.C.F. to W.C.C.F. around Feb. 25th 2021. Upon arriving at W.C.C.F. during the intake process the plaintiff advised the medical personnel of all his medical and mental health issues. The plaintiff also Case Manager Dukes during intake that he was of the Islam faith that he had changed his religion at C.M.C.F. in 2019. The plaintiff was placed in a holding cell for about 7 days then taken to segregation on or around March 1st 2021 pending protective custody.

Around March 30th 2021 I was moved from segregation to C,D,E, housing unit and was placed on Echo Pod on Protective Custody (P.C.) Cell 204, Since then have been moved to cell 206 and am currently in Echo cell 207.

## V    Denial of Medical Care

27.  The plaintiff turned in sick calls to the nurses while housed in segregation on the following dates to the best of my Knowledge; 3-1-21, 3-3-21, 3-10-21, 3-17-21, the plaintiff turned in approx 8 sick calls while he was housed in segregation and never got seen for none of them.

28. Around 3-25-21 I sent a inmate request to defendant Saint Julian the former H.S.A. about not getting seen for sick-calls and not recieving my prescribed medication. Never got a response to this request.

pg 12 of 34

29. Around 3-28-21 I submitted my ARP about the denial of medical and mental heath care. I was never seen for any sick calls for the whole time I was in segergation. from 3-1-21 - 3-31-21. I completed the ARP process around July 2nd 2021. (See Exhibit #1)

30. On or around 4-1-21 I was finally taken to medical and seen by defendant Saint Julian the former H.S.A. she only seen me for two (2) of my sick calls and didn't do nothing but tell me that I would be seen by Defendant Burke's the next day.

31. I was never taken to see the Dr. the next day after making several request nor was I seen by him for a whole other (2) two months. After being referred to him.

32. Around 6-14-21 Defendant Middlebrooks came around the Unit and I talked to him about me not being seen for my sick calls or getting to my appointments. He typed something

into his phone And toled me he would take care of it.

33. Around 6-16-21 I was finally seen for the first time by Defendant Burke's And he ordered an X-Ray of my leg and ankle where the screw seems to be coming out. He gave me a breathing treatment. He didn't do Anything else but try to rush and see me and get me out of his office.

34. On 6-18-21 I was taken back to medical and a X-Ray was taken And once again I asked Dr. Burke's for something for pain And about ordering my medical shoes.

35. Since the filing of this complaint and until now the plaintiff has filled out numerous more sick calls And have been seen for only a portion of them. The plaintiff is still not being seen in a timely manner for his sick calls and is still not recieving adequate medical, dental or mental

health care,

36. The delay And inadequate medical, dental, and mental health care at W.C.C.F. violates the plaintiff's Constitutional Rights of the 8th Admendment. The plaintiff is still in much pain in his leg due to the rod and screws. Its hard for me to put pressure on my left leg or even walk at times. And is still not recieving adequate medical, dental And mental health care,

## VI   Denial of Religion

37. When the plaintiff arrived at W.C.C.F. on 2-25-21 during the intake process when case manager Dukes was doing my intake she asked me what my religion was. I told her I was of the Islam faith that I had changed my religion at C.M.C.F. in 2019 And started practicing Islam,

38. Upon arriving And being housed at W.C.C.F.

I sent out several inmate request forms to the Chaplains Department and to the kitchen advising them that I was of the Islam faith and that Ramadan was approaching and that I wished to participate in Ramadan.

39. When Ramadan started the plaintiff was told that he was not on the list to participate in Ramadan. So the plaintiff still fasted as required for the month of Ramadan. During Ramadan I am required to eat before sunrise and not again until after sunset. Ramadan started April 13th 2021 and Ended May 13th 2021.

40. Since the plaintiff was not on the list to participate in Ramadan his trays were served with the other inmates. Which most of the times were delivered after the sun came up and before the sun went down. During this time the plaintiff saved what he could off of each tray and ate it at the appropriate time. Which was very little causing the plaintiff to suffer from severe

weight loss, stomach cramps from hunger, and mental and emotional distress.

41.   The plaintiff was seen by Dr. Burke on 6-16-21 And because of the severe weight loss the plaintiff had suffered from fasting and not being able to eat during Ramadan Dr. Burke ordered me a special diet tray. That tray being a nutrition support tray which is suppose to have more nutrition than the regular trays served to the other inmates, (See Exhibit #2) (See also Exhibit #3) which is were the diet tray had to be reordered cause the plaintiff is still under weight.

42   The plaintiff filed his ARP concerning the denial of his religion. When the plaintiff filed his original ARP he attached to it a copy of his change of religion form that was done at C.M.C.F. But the Chaplain and Warden said that they didn't have a copy on file which they do. The ARP process was complete on 7-14-21 (see Exhibit #4).

# VII   Furnishings

43. The plaintiff is on P.C. And is a closed custody ( C-Custody Status) inmate. Being a C-Custody inmate the plaintiff is only allowed out of his cell for 1 hour a day 5 days a week On the weekends And holidays he is locked in his cell with Another inmate 24 hours a day. All other times the plaintiff is locked in his cell for 23 hours a day.

44. The cell the plaintiff is confined in consist of a toilet, a sink, a light, a door with a small window And tray slot, And a set of bunk beds. There is No table or chair in his cell or Any other cell. I am either forced to sit on the floor, sit or lay on my rack, or stand up, which he has to do to watch T.V. out the cell door window. There is No place to sit And write or do legal work And write letters ectx

45. The plaintiff does lots of writing, legal works And research, along with correspondence And

college courses that are outside of the facility that I'm voluntarily taking to better myself. In order to write, do research or legal work the plaintiff is forced to either sit on the floor or sit on his rack to do these things.

46. Being forced to sit either on the floor or on the bed to write and do legal work hunched over for hours writing and do legal work has caused me to suffer severe back pains in my lower and upper back.

47. I have had to fill out several sick calls to get pain meds for my back and even had a X-Ray done on it because of the severe pain that having no place to sit and write has caused me.

48. I filed an ARP about this only to be told that no table will be installed in the cells and could only recieve a chair if it was a order from the doctor. (See Exhibit # 5).

49. Since the filing of this ARP and the response from Defendant VANNOY about the chain I have been given a chair profile by the doctor. Even with the chair profile I still have not been provided with a chair And I'm still having to hunch over and write and stuff which is still causing me severe back pains. (See Exhibit #6)

VIII  Denial of Adequate Nutrition And failure To Follow Ordered Medical Diet

50. The plaintiff has a severe allergic reaction to corn products has he told the medical staff upon his arrival at W.C.C.F. The plaintiff had a order from C.M.C.F. Showing that he was to have no corn products on his tray.

51. There was An order done by Dr. Burke before I was put on the nutrition support diet but every diet order had allergied to Corn or no corn products wrote on them. But there is still being corn products placed on my tray. (see Exhibits 2, 3, 7 & 8)

pg 20 of 34

52.   There is not enough nutrition on my trays to comply with the ordered diet. The corn products constantly being put on my tray and when there not put on the tray I get nothing to subtitute for the corn products. This causing me not to get the ordered amount of calories.

53. The trays do not have the adequate amount of food on them. Nor do I get everything that is on the menu that is suppose to cover the amount of protien, nutrition and calories that Im suppose to have. Im to recieve everything on the menu with the proper portion of food being served. ( See Exhibits 2,3, 7, 8, 9, & 10)

54. The staff does not monitor the feeding of the plaintiff or other inmates. The tray cart is rolled on the zone and floorwalkers pass the trays out. So when the plaintiff diet tray is not on the cart or not correct (has corn products on it) the plaintiff has no way to send it back to get it fixed. So he has to miss portions of his meal or the whole

if corn products seem to have touched other food on the tray. This also causing me stomach pains from hunger and weight loss.

## IV   Drug Testing

55. The plaintiff has been drug tested numerous times here at WCCF. Defendant Sgt. Joseph Hall does' not follow MDOC policy when it comes to doing the drug test. By him not following policy it has caused the plaintiff to get several RVR's. (See Exhibits 11-13)

56. According to policy when an offender can't produce urine he is suppose to be detained for up to 4 hours. After he has been detained for 4 hours if the offender still can't produce urine he then recieves a RVR for refusing to submit to a drug test (See Exhibit #14)

57. Defendant Joseph Hall has wrote me several RVRs for refusing to submit to a drug test, when I wasn't

refusing, I just couldn't produce urine on command and asked Hall each time to either detain me or come back and test me. He always refuses and just writes me up for refusing. This causing me to be placed on restriction and keeping me in C-custody. If it wasn't for the RVR's for Hall not following policy I would have my B-custody pants and not be on restrictions.

58. I filed about Hall not following policy through the ARP process and Defendant Vannoy said that Hall was following policy according to Hall's statement. But Camera's and other statements from other inmates clearly shows that policy is not being followed. (See Exhibit # 15)

## X   Denial of Due Process

59. The plaintiff has been denied his right to Due Process at each and every disciplinary hearing he has had since being housed at WCCF. all because WCCF staff and defendants refuse to follow

policy. If they would follow policy like they should these violations wouldn't occur.

60. According to policy a RVR is to be wrote And served on the offender within 24 hours of the time of the violation. The delivering employee will document the offender's request for investigation, list witnesses on the RVR And indicate whether the offender wants his hearing.

61. Policy also states that when a RVR is reported the disciplinary investigator will begin the investigation within 24 hours, of the same time the rule violation is reported And complete it without reasonable delay.

62. The investigator will be neutral And unbiased in conducting interviews gathering information, in seeking the truth, the investigator will interview the accused, And Any other persons considered having pertinet informations, the investigator will provide factual information, have access to all information, And

pg 24 of 34

will recieve cooperation from all personnel. Any staff member called as a witness will not refuse to give a statement.

63. Policy states that the offender charged with a RVR will be allowed to present documentary evidence and call defense witnesses

64. Policy states that disciplinary hearings are conducted by an impartial person or panel of persons, the hearing officer will hear all pertinent information surrounding an alleged rule violation, will question the accused offender, witnesses and any other person appearing at the hearing.

65. Policy, procedure, and practice provide that inmates have an opportunity to make a statement, present documentary evidence and request witnesses.

66. Policy, procedure, and practice provide that the disciplinary committee's decision is based solely on information obtained in the hearing process, including

staff reports, the statements of the inmate charged, And evidence derived from witnesses And documents.

67. Written policy, procedure, And practice provide for review of all disciplinary hearings And dispositions by the warden, superintendent or designee to assure conformity with policy And regulations (See Exhibit # 16)

68. If these policies would have been followed the plaintiff would not have been found guilty of the RVR's And would not be punished for the failure of defendants not following policy.

69. The plaintiff requested witnessess And they were not called to the hearing or allowed to give a statement on the plaintiff's behalf. One of them being a correctional officer. (See Exhibits 11,12,13,17 +18)

70 There was no full investigation done. If there would have been it would have proved that defendant Hall didn't follow policy And that the RVR was bogus.

71. Since policies were not followed the plaintiff was denied his Due Process rights. Thats the whole reason for policies is to keep inmates from having their constitutional rights violated.

XI    Exhaustion of Administrative Remedies

72. The plaintiff has exhausted his administrative remedies with respect to all claims and all of the named defendants in this case. (see Exhibits 1, 4, 5, 7, 8, 15, 17, and 18)

XII    Claims for Relief

73. The actions of defendants Middlebrooks, Vannoy, M.T.C., Dr. Burke, HSA Saint Julian, Vital Core Health Strategies, De Revere, Castro, Day, Reese, Boyd, Taylor and Robinson in failing to get the plaintiff to his required medical appointments, the delay in seeing the plaintiff, ignoring his request, and not providing the plaintiff with adequate medical, mental health and dental care, constitutes deliberate indifference

to the plaintiff's serious medical needs.

74. The actions of defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Anthony, Day, Reese and Jane & John Does in denying the plaintiff to participate in Ramadan and practice his religion constitutes the denial of religion under the First Admendment of the United States Constitution. And under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) U.S.C.S. § 2000 cc to 2000 cc-5.

75. The actions of defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Day, and Reese for denying the plaintiff a table, and chair in his cell causing him to suffer severe back and leg pains. Constitutes cruel and unusual punishment under the Eighth Admendment to the United States Constitution.

76. The actions of defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Day, Reese, Dunmore, Hunt, Donnelly, Ossorio, and Jane & John Does for not

providing the plaintiff with adequate nutritions and failing to follow the prescribed diet of the doctor constitutes cruel and unusual punishment under the Eighth Admendment of the United States Constitution.

77. The actions of defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Hall, Penndleton, Ware, and Jane and John Does for not following policy during drug testing, and disciplinary proceedings constitutes cruel and unusual punishment and denial of Due Process under the Eighth and Fourteenth Admendments of the United States Constitution.

### XIII   Relief Requested

Wherefore, plaintiff requests that the Court grant the following relief:

A.  Issue a declaratory judgment stating that:

1.  The denial of adequate medical, mental, and dental care from defendants Middlebrooks, Vannoy, M.T.C. DeRevere, Castro, Burke, Julian, Robinson, Taylor, Vital Core, Boyd, Day and Reese violated and continue to violate, the plaintiff's rights under the Eighth Amendment of the United States Constitution.

2.  The denial of defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Day and Reese for not providing the plaintiff with a table and chair. Violated the plaintiff's and continue to violate the plaintiff's Constitutional rights under the Eighth Amendment of the United States

3.  The denial of defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Anthony, and Jane and John Does for not allowing the plaintiff to participate in Ramadan or practice his religion violated and continues to violate the plaintiff's First Amendment Right under the United States Constitution

4. That defendants Middlebrooks, Vannoy, Mitia, De Revere, Castro, Penndleton, Ware, and Hall for not following policy and not allowing plaintiff to call witnesses or do a through investigation and have a fair hearing at his disciplinary hearings violated and continue to violate the plaintiff's Eighth and fourteenth amendment of cruel and unusual punishment and Due Process rights of the United States Constitution.

B.  Issue an injunction ordering defendants, or their agents to:

1.  Immediately arrange for the plaintiff to been seen by a orthopedic specialist for the removal of the steel rod and pins in his left leg.

2. Carry out without delay the treatment directed by such medical practioner.

3. Provide plaintiff with adequate and timely medical,

mental health and dental care.

4. Order the defendants to install tables and chairs in the cells for the plaintiff.

5. Order defendants to expunge all RVR's since arriving at W.C.C.F. from the plaintiff's institutional record.

6. Order defendants to follow policy when taking urine or drug test and all disciplinary proceedings to avoid futher constitutional violations.

7. Order defendants to allow plaintiff to participate in all upcoming Ramadan, Taleem, and Jumah services and practice his religion freely.

8. Immediatly order defendants to provide plaintiff with adequate nutrition and follow the plaintiffs medical ordered diet. And quit putting corn products on the plaintiff's trays.

C. Award compensatory damages in the following amounts:

1. $50,000.00 jointly and severally against defendants Middlebrooks, Vannoy, M.T.C., Dr. Burke, Julian, Vital Core, DeRevere, Castro, Taylor, Robinson, Boyd, Reese and Day for the physical and emotional pain and suffering for the delay, denial, and ignoring the plaintiff's serious medical needs

2. $25,000.00 jointly and severally against defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Anthony. Day, Reese, and Jane & John Does for the denial of not letting the plaintiff participate in Ramadan and practice his religion. Which caused physical and emotional pain to the plaintiff.

3. $5,000.00 jointly and severally against defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Day, and Reese for the physical and emotional pain sustained to plaintiff for not having a table or chair in cell

4. $25,000.00 jointly and severally against defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Day, Reese, Dunmore, Hunt, Donnelly, Ossorio, and Jane & John Does for the physical and emotional pain and suffering the plaintiff suffered from the denial of providing the plaintiff with adequate nutrition and not following his prescribed medical diet.

5. $10,000.00 jointly and severally against defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Hall, Penndleton, Ware and Jane & John Does for the punishment, including deprivation of previlages, liberty and amenity, and emotional injury resulting from their denial of due process in connection with the plaintiff's RVR's and disciplinary proceedings,

D. Award punitive damages in the following amounts:

1. $10,000.00 each against defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Dr. Burke, Julian, Vibal Core, Castro, Taylor, Robinson, Boyd, Reese and Day.

2. $2,500.00 each against defendants Penndletons Ware, Hall

3. $5,000.00 each against defendant Anthony, Jane and John Does.

E. Grant such other relief as it may appear that plaintiff is entitled.

## XIIII Verification

78. I have read the foregoing complaint and hereby verify that the matters alleged therein are true and correct, except as to matters alleged on information and belief, and, as to those, I believe them to be true.

Pursuant to 28 U.S.C. § 1746, I, Jason Holloway declare under the penalty of perjury that the forgoing is true and correct.

Jason Holloway # M0998

W.C.C.F. E-207

P.O. Box 1889

Woodville, MS 39669

Respectfully Submitted,

Jason Holly

Jason Holloway, prose

5-13-22

*Exhibit # 1*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-21-348

## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: **Jason Holloway #M0998**
Location: **Wilkinson County Correctional Facility**

From: **J. Burks**
Title: **Doctor**

*YOU WERE SEEN BY ME 6/16/21 I HOPE ALL YOUR QUESTIONS AND CONCERNS WERE ADDRESSED*

Signature

7/1/21
Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Second Step Response.

Inmate's Signature

M0998
DOC #

7-2-21
Date

Exhibit # 2                    COPY

## Medical Restricted Diet Order Form

Name: _Jason Holloway_ , ID # _MO998_

Housing Location: _E 204_

Start Date: _6/16/21_                    Expiration/Termination Date: _6/16/22_

DIET ORDER: (Check ONLY ONE diet at a time)

_____ Dental Mechanical (liberal texture modification; chewing problems)

_____ Pregnancy/Nutrition Support

_____ Low Salt/Low Fat

_____ Diabetic Diet with HS snack

_____ No Concentrated Sweets Diet

_____ Full Liquid Diet (5-day max)

_____ Clear Liquid Diet (3-day max)

_____ Long Term Full-Liquid Diet

_____ Bland (no spice, onion, tomato, pepper)

_____ Other, Please describe dietary needs _Allergies to Corn_

Comments: _____

Approved By (Medical or Dental Signature): _____

Name/Position: _____

Received In Food Service: _____
                              (Enter Time and Date)

Received by: _____
                    (Food Service Staff Signature)

Exhibit #3

**VitalCore**
Health Strategies

Form #121
Revised: 3-30-2020

NAME: _Hoxowsky Jason_
Last          First          MI

COPY

ID/#: _110998_

DOB: _5/28/78_   ☑ MALE   ☐ FEMALE

## MEDICAL DIET ORDER FORM

FACILITY: _WCF_

DIET START DATE _3/18/22_

DIET START DATE _3/18/22_

### Check one Diet Order Below

*Please contact the Regional Dietitian if a diet is needed which is not on the standard list below.*

| | |
|---|---|
| Clear Liquid (Limit 3 Days) | Diabetic- Consistent Carbohydrate (No HS Snack) |
| Full Liquid (Limit 3 Days) | Diabetic- Consistent Carbohydrate (Includes HS Snack) |
| Full Liquid (Long Term) | Insulin Dependent Diabetic – 1800 Calorie |
| (Enhanced Calorie/ Protein) | Insulin Dependent Diabetic – 2500 Calorie |
| Lower Fat/ Cholesterol/ Sodium | Renal Disease (Dialysis) |
| Higher Fiber | Renal Disease (Non-Dialysis) |
| Gluten Free | Dental Mechanical |
| Low Lactose | Other: Allergies No Corn |

### SIGNATURES

Medical Authorization for Diet Order:   ☑ YES   ☐ NO

_____
Ordered By

Date _3/18/22_

_____
Received In Food Department By

_____
Date

*Exhibit #4*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-21-469
## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: **Jason Holloway #M0998**
    Location: **Wilkinson County Correctional Facility**

    From: **S. Middlebrooks**
    Title: Warden

In response to your ARP claim. In reference to you requesting to see the IMAM and be given the right to practice your religion/receive the special trays that are given when Ramadan is complete. The information gathered reveals according to Chaplin Anthony he does not have a change of religion form on file for you, so you need to update your change of religion form showing your religion as Muslim and submit it to Chaplin Department. I consider this matter resolved at this level.

_____
Signature

7/14/21
Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response. Financial responsibility for such filing rests with the inmate.

_____
Inmate's Signature      M0998 DOC #

7-14-21
Date

*Exhibit #5*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-21-807

## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

**Inmate's Name & #:**  **Jason Holloway #M0998**
**Location:**  **Wilkinson County Correctional Facility**

**From:**  **D. Vannoy**
**Title:**  **Warden**

In response to your ARP claim. In reference to a chair and table installed in your cell. No table will be installed in the cells. You can receive a chair only if you have a medical order from the Doctor stating you need a chair. I consider this matter resolved at this level.

_____            12/31/21
Signature                                                      Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response.  Financial responsibility for such filing rests with the inmate.

_____  M0998            1-5-22
Inmate's Signature        DOC #                    Date

*Exhibit #6*

COPY

## WILKINSON COUNTY CORRECTIONAL FACILITY
## MEDICAL PASS

NAME: *Holloway, Jason*    MDOC # *M0998*

RX:

*CHAID FOR CELL*

DIET:

( ) LAY-IN                          EXP. DATE
( ) CUTHCES                         EXP. DATE
( ) VITAL SIGNS                     EXP. DATE
( ) OTHER                           EXP. DATE
( ) ACE                             EXP. DATE
( ) SPLINT                          EXP. DATE
( ) KOPS'                           EXP.DATE

SIGNATURE *J B Brooke*      DATE *3/18/22*

*Exhibit # 7*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-21-225
## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: **Jason Holloway #M0998**
Location: **Wilkinson County Correctional Facility**

From: **S. Middlebrooks**
Title: **Warden**

In response to your ARP claim. In reference to you requesting to be served the correct diet that was ordered with no corn products and to receive a snack bag. According to Food Service Dunmore you are receiving the correct diet tray and your Medical Diet Order Form was revised on 3/1/2021 in which you received a copy with your first step response with no snack bag ordered. I find this matter resolved at this level.

_____          _____
Signature                                                      Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response. Financial responsibility for such filing rests with the inmate.

_____   M0998         5-5-21
Inmate's Signature               DOC #          Date

*Exhibit #8*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-22-63

## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #:  **Jason Holloway #m0998**
Location:  **Wilkinson County Correctional Facility**

From:  **D. Vannoy**
Title:  Warden

In response to your ARP claim. In reference to you requesting your food tray be fixed to Doctors orders, extra food with no corn products. The information gathered reveals you stated in your original complaint you were not receiving a sandwich at last meal served. You also stated corn products are continuing to be placed on your tray. According to Ms. Hunt you receive your sandwich with your diner and no corn product is being placed on your tray. You Inmate Jason Holloway #M0998 also stated you were receiving your sandwich. I consider this matter resolved at this level.

_____                    3/18/22
Signature                                              Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response.  Financial responsibility for such filing rests with the inmate.

_____  MD0998          3-22-22
Inmate's Signature          DOC #              Date

# Trinity Services Group

**MTC Mississippi County Units revised 2021 — Regular — Week 1**

## Breakfast

**Thursday**
- Oatmeal w/ Brown — 1 Cup
- Sugar
- Margarine
- French Toast Bake — 2 Each
- Syrup — 1/4 Cup
- Hash Brown Potatoes — 3/4 Cup
- Breakfast Sausage — 2 Wz
- Biscuit — 2 Each 1/54
- Margarine w/Vit A — 1 Tbsp
- Jelly — 1 Tbsp
- Milk — 1 Cup
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Friday**
- Grits w/Sugar & Margarine — 1 Cup
- Egg Patty — 3 Wz
- Hash Brown Potatoes — 3/4 Cup
- Biscuit — 2 Each 1/54 Cut
- Margarine w/Vit A — 1 Tbsp
- Jelly — 1 Tbsp
- Dairy Drink PC — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Saturday**
- Oatmeal w/ Brown — 1 Cup
- Sugar
- Breakfast Sausage — 2 Wz
- Hash Brown Potatoes — 3/4 Cup
- Margarine w/Vit A — 1 Tbsp
- Milk — 1 Cup
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Sunday**
- Cold Cereal — 1 Cup
- Egg Patty — 3 Wz
- Coffee Cake — 11/54 Slice
- Hash Brown Potatoes — 3/4 Cup
- Biscuit — 3/4 Cup Cut
- Margarine w/Vit A — 1 Tbsp
- Milk — 1 Cup
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Monday**
- Grits w/Sugar & Margarine — 1 Cup
- Breakfast Meat Gravy — 1 Cup
- Hash Brown Potatoes — 3/4 Cup
- Biscuit — 2 Each 1/54 Cut
- Margarine w/Vit A — 1 Tbsp
- Dairy Drink PC — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Tuesday**
- Oatmeal w/ Brown — 1 Cup
- Sugar
- Pancakes 4" — 3 Each
- Syrup — 1/4 Cup
- Hash Brown Potatoes — 2 Wz
- Breakfast Sausage — 2 Each 1/54
- Margarine w/Vit A — 1 Tbsp
- Dairy Drink PC — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Wednesday**
- Grits w/Sugar & Margarine — 1 Cup
- Breakfast Meat Gravy — 1 Cup
- Hash Brown Potatoes — 3/4 Cup
- Biscuit — 2 Each 1/54 Cut
- Margarine w/Vit A — 1 Tbsp
- Milk — 1 Cup
- Pepper PC — 1 Each
- Salt PC — 1 Each

## Lunch

**Thursday**
- Turkey Stir-Fry — 3/4 Cup
- Rice — 1 Cup
- Peas — 1/2 Cup
- Roll — 1 Each
- Margarine w/Vit A — 1 Tbsp
- Cookies — 2 Each
- Glazed Cake — 1/56 Cut
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Friday**
- Stew Gr. & Chili — 1 1/4 Cup
- Rice Cooked — 1 Cup
- Peas & Carrots — 1/2 Cup
- Cornbread — 1 Each
- Margarine w/Vit A — 1 Tbsp
- Roll — 1 Each
- Cookies — 2 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Saturday**
- Salisbury Patty — 3 Ounce
- Brown Gravy — 1/4 Cup
- Mashed Potatoes — 1/2 Cup
- Corn — 1/2 Cup
- Roll — 1 Each
- Margarine w/Vit A — 1 Tbsp
- Glazed Cake — 1/54 Slice
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Sunday**
- Chili Mac Casserole — 1 1/4 Cup
- Green Beans — 1/2 Cup
- Cornbread — 1 Each
- Fruit — 1 Each
- Margarine w/Vit A — 1 Tbsp
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Monday**
- Hot Dog — 1 Each
- Enriched Bread — 2 Slice
- Chili with Beans — 1/2 Cup
- Potato Salad — 1 Cup
- Ketchup — 1 Tbsp
- Mustard — 1 Tbsp
- Fruit — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Tuesday**
- Taco Mix — 1/2 Cup
- Shredded Lettuce — 1 Cup
- Shredded Cheese — 1/2 Wz
- Sauce Salsa — 2 Fz
- Tortilla Chips — 1 Wz
- Rice and Beans — 1 Cup
- Corn — 1/2 Cup
- Glazed Cake — 1/54 Slice
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Wednesday**
- Stroganoff Casserole — 1 1/4 Cup
- Carrots (Vit A) — 1/2 Cup
- Roll — 1 Each
- Margarine w/Vit A — 1 Tbsp
- Oatmeal Cookie — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

## Dinner

**Thursday**
- Meat Sauce — 3/4 Cup
- Pasta Noodles — 1 Cup
- Green Beans — 1/2 Cup
- Roll — 1 Each
- Margarine w/Vit A — 1 Tbsp
- Glazed Cake — 1/54 Slice
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Friday**
- Pizza (PGH-Real-QRC) — 1 1/16 Slice
- Corn — 1/2 Cup
- Pasta Salad — 1/2 Cup
- Pudding — 1 Each 1/54
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Saturday**
- Sliced Ham — 1/16 Slice
- Red Beans — 3/4 Cup
- Rice — 1/2 Cup
- Peas — 1/2 Cup
- Biscuit — 1 Each 1/54
- Margarine w/Vit A — 1 Tbsp
- Canned Fruit — 1/2 Cup
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Sunday**
- Sliced Turkey — 3 Wz
- Poultry Gravy — 1/4 Cup
- Mashed Potatoes — 1 Cup
- Fried Cabbage — 1/2 Cup
- Margarine w/Vit A — 1 Each
- Oatmeal Cookie — 2 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Monday**
- Stew — 1 1/4 Cup
- Carrots (Vit A) — 1/2 Cup
- Cornbread — 1/54 Slice
- Chili with Beans — 1 Cup
- Glazed Cake — 1/54 Cut
- Margarine w/Vit A — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Tuesday**
- Meatloaf — 3 Ounce
- Brown Gravy — 1/4 Cup
- Mashed Potatoes — 1 Cup
- Peas & Carrots — 1/2 Cup
- Biscuit — 1 Each 1/54
- Margarine w/Vit A — 1 Tbsp
- Fruit — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Wednesday**
- Turkey Sauce (Pot Pie) — 1 1/4
- Biscuit — 1 Ea
- Green Beans — 1/2
- Margarine w/Vit A — 1 Tb
- Oatmeal Cookie — 1 E
- Fruit Drink with Vit C — 1 E
- Pepper PC — 1 E
- Salt PC — 1 E

Dietary Consultant _Laura Donnelly, R.D_

Exhibit # 9

# Trinity Services Group

## MTC Mississippi County Correctional Units revised 2021 — Regular — Week 2

### Thursday

**Breakfast**
- Oatmeal w/ Brown Sugar — 1 Cup
- Pancakes 4" — 3 Each
- Syrup — 1/4 Cup
- Fried Ham — 1 WZ
- Margarine w/Vit A# — 1 TBsp
- Dairy Drink PC — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Chili — 1 Cup
- Rice — 1 Cup
- Green Beans — 1/2 Cup
- Cornbread — 1/54 Slice
- Peas — 1 Tbsp
- Macaroni Salad — 1 Cup
- Canned Fruit — 1/2 Cup
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Burger Patty — 3 Ounce Patty
- Ketchup — 1 Tbsp
- Fried Potatoes — 1 Cup
- Mixed Vegetable — 1/2 Cup
- Hamburger Bun — 1 Each
- Brownie — 1/54 Cut
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

### Friday

**Breakfast**
- Grits w/Sugar & Margarine — 1 Cup
- Breakfast Meat Gravy — 1 Cup
- Hash Brown Potatoes — 3/4 Cup
- Biscuit — 2 Each 1/54 Cut
- Jelly — 1 TBsp
- Margarine w/Vit A# — 1 Tbsp
- Milk — 1 Cup
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Turkey Salami — 3 Ounce
- Enriched Bread — 2 Slice
- Dressing Salad — 1 Tbsp
- Macaroni Salad — 1/2 Cup
- Glazed Cake — 1/54 Slice
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Turkey Smoked Sausage — 3 WZ
- Mustard — 1 Tbsp
- Baked Beans — 1 Cup
- Coleslaw — 1/2 Cup
- TSG Hoagie Roll 3 WZ — 1 Each
- Fruit — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

### Saturday

**Breakfast**
- Cold Cereal — 1 Cup
- Egg Patty — 3 WZ
- Hash Brown Potatoes — 3/4 Cup
- Biscuit — 1 Each 1/54 Cut
- Jelly — 1 TBsp
- Margarine w/Vit A# — 1 Tbsp
- Milk — 1 Cup
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Burrito Filling — 3/4 Cup
- Spanish Rice — 1 Cup
- Corn — 1/2 Cup
- Shredded Cheese — 1 WZ
- Flour Tortilla — 2 Each
- Oatmeal Cookie — 2 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Shepherd's Pie — 1 1/4 Cup
- Green Beans — 1/2 Cup
- Roll — 1 Each
- Margarine w/Vit A# — 1 Tbsp
- Pudding — 1/2 Cup
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

### Sunday

**Breakfast**
- Grits w/Sugar & Margarine — 1 Cup
- Pancakes 4" — 3 Each
- Syrup — 1/4 Cup
- Breakfast Sausage — 2 Ws
- Margarine w/Vit A# — 1 Tbsp
- Dairy Drink PC — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- T Ham — 3/4 Cup
- Red Beans — 1 Cup
- Rice — 1 Cup
- Fried Cabbage — 1/2 Cup
- Cornbread — 1/54 Slice
- Margarine w/Vit A# — 1 Tbsp
- Fruit — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Meatloaf — 3 WZ
- Brown Gravy — 1/4 Cup
- Mashed Potatoes — 1 Cup
- Blackeyed Peas — 1/2 Cup
- Roll — 1 Each
- Margarine w/Vit A# — 1 Tbsp
- Pudding — 1 Each
- Glazed Cake — 1/54 Slice
- Fruit Drink with Vit C — 1 Tbsp
- Pepper PC — 1 Each
- Salt PC — 1 Each

### Monday

**Breakfast**
- Oatmeal w/ Brown Sugar — 1 Cup
- Fried T Ham — 1 WZ
- Hash Brown Potatoes — 3/4 Cup
- Coffee Cake — 1 1/54 Slice
- Margarine w/Vit A# — 1 Tbsp
- Milk — 1 Cup
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Turkey Ala King — 3/4 Cup
- Rice — 1 Cup
- Green Beans — 1/2 Cup
- Biscuit — 1 Each 1/54 Cut
- Fruit — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Ground Meat Stroganoff — 3/4 Cup
- Herbed Pasta — 1 Cup
- Mixed Vegetables — 1/2 Cup
- Roll — 1 Each
- Margarine w/Vit A# — 1 Tbsp
- Pudding — 1/2 Cup
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

### Tuesday

**Breakfast**
- Grits w/Sugar & Margarine — 1 Cup
- French Toast Bake — 2 Each
- Syrup — 1/4 Cup
- Breakfast Sausage — 2 Ws
- Margarine w/Vit A# — 1 Tbsp
- Milk — 1 Cup
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Hot Dog — 1 Each
- Baked Beans — 1 Cup
- Potato Salad — 1 Cup
- Ketchup — 1 Tbsp
- Glazed Cake — 1/54 Slice
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Baked Chicken Quarter — 1 Each
- Rice Pilaf — 1 Cup
- Fried Cabbage — 1/2 Cup
- Cornbread — 1/54 Slice
- Margarine w/Vit A# — 1 Tbsp
- Glazed Cake — 1/54 Cut
- Fruit — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

### Wednesday

**Breakfast**
- Oatmeal w/ Brown Sugar — 1 Cup
- Egg Patty — 3 WZ
- Hash Brown Potatoes — 3/4 Cup
- Margarine w/Vit A# — 1 Tbsp
- Dairy Drink PC — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Sloppy Joe — 1/2 Cup
- Hamburger Bun — 1 Each
- Oven Brown Potatoes — 1 Cup
- Mixed Vegetables — 1/2 Cup
- Ketchup — 1 Tbsp
- Fruit — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Macaroni Goulash — 1 1/4 Cup
- Corn — 1/2 Cup
- Biscuit — 1 Each 1/54 Cut
- Margarine w/Vit A# — 1 Tbsp
- Fruit — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

---

Dietary Consultant _Laura Donnelly, R.D._

Approval Date _____  12/28/2020

# MTC Mississippi Units revised 2021 — Regular

## Thursday (Trinity Services Group)

**Breakfast**
- Grits w/Sugar & Margarine — 1 Cup
- Pancakes 4" — 3 Each
- Syrup — 2 Wz
- Fried T Bologna — 1 Wz
- Biscuit — 1 Each 1/54
- Jelly — 1 Tbsp
- Margarine w/Vit AM — 1 Tbsp
- Dairy Drink PC — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Burger Patty — 3 Ounce Patty
- Sliced Cheese — 1 Slice
- Hamburger Bun — 1 Each
- Mustard — 1 Tbsp
- Dressing Salad — 1 Tbsp
- Ranch Beans — 1/2 Cup
- Pasta Salad — 2 Each
- Oatmeal Cookie — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Creole Turkey Rice — 1 1/4 Cup
- Peas & Carrots — 1/2 Cup
- Cornbread — 1/54 Slice
- Margarine w/Vit AM — 1 Tbsp
- Glazed Cake — 1/54 Slice
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

## Friday

**Breakfast**
- Oatmeal/ Brown Sugar — 1 Cup
- Breakfast Sausage — 2 Wz
- Hash Brown Potatoes — 3/4 Cup
- Biscuit — 1 Each 1/54
- Margarine w/Vit AM — 1 Tbsp
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Turkey Terrazini — 3/4 Cup
- Rice — 1 Cup
- Fried Cabbage — 1/2 Cup
- Roll — 1 Each
- Margarine w/Vit AM — 1 Tbsp
- Fruit — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Pizza (Pork-Beef-CMC) — 1/16 Slice
- Green Beans — 1/2 Cup
- Italian Pasta Salad — 1 Cup
- Cookies — 2 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

## Saturday

**Breakfast**
- Grits w/Sugar & Margarine — 1 Cup
- Breakfast Meat Gravy — 1 Cup
- Hash Brown Potatoes — 3/4 Cup
- Coffee Cake — 2 Each 1/54
- Margarine w/Vit AM — Cut
- Milk — 1 Tbsp
- Dairy Drink PC — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Stew — 1 1/4 Cup
- Mixed Vegetables — 1/2 Cup
- Roll — 1 Each
- Margarine w/Vit AM — 1 Tbsp
- Glazed Cake — 1/54 Cut
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Ham — 3 Wz
- Pinto Beans — 1 Cup
- Fried Cabbage — 1/2 Cup
- Cornbread — 1/54 Slice
- Margarine w/Vit AM — 1 Tbsp
- Fruit — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

## Sunday

**Breakfast**
- Oatmeal/ Brown Sugar — 1 Cup
- Egg Patty — 3 Wz
- Hash Brown Potatoes — 3/4 Cup
- Biscuit — 1 1/54 Slice
- Margarine w/Vit AM — 1 Cup
- Dairy Drink PC — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Stroganoff Casserole — 1 1/4 Cup
- Green Beans — 1 Each
- Macaroni Salad — 1 Cup
- Roll — 1 Each
- Margarine w/Vit AM — 1 Tbsp
- Canned Fruit — 1/2 Cup
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Chicken Teriyaki — 3/4 Cup
- Rice — 1 Cup
- Carrots (Vit A) — 1/2 Cup
- Biscuit — 1 Each 1/54
- Margarine w/Vit AM — 1 Tbsp
- Glazed Cake — 1/54 Slice
- Fruit — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

## Monday

**Breakfast**
- Grits w/Sugar & Margarine — 1 Cup
- Breakfast Meat Gravy — 1 Cup
- Hash Brown Potatoes — 3/4 Cup
- Biscuit — 1 1/54 Slice
- Margarine w/Vit AM — Cut
- Milk — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Peanut Butter — 2 Wz
- Jelly — 4 Slice
- Cornbread — 1/54 Slice
- Enriched Bread — 1 Cup
- Glazed Cake — 1/54 Cut
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Meatloaf — 3 Ounce Patty
- Brown Gravy — 1/4 Cup
- Mashed Potatoes — 1/2 Cup
- Fried Cabbage — 1 Cup
- Roll — 1 Each
- Margarine w/Vit AM — 1 Tbsp
- Fruit — 1 Each
- Glazed Cake — 1/54 Slice
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

## Tuesday

**Breakfast**
- Oatmeal w/ Brown Sugar — 1 Cup
- French Toast Bake — 2 Each
- Syrup — 1/4 Cup
- Margarine w/Vit AM — 2 Wz
- Dairy Drink PC — 1 Cup
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Chili Mac Casserole — 1 1/4 Cup
- Corn — 1/2 Cup
- Cornbread — 1/54 Slice
- Margarine w/Vit AM — 1 Tbsp
- Cookies — 2 Each
- Oatmeal Cookie — 1 Each
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Dinner**
- Turkey Sauce (Pot Pie) — 1 1/4 Cup
- Green Beans — 1/2 Cup
- Biscuit — 1 Each 1/...
- Turkey Stir Fry — 3/4 Cup
- Rice — 1/2 Cup
- Peas — 1 Cup
- Biscuit — 1 Each 1/54
- Margarine w/Vit AM — 1 Tbsp
- Glazed Cake — 1/54 Slice
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

## Wednesday

**Breakfast**
- Grits w/Sugar & Margarine — 1 Cup
- Egg Patty — 3 Wz
- Hash Brown Potatoes — 3/4 Cup
- Biscuit — 1 1/54 Slice
- Margarine w/Vit AM — 1 Tbsp
- Dairy Drink PC — 1 Each
- Pepper PC — 1 Each
- Salt PC — 1 Each

**Lunch**
- Jambalaya — 1 1/4 Cup
- Mixed Vegetables — 1/2 C
- Red Beans — 1/2 C
- Cornbread — 1/54
- Margarine w/Vit AM — 1/2
- Canned Fruit — 1 Ea
- Fruit Drink with Vit C — 1 Each
- Pepper PC — 1 E
- Salt PC — 1 E

---

Dietary Consultant _Laura Donnelly, R.D._

Approval Date _____ 12/28/2020

MTC Wilkinson County Correctional Facility MS

# Trinity Services Group — MTC Mississippi Units revised 2021 — Regular — Week 4

## Breakfast

| | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| | Oatmeal w/ Brown Sugar — 3/4 Cup | Grits w/Sugar & Margarine — 1 Cup | Oatmeal w/ Brown Sugar — 1 Cup | Grits w/Sugar & Margarine — 1 Cup | Cold Cereal — 1 Cup | Oatmeal w/ Brown Sugar — 1 Cup | Grits w/Sugar & Margarine — 1 Cup |
| | Pancakes 4" — 3 Each | Egg Patty — 3 Each | Cinnamon Roll TSG Mix Glazed — 3/4 Cup | Egg Patty — 3 Wz | Breakfast Meat Gravy — 1 Cup | Pancakes 4" — 1 Cup | Breakfast Sausage — 2 Wz |
| | Syrup — 2 Wz | Hash Brown Potatoes — 1/4 Cup | Fried T Bologna — 1 Wz | Hash Brown Potatoes — 3/4 Cup | Hash Brown Potatoes — 3/4 Cup | Hash Brown Potatoes — 3/4 Cup | Hash Brown Potatoes — 3/4 Cup |
| | Breakfast Sausage — 1 Tbsp | Margarine w/Vit AM — 2 Wz | Margarine w/Vit AM — 11/54 Slice | Coffee Cake — 1/54 Cut | Biscuit — 2 Each 1/54 Cut | Fried T Bologna — 2 Each 1/54 Cut | Biscuit — 1 Each 1/54 Cut |
| | Margarine w/Vit AM — 1 Each | Dairy Drink PC — 1 Tbsp | Dairy Drink PC — 1 Tbsp | Margarine w/Vit AM — 1 Tbsp | Margarine w/Vit AM — 1 Tbsp | Margarine w/Vit AM — 1 Wz | Jelly — 1 Tbsp |
| | Milk — 1 Cup | Pepper PC — 1 Each | Pepper PC — 1 Each | Dairy Drink PC — 1 Each | Milk — 1 Cup | Dairy Drink PC — 1 Tbsp | Margarine w/Vit AM — 1 Tbsp |
| | Pepper PC — 1 Each | Salt PC — 1 Each | Salt PC — 1 Each | Pepper PC — 1 Each | Pepper PC — 1 Each | Pepper PC — 1 Each | Pepper PC — 1 Each |
| | Salt PC — 1 Each | | | Salt PC — 1 Each | Salt PC — 1 Each | Salt PC — 1 Each | Milk — 1 Cup |
| | | | | | | | Salt PC — 1 Each |

## Lunch

| | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| | Meat Sauce — 3/4 Cup | Stew — 1 1/4 Cup | T Ham — 3 Wz | T Hot Dog — 2 Each | Cheeseburger Casserole — 1 1/4 Cup | Sloppy Joe — 1/2 Cup | Turkey Tetrazzini — 3/4 Cup |
| | Pasta Noodles — 1 Cup | Rice — 1 Cup | Red Beans — 3/4 Cup | Roll — 1 Each | Mixed Vegetables — 1/2 Cup | Hamburger Bun — 1 Each | Rice — 1 Cup |
| | Corn — 1/2 Cup | Green Beans — 1/2 Cup | Rice — 1 Cup | Fried Potatoes — 1 Cup | Biscuit — 1 Each 1/54 Cut | Potato Salad — 1 Cup | Green Beans — 1/2 Cup |
| | Roll — 1 Each | Roll — 1 Each | Seasoned Cabbage — 1/2 Cup | Ketchup — 1 Tbsp | Margarine w/Vit AM — 1 Tbsp | Red Beans — 1 Each 1/54 Cut | Cornbread — 1/2 Cup |
| | Margarine w/Vit AM — 1 Tbsp | Glazed Cake — 1 Tbsp | Cornbread — 1/54 Slice | Baked Beans — 1 Cup | Fruit — 1 Each | Glazed Cake — 1/54 Cut | Margarine w/Vit AM — 1/54 Cut |
| | Fruit — 1 Each | Fruit Drink with Vit C — 1/54 Slice | Margarine w/Vit AM — 1 Tbsp | Oatmeal Cookie — 2 Each | Fruit Drink with Vit C — 1 Each | Fruit Drink with Vit C — 1 Each | Fruit — 1 Each |
| | Fruit Drink with Vit C — 1 Each | Pepper PC — 1 Each | Pudding — 1/54 Slice | Fruit Drink with Vit C — 1/2 Cup | Pepper PC — 1 Each | Pepper PC — 1 Each | Pepper PC — 1 Each |
| | Pepper PC — 1 Each | Salt PC — 1 Each | Fruit Drink with Vit C — 1 Each | Pepper PC — 1 Each | Salt PC — 1 Each | Salt PC — 1 Each | Fruit Drink with Vit C — 1 Each |
| | Salt PC — 1 Each | | Pepper PC — 1 Each | Salt PC — 1 Each | | | Salt PC — 1 Each |
| | | | Salt PC — 1 Each | | | | |

## Dinner

| | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| | Burger Patty — 3 Ounce Patty | Turkey Smoked Sausage — 3 Wz | Sliced Turkey — 3 Wz | Meatloaf — 3 Ounce Patty | Chili — 3 Ounce Patty | Jambalaya — 1 1/4 Cup | Macaroni Goulash — 1 1/4 Cup |
| | Hash Brown Potatoes — 1 Cup | Au Gratin Potatoes — 1 Cup | Poultry Gravy — 1/4 Cup | Brown Gravy — 1/4 Cup | Rice — 1/4 Cup | Green Beans — 1/2 Cup | Carrots (Vit A) — 1/2 Cup |
| | Carrots (Vit A) — 1/2 Cup | Fried Cabbage — 1/2 Cup | Mashed Potatoes — 1 Cup | Mashed Potatoes — 1 Cup | Corn — 1 Cup | Cornbread — 1/54 Slice | Biscuit — 1/54 Slice |
| | Hamburger Bun — 1 Each | Mustard — 1 Tbsp | Carrots (Vit A) — 1 Tbsp | Peas & Carrots — 1/2 Cup | Cornbread — 1/2 Cup | Margarine w/Vit AM — 1 Tbsp | Margarine w/Vit AM — 1 Tbsp |
| | Ketchup — 1 Tbsp | Hoagie Roll — 1 Each | Biscuit — 1 Each | Roll — 1 Each 1/54 Cut | Glazed Cake — 1 Each | Cookies — 2 Each | Glazed Cake — 2 Each |
| | Brownie — 1/54 Cut | Canned Fruit — 1/54 Cut | Margarine w/Vit AM — 1 Tbsp | Margarine w/Vit AM — 1 Tbsp | Margarine w/Vit AM — 1 Tbsp | Fruit Drink with Vit C — 1/54 Slice | Fruit Drink with Vit C — 1 Each |
| | Fruit Drink with Vit C — 1 Each | Fruit Drink with Vit C — 1 Each | Glazed Cake — 1/54 Slice | Canned Fruit — 1/54 Slice | Fruit Drink with Vit C — 1 Tbsp | Pepper PC — 1 Each | Pepper PC — 1 Each |
| | Pepper PC — 1 Each | Pepper PC — 1 Each | Fruit Drink with Vit C — 1 Each | Fruit Drink with Vit C — 1 Each | Pepper PC — 1 Each | Salt PC — 1 Each | Salt PC — 1 Each |
| | Salt PC — 1 Each | Salt PC — 1 Each | Pepper PC — 1 Each | Pepper PC — 1 Each | Salt PC — 1 Each | | |
| | | | Salt PC — 1 Each | Salt PC — 1 Each | | | |

# MTC Standard Menu Cycle - Mississippi Correctional Facilities
## December 1, 2021 - November 31, 2022

Exhibit # 10

| CYCLE #4 <---CURRENT CYCLE | | Menus Approved By: Ellen Ossorio, MS, RD, LDN | |
|---|---|---|---|
| | | Dietitian/Reg-License #: D2185   Date: 12/1/21 | |
| MONDAY <---DAY OF THE WEEK | | DIET FOR HEALTH | PORTION |
| REGULAR DIET | PORTION | LF=Low Fat, NS=No Salt, SF=Sugar Free | |
| | | | 8 oz |
| BREAKFAST: | 8 oz | Oatmeal LFNS | 2 oz |
| Oatmeal | 2 oz | Sausage (Non-Pork) | 2 ea |
| Sausage (Non-Pork) | 4 oz / 1 ea | Wheat Toast | 8 oz |
| Fruit (Can, Frozen, Fresh) | 1 ea | Coffee | 8 oz |
| Cinnamon Roll | 8 oz | Milk (1%) | 2 ea |
| Coffee | 8 oz | Sugar Substitute | 4 oz / 1 ea |
| Milk (1%) | 2 ea | Fruit (Can, Frozen, Fresh) | |
| Sugar Substitute | 1 pat | | |
| Margarine | | | 3 oz / 1 oz |
| LUNCH: | 3 oz / 1 oz | Lean Hamburger Pattie w/Sauteed Onions LFNS | 4 oz |
| Salsbury Steak w/Sauteed Onions | 2 oz | Green Beans LFNS | 4 oz |
| Brown Gravy | 4 oz | Potatoes LFNS | 4 oz |
| Green Beans | 4 oz | Beans LFNS | 1 ea |
| Potatoes | 4 oz | Wheat Bread | 8 oz |
| Beans | 1 ea | Tea/Water | |
| Buttered Cornbread | 8 oz | | |
| Tea/Water | | | |
| | | | 3 oz |
| DINNER: | 2 ea / 2 oz | Lean Chicken Pattie LFNS | 4 oz |
| Turkey Hot Dogs w/chili | 4 oz | Mac 'n Cheese LFNS | 4 oz |
| Mac 'n Cheese | 4 oz | Broccoli LFNS | 4 oz |
| Broccoli | 4 oz | Beans LFNS | 2 ea |
| Beans | 2 ea | Wheat Bread | 8 oz |
| Bread | 2 oz | Punch | 4 oz / 1 ea |
| Mustard/Relish/Onions | 4 oz | Fruit (Can, Frozen, Fresh) | |
| Dessert | 8 oz | | |
| Punch | | | |
| | | | Milk |
| Total Meals | | HS Snack List | Protein |
| Date | | | Bread |
| Subs Y-N | | | |
| Mgr Initials | | Menus Approved By: Ellen Ossorio, MS, RD, LDN | |
| CYCLE #4 <---CURRENT CYCLE | | Dietitian/Reg-License #: D2185   Date: 12/1/21 | |
| TUESDAY <---DAY OF THE WEEK | | DIET FOR HEALTH | PORTION |
| REGULAR DIET | PORTION | LF=Low Fat, NS=No Salt, SF=Sugar Free | |
| | | | 1.5 oz |
| BREAKFAST: | 1.5 oz | Dry Cereal | 4 oz / 2 ea |
| Dry Cereal | 2 ea | Eggs (Scrambled or each) | |
| Sausage (Non-Pork) | | | |

1

## MTC Standard Menu Cycle - Mississippi Correctional Facilities
### December 1, 2021 – November 31, 2022

| | | | | 2 ea |
|---|---|---|---|---|
| | 2 ea | Wheat Toast | | 2 ea |
| Buttered Biscuits | 2 ea | Sugar Substitute | | 8 oz |
| Sugar Substitute | 8 oz | Milk (1%) | | 8 oz |
| Milk (1%) | 8 oz | Coffee | | 4 oz / 1 ea |
| Coffee | 2 oz | Fruit (Can, Frozen, Fresh) | | |
| Jelly | 4 oz / 1 ea | | | |
| Fruit (Can, Frozen, Fresh) | | | | |
| LUNCH: | | *Taco Salad* | | 4 oz/ 4 oz |
| *Taco Salad* | 4 oz/ 4 oz | Chili/Tortilla Chips | | 2 oz/ 2 oz |
| Chili/Tortilla Chips | 2 oz/ 2 oz | Shredded Cheese/Salsa | | 8 oz |
| Shredded Cheese/Salsa | 8 oz | Shred Lettuce | | 1 oz or 1 pkt |
| Shred Lettuce | 1 oz or 1 pkt | Sour Cream | | 4 oz |
| Sour Cream | 4 oz | Yellow Rice | | 4 oz |
| Yellow Rice | 4 oz | Beans | | 8 oz |
| Beans | 8 oz | Tea/Water | | |
| Tea/Water | | | | 3 oz |
| DINNER: | 6 oz | Lean Beef Pattie LFNS | | 4 oz |
| Corn Dogs (2) | 4 oz | Potatoes LFNS | | 4 oz |
| Potatoes | 4 oz | Cabbage LFNS | | 4 oz |
| Cabbage | 4 oz | Rice | | 4 oz |
| Rice | 4 oz | Beans | | 8 oz |
| Beans | 4 oz | Punch | | 4 oz / 1 ea |
| Dessert | 8 oz | Fruit (Fresh) | | |
| Punch | | | | |
| | | | | Milk |
| Total Meals | | HS Snack List | | Protein |
| Date | | | | Bread |
| Subs Y-N | | | | |
| Mgr Initials | | Menus Approved By: Ellen Ossorio, MS, RD, LDN | | |
| CYCLE #4 <—CURRENT CYCLE | | Dietitian/Reg-License #: D2185   Date: 12/1/21 | | |
| WEDNESDAY <—DAY OF THE WEEK | PORTION | DIET FOR HEALTH | PORTION | |
| REGULAR DIET | | LF=Low Fat, NS=No Salt, SF=Sugar Free | | |
| | | | | 4 oz |
| BREAKFAST: | 4 oz | Grits LFNS | | 4 oz / 2 ea |
| Grits | 2 ea | Eggs(Scrambled or each) | | 2 ea |
| Sausage (Non-Pork) | 2 ea | Pancakes | | 3 oz |
| Pancakes | 3 oz | Lite Syrup | | 8 oz |
| Syrup | 4 oz / 1 ea | Coffee | | 8 oz |
| Fruit (Can, Frozen, Fresh) | 8 oz | Milk (1%) | | 2 ea |
| Coffee | 8 oz | Sugar Substitute | | 4 oz / 1 ea |
| Milk (1%) | 2 ea | Fruit (Can, Frozen, Fresh) | | |
| Sugar Substitue | | | | 3 oz |
| LUNCH: | 3 oz | Baked Chicken LFNS | | |
| Baked Chicken | | | | |

2

# MTC Standard Menu Cycle - Mississippi Correctional Facilities
## December 1, 2021 - November 31, 2022

| | | | | 2 ea |
|---|---|---|---|---|
| | | Wheat Bread | | 4 oz |
| | | Cabbage LFNS | | 4 oz |
| Bread | 2 ea | Mixed Vegetables LFNS | | 4 oz |
| Cabbage | 4 oz | Beans LFNS | | 4 oz |
| Mix Vegetables | 4 oz | Tea/Water | | 8 oz |
| Beans | 4 oz | | | |
| Tea/Water | 8 oz | | | |
| Margarine | 1 pat | | | |
| | | | | 3 oz/2 oz |
| DINNER: | 3 oz/2 oz | Philly Cheese Steak Sandwich with Cheese | | |
| Philly Cheese Steak Sandwich with Cheese | | Bread w/ entrée | | 2 oz |
| Bread w/ entrée | 2 oz | Sauteed Onions & Peppers | | 4 oz |
| Sauteed Onions & Peppers | 4 oz | Squash LFNS | | 4 oz |
| Squash | 4 oz | Peas LFNS | | 4 oz |
| Peas | 4 oz | Beans LFNS | | 8 oz |
| Beans | 4 oz | Punch | | 4 oz / 1 ea |
| Dessert | 8 oz | Fruit (Can, Frozen, Fresh) | | |
| Punch | | | | Milk |
| Total Meals | | HS Snack List | | Protein |
| Date | | | | Bread |
| Subs Y-N | | | | |
| Mgr Initials | | | | |

Menus Approved By: Ellen Ossorio, MS, RD, LDN

CYCLE #4 <—CURRENT CYCLE

Dietitian/Reg-License #: D2185   Date: 12/1/21

| THURSDAY <—DAY OF THE WEEK | PORTION | DIET FOR HEALTH LF=Low Fat, NS=No Salt, SF=Sugar Free | PORTION |
|---|---|---|---|
| REGULAR DIET | | | |
| | | | 2 ea / 2 ea |
| BREAKFAST: | 2 ea / 2 ea | Breakfast Tacos (flour tortillas) | |
| Breakfast Tacos (flour tortillas) | | (scrambled eggs, meat, cheese) | |
| (scrambled eggs, meat, cheese) | 4 oz | Refried Beans | 4 oz |
| Refried Beans | 4 oz | Potatoes LFNS | 4 oz |
| Potatoes | 2 oz | Fresh Salsa | 2 oz |
| Fresh Salsa | 8 oz | Milk (1%) | 8 oz |
| Milk (1%) | 8 oz | Coffee | 8 oz |
| Coffee | 2 ea | Sugar Substitute | 2 ea |
| Sugar Substitute | 4 oz / 1 ea | Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea |
| Fruit (Can, Frozen, Fresh) | | | |
| | | | 2 oz. ea/2 ea |
| LUNCH: | 2 oz. ea/2 ea | Beef Tacos (Soft or Hard) | |
| Beef Tacos (Soft or Hard) | | Bread w/ entrée | 2 oz. |
| Bread w/ entrée | 2 oz. | Lettuce/Tomato/Onion/Cheese | 4 oz |
| Lettuce/Tomato/Onion/Cheese | 4 oz | Spanish Rice LFNS | 4 oz |
| Spanish Rice | 4 oz | Beans LFNS | 4 oz |
| Beans | 4 oz | Hominy LFNS | 8 oz |
| Hominy | 4 oz | Tea/Water | |
| Dessert | 8 oz | | |
| Tea/Water | | | |

3

# MTC Standard Menu Cycle - Mississippi Correctional Facilities
## December 1, 2021 - November 31, 2022

| | | | |
|---|---|---|---|
| | | | 3 oz |
| Spaghetti w/meat sauce | 8 oz | Spaghetti w/meat sauce LFNS | 4 oz |
| Beans | 4 oz | Beans LFNS | 4 oz |
| Broccoli | 4 oz | Broccoli LFNS | 4 oz |
| Carrots | 4 oz | Carrots LFNS | 4 oz |
| Garlic Toast | 2 ea | Wheat Bread | 2 ea |
| Punch | 8 oz | Punch | 8 oz |
| Fruit (Fresh) | 4 oz / 1 ea | Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea |
| | | | |
| Total Meals | | HS Snack List | Milk |
| Date | | | Protein |
| Subs Y-N | | | Bread |
| Mgr Initials | | | |

Menus Approved By: Ellen Ossorio, MS, RD, LDN

CYCLE #4 <—CURRENT CYCLE

Dietitian/Reg-License #: D2185    Date: 12/1/21

FRIDAY <—DAY OF THE WEEK

| REGULAR DIET | PORTION | DIET FOR HEALTH<br>LF=Low Fat, NS=No Salt, SF=Sugar Free | PORTION |
|---|---|---|---|
| BREAKFAST: | | | 4 oz |
| Oatmeal | 4 oz | Oatmeal LFNS | 4 oz / 2 ea |
| Sausage (Non-Pork) | 2 ea | Eggs (Scrambled or each) | 2 ea |
| French Toast | 2 ea | French Toast | 8 oz |
| Milk (1%) | 8 oz | Milk (1%) | 8 oz |
| Coffee | 8 oz | Coffee | 2 ea |
| Sugar Substitute | 2 ea | Sugar Substitute | 2 oz |
| Syrup | 2 oz | Sugar Free Syrup | 4 oz / 1 ea |
| Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea | Fruit (Can, Frozen, Fresh) | |
| LUNCH: | | | 3 oz |
| Pizza | 1 ea | Lean Chicken Pattie LFNS | 4 oz |
| Fresh Salad | 4 oz | Fresh Salad | 4 oz |
| Potatoes | 4 oz | Potatoes LFNS | 4 oz |
| Beans | 4 oz | Beans LFNS | 4 oz / 1 ea |
| Dessert | 1 ea | Fruit (Can, Frozen, Fresh) | 2 ea |
| Tea/Water | 8 oz | Wheat Bread | 8 oz |
| | | Tea/Water | |
| | | | |
| | | | 8 oz |
| DINNER: | | Chicken Stir Fry w/rice LFNS | 4 oz |
| Chicken Stir Fry w/rice | 8 oz | Cabbage LFNS | 4 oz |
| Cabbage | 4 oz | Beans LFNS | 4 oz |
| Beans | 4 oz | Cornbread | 1 ea |
| Cornbread | 1 ea | Punch | 8 oz |
| Dessert | 4 oz | Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea |
| Punch | 8 oz | | |
| Total Meals | | | |

# MTC Standard Menu Cycle - Mississippi Correctional Facilities
## December 1, 2021 – November 31, 2022

| | | | | | | Milk |
|---|---|---|---|---|---|---|
| | | HS Snack List | | | | Protein |
| | | | | | | Bread |
| Date | | | | | | |
| Subs Y-N | | | | | | |
| Mgr Initials | | Menus Approved By: Ellen Ossorio, MS, RD, LDN | | | | |
| CYCLE #4 <---CURRENT CYCLE | | Dietitian/Reg-License #: D2185   Date: 12/1/21 | | | | PORTION |
| SATURDAY <--DAY OF THE WEEK | | DIET FOR HEALTH | | | | |
| REGULAR DIET | PORTION | LF=Low Fat, NS=No Salt, SF=Sugar Free | | | | |
| | | | | | | 1.5 oz |
| BREAKFAST: | | Dry Cereal | | | | 4 oz / 2 ea |
| Dry Cereal | 1.5 oz | Eggs (Scrambled or each) | | | | 2 ea |
| Meat Gravy | 4 oz | Wheat Toast | | | | 8 oz |
| Buttered Biscuits | 2 ea | Milk (1%) | | | | 8 oz |
| Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea | Coffee | | | | 2 ea |
| Milk (1%) | 8 oz | Sugar Substitute | | | | 4 oz / 1 ea |
| Coffee | 8 oz | Fruit (Can, Frozen, Fresh) | | | | |
| Sugar Substitute | 2 ea | | | | | |
| Jelly | 2 oz | | | | | 3 oz |
| LUNCH: | | Lean Beef Patty NS | | | | 4 oz |
| Beef Enchiladas (Casserole or Rolled) | 8 oz / 2 ea | Dinner Salad | | | | 4 oz |
| Bread w/ entrée | | Beans LFNS | | | | 4 oz |
| Dinner Salad | 4 oz | Corn LFNS | | | | 2 oz |
| Beans | 4 oz | Salad Dressing | | | | 2 ea |
| Corn | 4 oz | Wheat Bread | | | | 8 oz |
| Salad Dressing | 2 oz | Tea/Water | | | | |
| Dessert | 4 oz | | | | | |
| Tea/Water | 8 oz | | | | | 2 oz. ea/2 ea |
| DINNER: | | (2) Turkey Sandwiches (2 oz. meat ea.) | | | | |
| (2) Cold Cut Sandwiches (2 oz. meat ea.) | 2 oz. ea/2 ea | Bread w/ entrée | | | | 2 oz |
| Bread w/ entrée | | (2) Cheese | | | | 4 oz. |
| (2) Cheese | 2 oz | Lettuce/Tomato/Onion/Pickle | | | | 4 oz |
| Lettuce/Tomato/Onion/Pickle | 4 oz | Coleslaw LFNS | | | | 4 oz |
| Coleslaw | 4 oz | Ranch Style Pinto Beans LFNS | | | | 8 oz |
| Ranch Style Pinto Beans | 4 oz | Punch | | | | 1 ea |
| Punch | 8 oz | Mayo/Must. Pack | | | | 4 oz / 1 ea |
| Mayo/Must. Pack | 1 ea | Fruit (Can, Frozen, Fresh) | | | | |
| | | | | | | Milk |
| Total Meals | | HS Snack List | | | | Protein |
| Date | | | | | | Bread |
| Subs Y-N | | | | | | |
| Mgr Initials | | Menus Approved By: Ellen Ossorio, MS, RD, LDN | | | | |
| CYCLE #4 <---CURRENT CYCLE | | Dietitian/Reg-License #: D2185   Date: 12/1/21 | | | | PORTION |
| SUNDAY <--DAY OF THE WEEK | | DIET FOR HEALTH | | | | |
| REGULAR DIET | PORTION | LF=Low Fat, NS=No Salt, SF=Sugar Free | | | | |

## MTC Standard Menu Cycle - Mississippi Correctional Facilities
### December 1, 2021 – November 31, 2022

| Item | Qty | Item | Qty |
|---|---|---|---|
| **BREAKFAST:** | | Grits LFNS | 4 oz |
| Grits | 4 oz | Eggs(Scrambled or each) | 4 oz / 2 ea |
| Sausage (Non-Pork) | 2 ea | Pancakes | 2 ea |
| Pancakes | 2 ea | Lite Syrup | 3 oz |
| Margarine/Syrup | 2 pat/3 oz | Milk (1%) | 8 oz |
| Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea | Coffee | 8 oz |
| Milk (1%) | 8 oz | Sugar Substitute | 2 ea |
| Coffee | 8 oz | Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea |
| Sugar Substitute | 2 ea | | |
| **LUNCH:** | | Lean Chicken Pattie LFNS | 3 oz |
| Chicken Pattie | 3 oz | Wheat Bread | 2 ea |
| Bread | 2 ea | Potato Salad LFNS | 4 oz |
| Potato Salad | 4 oz | Beans LFNS | 4 oz |
| Beans | 4 oz | Green Beans LFNS | 4 oz |
| Green Beans | 4 oz | Tea/water | 8 oz |
| Dessert | 8 oz | | |
| Tea/water | | | |
| **DINNER:** | | Eggs (Scrambled or each) | 4 oz / 2 ea |
| Chirozo w/Eggs | 2 oz / 4 oz | Potatoes LFNS | 4 oz |
| Potatoes | 4 oz | Mexican Corn LFNS | 4 oz |
| Mexican Corn | 4 oz | Refried Beans LFNS | 4 oz |
| Refried Beans | 4 oz | Wheat Bread | 2 ea |
| Tortillas | 2 ea | Salsa | 2 oz |
| Salsa | 2 oz | Punch | 8 oz |
| Punch | 8 oz | Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea |
| Margarine | 2 pat | | |
| Total Meals | | HS Snack List | Milk |
| Date | | | Protein |
| Subs Y-N | | | Bread |
| Mgr Initials | | | |

# WILKINSON COUNTY CORRECTIONAL FACILITY

## RULE VIOLATION REPORT

Appeal may be filed within 15 days with Legal Claims Adjudicator, at ARP, P.O. Box 605, Parchman, MS. 38738, after receipt of the Disciplinary decision.

# WILKINSON COUNTY CORRECTIONAL FACILITY
## RULE VIOLATION REPORT

Exhibit #13

WILKINSON COUNTY CORRECTIONAL FACILITY

Nọ 2011878

(MSP) _____ (CWC) _____
(CMCF) _____ (SMCI) _____
(OTHER) WCCF

**RULE VIOLATION REPORT**

CDE          Bldg D          E 206
(Unit Admin. Initial) MVD   Zone / Tier        Unit        Cell / Bed # B 18   Entitled

Offender Jason Holloway   MDOC# M0998   Violated Rule # _____ Date 1-26-22 Approx. Time 1021 Hrs.

Refuse To Submit To a Drug Test

By the specific act of   Refusing a Drug Test   E 206

Weapon involved _____ Yes ✓ No   EXACT location of incident _____

**CIRCUMSTANCES AND DETAILS**   ON 1/26/2022 @ 1021 hrs Jason

Holloway # M0998 Refuse a Reasonable Suspicion

Drug Test. End of Statement

Reporting Employee's Signature Joseph Hall   Title Sergeant   PIN# 9996 Date 1-27-22 Time 0913

Evidence _____ Yes ✓ No Located   Placed in Segregation - PDA ✓ No _____ Yes- Location _____

I request witness(es) ✓ Yes _____ No   (2) Officer Boyd

Witness(es) (1) Kentrell Bell

Unless waived, you are hereby notified that a hearing will be held within, no less than, twenty-four (24) hours and no more than (7) working days

I waive the right to a Hearing _____ Yes ✓ No

_____ DELIVERING EMPLOYEE M. Brim   DATE 1-27-22   TIME 1312

**ACCUSED** J. H. ✗

1. Investigation began within 24 hrs of violation? ✓ Yes _____ No.   2. Date/Time investigation completed 1/28/10 13:18 AM PM.

3. If not completed without reasonable delay, explain: _____

4. Name of Investigator M. Rhay _____

5. Working days between date of violation and hearing _____

6. If more than seven (7) working days, explain: _____

Is accused offender in Trusty Status _____ Yes _____ No   Does accused offender receive Earned Time _____ Yes _____ No

Name of Persons at Hearing - Accused _____   Hearing Officer _____

Other _____   Accused's Statement _____

Accused's response _____ Admit _____ Admit w/ modifications _____ Deny _____

Documents read and discussed _____ RVR _____ Investigation _____ Witness Statements _____ Other _____

**FINDINGS:** _____ Guilty _____ Not Guilty   Reason for Findings: _____

**PUNISHMENT:** _____   Poor conduct record _____

Reason (s) _____ Seriousness of offense _____ The need to protect the institution, employees or others _____

Other _____

A total of _____ Rule Violations in _____ A total of _____ Rule Violations for Rule # _____

Signature: _____   Date: _____

Hearing Officer

Appeal may be filed within 15 days with Legal Claims Adjudicator, c/o ARP, P.O. Box 609, Parchman, MS. 38738, after receipt of the Disciplinary decision.

Date: _____

Offender Signature: _____   Date: _____

Signature of Reviewing Superintendent/Warden/CSD/Designee: _____   Signature _____

Custody Reduction _____ to _____ Date _____ Signature _____ Earned Time/ Remove from Trusty Status/ Trusty Earned

Due to guilty finding on the RVR, offender is ineligible to continue to receive Trusty Earned Time

Time effective _____ Signature _____

_____ Approved _____ Disapproved   Commissioner of Corrections or Designee

*Exhibit # 14*

| | MISSISSIPPI DEPARTMENT OF CORRECTIONS | SOP NUMBER 18-02-01 |
|---|---|---|
| | | INSTITUTIONS |
| | OFFFENDER DRUG TESTING | INITIAL DATE 09-01-2008 |
| ACA STANDARDS: | | EFFECTIVE DATE 10-01-2013 |
| STATUTES: | NON-RESTRICTED | PAGE 1 of 8 |

1
2  **APPLICABILITY:**
3  This procedure applies to all offenders incarcerated by the Mississippi Department of
4  Corrections (MDOC) and employees responsible for the offender drug testing process.
5
6  **POLICY:**
7  It is the policy of the Mississippi Department of Corrections to control unauthorized use and
8  abuse of illegal substances and drugs by conducting offender drug tests.
9
10
11  **DEFINITIONS:**
12
13  Indelible Ink – Ink that is impossible to remove, rub out, wash out, or alter.
14
15  Chain of Custody – A legal term that refers to the ability to trace and safeguard the specimen
16  from the time it is donated through all the steps in the process from collection to reporting the
17  results.
18
19  Illicit Drug – Any controlled substance or prescription medication used unlawfully.
20
21  Sensitive Placement – An offender's job assignment or workplace that requires the offender to
22  have integrity and exhibit responsibility. Offenders may be housed outside the institution and
23  work on outside details with minimum supervision while living in a community setting. Offenders
24  housed within the institution may have contact with the general public and require minimum
25  supervision.
26
27  Specimen – Sample of urine taken from an offender sufficient to conduct a urinalysis.
28
29  Urinalysis – The testing of a urine specimen.
30
31  Fluid Drug Screen – The testing of oral fluid.
32
33  Reasonable Belief – Judgment based on specific objective facts and reasonable conclusions
34  drawn in light of experience, training, and education.
35
36  **PRECEPTS:**
37
38  **Targeted Testing**
39
40  The Commissioner or Deputy Commissioner of Institutions or designee(s) may authorize
41  Targeted Testing. Such testing will normally be performed under the following circumstances:
42
43  • An offender is being considered for placement in a community facility based program
44  • Required by Court Order

18-02-01 (g)
Forms

| TITLE: OFFENDER DRUG TESTING | | SOP NUMBER 18-02-01 |
|---|---|---|
| | NON-RESTRICTED | PAGE 3 of 8 |
| EFFECTIVE DATE: 10-01-2013 | | |

94
95   **Notification of Positive Drug Test for RID Offenders**
96   The staff member conducting the urinalysis is responsible for notifying the Central Mississippi
97   Correctional Facility (CMCF) Warden and the Assistant Director of Offender Services (ADOS) in
98   charge of admission of any positive test for RID offenders.
99
100  If the offender tests positive on his initial arrival, the Assistant Director of Offender Services in
101  charge of admission will immediately notify the sentencing judge and the designated family
102  contact in writing of the delay in the offender entering the RID program.
103
104  If the offender tests positive on a random drug test, the staff member conducting the urinalysis
105  will issue him/her a RVR.
106
107  The Disciplinary Hearing Officer will hear the RVR and impose the appropriate disciplinary
108  sanctions for offenders testing positive for alcohol/drugs.
109
110  If the offender is reclassified to the general population, the Assistant Director of Offender
111  Services in charge of admissions will be notified.
112
113  The ADOS will contact the Judge with the disposition of the Disciplinary Hearing Officer and if
114  necessary, the State Classification Hearing Officer. It will be noted in the letter to the Judge that
115  the offender tested positive after testing negative upon arrival at the MDOC R&C Center.
116
117  The sentencing judge will make the final disposition of the RID offender's status.
118
119  **Reasonable Suspicion Test**
120
121  This test is conducted if there is reasonable suspicion that an offender is using alcohol or drugs.
122  Offenders may be tested at any time for reasonable suspicion.
123
124  Reasonable suspicion will be noted on the Urinalysis Chain of Custody form and signed by the
125  suspecting officer and the officer's supervisor.
126
127  **Random Testing**
128
129  An offender may be ordered to submit a urine specimen as part of the random drug testing
130  program. Each Facility's Controlling Authority will ensure that, at a minimum, 15% of all
131  offenders assigned to the facility are tested on a random basis each month.
132
133  An offender on dialysis may be ordered to submit oral fluid as part of the random drug testing
134  program.
135
136  The MDOC Management Information Systems staff will generate this list within Offendertrak
137  and ensure that the random list constitutes 15% of the facility's population.
138
139  Consecutive tests of the same offender may be conducted if his/her name appears on the
140  appropriate computer-generated random list.

18-02-01 (g)
Forms

| TITLE: OFFFENDER DRUG TESTING | | SOP NUMBER 18-02-01 |
|---|---|---|
| EFFECTIVE DATE:  10-01-2013 | NON-RESTRICTED | PAGE 5 of 8 |

188    This information will be typed or legibly written in indelible ink and match the information on the
189    Urinalysis Chain of Custody Form.   The offender will be asked to acknowledge that the
190    information on the container/lid is correct.
191
192    The offender will also be asked if he/she has been taking any medication in the past three
193    weeks, and the response will be noted on the Urinalysis Chain of Custody form.  If the
194    offender's response is: "yes" and the subsequent test results are positive, an inquiry will be
195    made to Medical Personnel for prescription verification as to what medications the offender has
196    received in the past three weeks.
197
198    The collection and testing of a urine specimen will be conducted by two (2) staff members of the
199    same gender as the offender being tested.  One staff member will be the witness and the other
200    will be the tester.  The staff member witnessing the collection will:
201
202    • Supervise one offender at a time
203    • Continuously observe (witness) the production of the urine specimen into the container
204    • Keep the specimen in full view of the offender at all times prior to placing the lid on it and
205       labeling it
206    • Close up the bottle containing the specimen
207
208    The staff member performing the test will test the sample according to the vendor specifications.
209
210    If the test is negative, the staff member performing the test will dispose of the urine in a toilet
211    and the container in a waste receptacle for biohazardous material.
212
213    If the test is positive, the staff member will take a photograph of the lid showing the offender's
214    name and number and the positive results.
215
216    The staff member will record the personal observation of the specimen collection and
217    subsequent test results on the Urinalysis Chain of Custody Form.
218
219    If an offender refuses to sign the Urinalysis Chain of Custody Form, two (2) staff members will
220    sign as witnesses.
221
222    The staff member performing the test will dispose of the urine in a toilet and the container in a
223    waste receptacle for biohazardous material.
224
225    The offender will be issued a RVR in accordance with MDOC procedure 18-01-01, Disciplinary
226    Procedures.  A copy of the chain of custody form and the photo of the lid's test results will be
227    attached to the RVR for the Disciplinary Hearing Officer.
228
229    Collecting the Oral Fluid Specimen
230
231    The staff member responsible for collecting the oral specimen will:
232
233    • Instruct the donor not to eat, drink, smoke or chew tobacco products at least 10 minutes
234       prior to the administration of the test.
235
236    • Confirm the offender's identity by inspecting the offender's photo identification card.

| TITLE: OFFFENDER DRUG TESTING | | SOP NUMBER 18-02-01 |
|---|---|---|
| EFFECTIVE DATE: 10-01-2013 | NON-RESTRICTED | PAGE 7 of 8 |

285  If the test is positive, the staff member will take a photograph of the device showing the
286  offender's name and number and the positive results.

287
288  The staff member will record the personal observation of the specimen collection and
289  subsequent test results on the Chain of Custody Form.

290
291  If an offender refuses to sign the Chain of Custody Form, two (2) staff members will sign as
292  witnesses.

293
294  The offender will be issued a RVR in accordance with MDOC procedure 18-01-01, Disciplinary
295  Procedures. A copy of the Chain of Custody form and the photo of the device's test results will
296  be attached to the RVR for the Disciplinary Hearing Officer.

297
298  **Refusal to Provide Sample**

299
300  An offender who refuses to submit a urine specimen/oral fluid as ordered will be written a RVR
301  for refusing or failing to submit to a urinalysis test in accordance with MDOC procedure 18-01-
302  01, Disciplinary Procedures.

303
304  If the offender claims he/she is unable to provide a urine specimen immediately, he/she will be
305  detained for observation. An offender who is unable to provide a urine specimen after four (4)
306  hours will be considered to have refused or failed to submit to a urinalysis test. If the offender
307  refuses or is unable to submit a urine specimen within four (4) hours, this fact will be noted on
308  the Urinalysis Chain of Custody form.

309
310  **Training**

311
312  All staff members involved in the taking of urine or fluid samples will be trained in these
313  procedures before any drug testing of an offender is conducted. The vendor supplying the
314  testing material or a certified staff member will conduct training.

315
316  **Sanctions for Positive Drug Tests**

317
318  MDOC applies serious responses to positive drug tests. Offenders who test positive, whether in
319  a drug program or not, meet with sanctions by the appropriate authorities.

320
321  The Disciplinary Hearing Officer may impose sanctions based on the severity and repetition of
322  the offense. Such sanctions will include those identified in MDOC procedure 18-01-01,
323  Disciplinary Procedures.

324
325  **Sanctions for Offenders in the RID Program**

326
327  If an active RID participant tests positive, a Rule Violation Report will be issued. He may be
328  referred to a Termination Hearing Committee that consists of a Case Manager, a treatment
329  person, and a security person. They will make a recommendation to the RID Director regarding
330  whether the offender should stay in the program.

331
332  If the Termination Hearing Committee recommends terminating the offender from the program,
333  a Classification Hearing Officer will meet and reclassify the offender. See MDOC procedure on
334  Disciplinary Procedures.

*Exhibit #15*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-22-126

## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #:  **Jason Holloway #M0998**
Location:  **Wilkinson County Correctional Facility**

From:  **D. Vannoy**
Title:  **Warden**

In response to your ARP claim. In reference to you requesting the drug testing policy S.O.P. #18-02-01 (MDOC Policy) be followed at all times when doing drug testing. The information gathered reveals according to Sgt. Hall he is following guidelines and procedure of policy 18-02-01. You have not provided any evidence to show where policy is not being followed. I consider this matter resolved at this level.

_____        4/18/22
          Signature                 Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response. Financial responsibility for such filing rests with the inmate.

_____        M0998        4-20-22
Inmate's Signature        DOC #              Date

Exhibit # 16

| | MISSISSIPPI DEPARTMENT OF CORRECTIONS | SOP NUMBER 18-01-01 |
|---|---|---|
| | | AGENCY WIDE |
| | DISCIPLINARY PROCEDURES | INITIAL DATE 10-01-1997 |
| ACA STANDARDS:  5-ACI-3C-01 thru 5-ACI-3C-23, 4-ACRS-3A-01 thru 4-ACRS-3A-03, 4-ACRS-6C-01 thru 4-ACRS-6C-04 | | EFFECTIVE DATE 12-01-2021 |
| STATUTES:  47-5-99, 47-5-104, 47-5-801 | NON-RESTRICTED | PAGE 1 of 20 |

**APPLICABILITY:**

This procedure applies to all offenders incarcerated by the Mississippi Department of Corrections (MDOC) and employees participating in the disciplinary process.

The provisions of this standard operating procedure will apply retroactively.

**POLICY STATEMENT:**

It is the policy of the Mississippi Department of Corrections (MDOC) to discipline all offenders who commit and/or participate in prohibited activities.

**DEFINITIONS:**

**Administrative Remedy Program** – A program by which an offender may request administrative remedy for situations arising from policies, conditions or events within MDOC that affect them personally.

**Criminal Violations** – Any incident in which an offender allegedly commits an act covered by criminal law.

**Disciplinary Hearing** – An impartial classification hearing composed of a Disciplinary Hearing Officer or staff member whose name appears on the Executive Order approved by the Commissioner.

**Disciplinary Hearing Officer** – Staff member whose name appears on the Executive Order approved by the Commissioner who will hear all pertinent information surrounding an alleged rule violation and base their final decision if some evidence presented at the hearing indicates the underlying action(s) occurred.

**Informal Resolution** – Resolution of a minor rule infraction at the unit level.

**Rule Violation** – An act or omission of an act contrary to the rules and regulations of MDOC, laws of the State of Mississippi, or the United States.

**Rule Violation Report (RVR)** – A report that will include the violation charge, essential facts supporting the alleged violation, processing action taken (including requests for investigation and lists of requested witnesses), findings and disciplinary action taken (if any).  The reporting form will be configured so that proper distribution can be made with the original becoming part of the offender's permanent MDOC record.

**Inappropriate Sexual Behavior** – Seductive or obscene acts that include unwelcome touching, or masturbation.

| | SOP NUMBER |
|---|---|
| TITLE:  DISCIPLINARY PROCEDURES | 18-01-01 |
| | PAGE 2 of 20 |
| EFFECTIVE DATE: 12-01-2021 | NON-RESTRICTED |

44
45 Inappropriate Sexual Behavior with Another Person – Seductive or obscene acts that include
46 intimate touching, penetration of another's body cavity, and include homosexual and
47 heterosexual activity.
48
49 Physical Action – Any use of force; act of fighting, hitting, kicking, shoving, pushing, biting, or
50 other similar type of physical contact; or throwing, squirting or spitting any item, substance or
51 fluid.
52
53 Riot – To incite, instigate, organize, plan, cause, aid, abet, assist or take part in any disorder,
54 disturbance, strike, or other organized disobedience to the rules of the facility.
55
56 Serious Physical Injury – Means an injury requiring more than basic first aid.
57
58 Sexual Assault – Non-consensual intimate physical contact with another person that may
59 include an attempt or threat of physical violence.
60
61 Unauthorized Communication – Any form of communication not allowed by any posted or
62 published rule, including inducing personnel to carry items into or out of the institution, using a
63 staff telephone or communicating with another inmate in a different housing status.
64
65 Dangerous Contraband – A firearm, knife, other weapon, device or instrument, material or
66 substance that is readily capable of causing or inducing fear of death or serious physical injury.
67
68 Some Evidence – Whether any evidence at all supports the action taken by prison officials.
69
70 Tobacco Product – Any product that contains tobacco, the prepared leaves of any plant
71 belonging to the nicotine family, which include, but not limited to cigarettes, loose tobacco,
72 cigar, snuff, chewing tobacco, or any other preparation of tobacco, tobacco substitutes, smoking
73 paraphernalia (i.e., matches, lighter, cigarette papers) and all other items developed and
74 processed for the primary purpose of facilitating the use or possession of tobacco or tobacco-
75 related products as well as packaging material.  Packaging material includes, but not limited to
76 snuff or cigarette containers. tobacco product does not include pharmacological aids (i.e., patch,
77 inhaler, or lozenges) for smoking cessation.
78
79 Electronic Cigarette/Vaporizers – An electrical device(s) that simulates the act of tobacco
80 smoking by producing an inhaled vapor bearing the physical sensation, appearance, and may
81 contain nicotine. The liquid is heated to create an aerosol that the user inhales.
82
83 **PROCEDURES:**
84
85 *Adult Community Residential Services:*  **Facility rules and regulations are reviewed at least**
86 **annually and updated, if necessary [4-ACRS-3A-02].**
87
88 *Adult Correctional Institutions:*  **There is a written set of disciplinary procedures governing**
89 **inmate rule violations [5-ACI-3C-02].**
90
91 *Adult Community Residential Services:*  **All program rules and regulations pertaining to**
92 **offenders are conspicuously posted in the facility or included in a handbook that is**
93 **accessible to all offenders and staff [4-ACRS-3A-03].**

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE: 12-01-2021 | NON-RESTRICTED | PAGE 3 of 20 |

94  *Adult Correctional Institutions:* **A rulebook that contains all chargeable offenses, ranges of**
95  **penalties, and disciplinary procedures is given to each inmate and staff member and is**
96  **translated into those languages spoken by significant numbers of inmates. Signed**
97  **acknowledgement of receipt of the rulebook is maintained in the inmate's file. When a**
98  **literacy or language problem prevents an inmate from understanding the rulebook, a**
99  **staff member or translator assists the inmate in understanding the rules [5-ACI-3C-03].**
100
101  *Adult Community Residential Services:*  **There is a process for informal resolution of minor**
102  **infractions of facility rules [4-ACRS-6C-01].**
103
104  *Adult Correctional Institutions:* **There are written guidelines for resolving minor inmate**
105  **infractions, which include a written statement of the rule violated and a hearing and**
106  **decision within seven days, excluding weekends and holidays, by a person not involved**
107  **in the rule violation; inmates may waive their appearance at the hearing [5-ACI-3C-05].**
108
109  <u>**Informal Resolution Process**</u>
110
111  An Informal Resolution of a minor violation requires prompt yet fair disposition and agreement
112  between the accused offender and a staff member (Correctional Supervisor or above).
113
114  The Informal Resolution is designed to reduce paperwork and to enable the offender to avoid a
115  recorded entry of disciplinary action.
116
117  Informal Resolutions will not be used in cases involving violence or physical aggression.
118
119  To accomplish the Informal Resolution action the accused offender will be escorted to the
120  appropriate authority, the charges will be verbally related, and a decision will be made by the
121  appropriate authority as to whether the violation merits action.
122
123  Upon agreement, an Informal Resolution form will be completed.  The Informal Resolution form
124  will include, but not be limited to the following information, as applicable:
125
126  • Offender's name, number, housing unit, zone/tier, cell/bed
127  • Date and time
128  • Location of incident
129  • Specific rule violated
130  • A formal statement of the charge
131  • Any unusual offender behavior
132  • Any staff witnesses
133  • Any physical evidence and its disposition
134  • Reporting staff member's name
135  • Hearing Officer's signature and date
136  • Accused offender's signature, unless refused
137  • Punishment
138
139  An informal meeting will be held with the accused offender and a decision made within seven
140  (7) days, excluding weekends and holidays.
141

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 4 of 20 |

142  The accused offender may waive the meeting by notifying the appropriate authority and
143  completing a waiver form. The accused offender must sign and agree to the imposed penalty.
144
145  The following penalties may be imposed:
146
147  • Counseling with or without a reprimand
148  • Assignment of extra duty, not to exceed 16 hours (0-16 max)
149  • Temporary suspension of privileges, not to exceed seven (7) days (0-7 max)
150  • Loss of two (2) visiting days, depending upon the custody level of offender (no offender will
151     lose more than four (4) consecutive visiting days at any one time)
152
153  The completed Informal Resolution form is placed in the accused offender's unit/working file for
154  future reference. When an offender is found guilty of an informal resolution and loss of privileges
155  is imposed with a beginning/ending date for punishment, copies should be forwarded to:
156
157  • Case Manager
158  • Canteen Manager
159  • Telecommunications Department
160  • Visitation Department
161
162  If the accused offender disagrees with the Informal Resolution, then a Formal Resolution will be
163  prepared and forwarded to the Facility Disciplinary Authority.
164
165  **Restrictions**
166
167  Informal Resolution action will not be capricious or in the nature of retaliation or revenge.
168  Corporal punishment of any kind is strictly prohibited.
169
170  Informal Resolution actions are **NOT** subject to the Administrative Remedy Program.
171
172  **Changes and Recommendations**
173
174  These procedures will not be deviated from for any reason. These procedures will also be
175  reviewed annually for soundness and validity and to incorporate any changes deemed
176  necessary.
177
178  **Formal Resolution Process**
179
180  *Adult Community Residential Services:* **An offender charged with a major rule violation**
181  **receives a written statement of the alleged violation(s), including a description of the**
182  **incident and specific rules violated [4-ACRS-6C-02].**
183
184  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that when**
185  **rule violations require formal resolution, staff members prepare a disciplinary report and**
186  **forward it to the designated supervisor [5-ACI-3C-07].**
187
188  *Adult Correctional Institutions:* **Disciplinary reports prepared by staff members include, but**
189  **are not limited to, the following information:**
190

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| | NON-RESTRICTED | PAGE 5 of 20 |
| EFFECTIVE DATE:  12-01-2021 | | |

191 • specific rule(s) violated
192 • a formal statement of the charge
193 • any unusual inmate behavior
194 • any staff witnesses
195 • any physical evidence and its disposition
196 • any immediate action taken, including the use of force
197 • reporting staff member's signature and date and time of report [5-ACI-3C-08].
198
199 Additional information for disciplinary reports includes:
200
201 • Pin number (if applicable)
202 • Offender's name, number, housing unit, zone/tier, cell/bed
203 • Location of incident
204 • Weapon involved
205 • Offender's signature and date unless refused
206 • Indication of requested investigation, witnesses, if any, and if accused inmate chose to
207   waive hearing rights
208 • Delivering officer's name, signature, date, and time RVR was delivered to the offender
209

210 **Preparation of RVR**
211
212 An offender may be issued a RVR if he/she:
213
214 a) Attempts to commit a rule violation
215 b) Solicits another or others to commit the rule violation
216 c) Conspires with another or others to commit the rule violation
217 d) Aids the action of another or others in committing the rule violation
218
219 As soon as reasonably possible after discovery that the aforementioned has occurred or a
220 violation has been committed, the officer who witnesses or any employee having knowledge of
221 the incident will prepare the RVR.
222
223 **All rule violation reports will be legible to the extent possible under the circumstances.**
224
225 **Delivery of RVR to Offender**
226
227 The first copy of the RVR will be delivered to the accused offender within **twenty-four (24)**
228 hours of the time the violation is discovered.
229
230 If the offender refuses to sign for delivery of the RVR, **two (2)** staff members must witness the
231 refusal.
232
233 The delivering employee will also document the offender's request for investigation, list
234 witnesses on the RVR and indicate whether the offender wishes to waive his/her hearing.
235
236 Two (2) staff members must witness the offender's wishes to waive his/her rights to a hearing.
237
238 This must be done whether the offender signs or refuses to sign for delivery of the RVR.
239 Record of delivery will be made on the RVR showing date, time, and who delivered the copy.

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| | NON-RESTRICTED | PAGE 6 of 20 |
| EFFECTIVE DATE: 12-01-2021 | | |

240  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that an**
241  **inmate charged with a rule violation receives a written statement of the charge(s),**
242  **including a description of the incident and specific rules violated. The inmate is given the**
243  **statement at the same time that the disciplinary report is filed with the disciplinary**
244  **committee but no less than 24 hours prior to the disciplinary hearing. The hearing may**
245  **be held within 24 hours with the inmate's written consent [5-ACI-3C-11].**

246
247  Indication should be made on the RVR if the offender was placed in Administrative Segregation
248  pending disciplinary hearing.

249
250  After all essential information has been recorded by the reporting employee, the RVR will be
251  reviewed by the Unit Administrator or designee for completeness and to ensure the incident
252  could not be handled by Informal Resolution.

253
254  If approved, the Unit Administrator or designee will initial the top left corner of the RVR, enter a
255  Pending RVR Alert in Offendertrak, and immediately forward the RVR to the Facility Disciplinary
256  Authority or designee.

257
258  **Pre-Hearing Status**

259
260  *Adult Correctional Institutions:* **Within the disciplinary procedures document there is**
261  **provision for prehearing detention of inmates who are charged with a rule violation. The**
262  **inmate's pre-hearing status is reviewed by the warden/superintendent or designee within**
263  **72 hours, including weekends and holidays [5-ACI-3C-10].**

264
265  Refer to procedures for Offender Segregation, 19-01-01.

266
267  **Investigation**

268
269  *Adult Correctional Institutions:* **Written policy, procedure, and practice specify that, when an**
270  **alleged rule violation is reported, an appropriate investigation is begun within 24 hours**
271  **of the time the violation is reported and is completed without reasonable delay, unless**
272  **there are exceptional circumstances for delaying the investigation [5-ACI-3C-09].**

273
274  The Disciplinary Investigator will begin an investigation within 24 hours of the time the rule
275  violation is reported and will complete it without reasonable delay, unless there are exceptional
276  circumstances.  **(Refer to the Investigation Guide and Incident Investigation Form)**

277
278  Exceptional circumstances for delaying an investigation may include, but not be limited to the
279  following:

280
281  • The accused offender is not available to give a statement (i.e., medical reason, away from
282  facility)
283  • Other offender witnesses are not available to give statements for the same reasons
284  • Staff witnesses are not available to give statements
285  • Inclement weather conditions
286  • Institutional emergency
287  • Any extraordinary circumstances approved, in writing, by the Superintendent/Community
288  Corrections Director

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| | NON-RESTRICTED | PAGE 7 of 20 |
| EFFECTIVE DATE:  12-01-2021 | | |

289
290  Note:  Such exceptions will be noted in the completed investigation package.
291
292  The Superintendent/Community Corrections Director or designee will approve such exceptions
293  in writing.
294
295  The investigation will be commenced regardless if the offender requests it or not.
296
297  **Investigator**
298
299  • The Disciplinary Investigator will not be the same staff as the staff that reported the incident
300    or wrote the RVR.
301
302  • The Disciplinary Investigator will be neutral and unbiased in conducting interviews and
303    gathering information.
304
305  • In seeking the truth, the Disciplinary Investigator will interview the accused and any other
306    persons considered having pertinent information.
307
308  • The Disciplinary Investigator will provide factual information, and will have access to all
309    information concerning the offender's act of misbehavior and will receive cooperation from
310    all personnel.
311
312  • Any staff member called as a witness will not refuse to give a statement.
313
314  • The Disciplinary Investigator will be subject to call any witness to appear at the hearing.
315
316  • The Disciplinary Investigator will indicate the offender's current job assignment and any
317    educational programs.
318
319  **Witnesses**
320
321  The offender charged with a rule violation will be allowed to present documentary evidence and
322  call defense witnesses unless:
323
324  • Permitting offender to do so will be unduly hazardous to institutional safety and security.
325
326  • Witness was not present when the violation occurred or has no firsthand knowledge of the
327    incident, or investigation discloses that the called witness's testimony would be repetitive of
328    all other called witnesses.  In such cases, the accused will be permitted to select no more
329    than two (2) witnesses.
330
331  If the witness is not readily available for the hearing due to being away from the facility/housing
332  unit where the RVR is being heard, a statement may be obtained by the investigator to be used
333  in place of the witness's personal appearance.  The investigator may obtain a transcribed
334  statement over the telephone.
335
336  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that inmates**
337  **charged with rule violations are present at their hearings unless they waive that right in**

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER<br>18-01-01 |
|---|---|---|
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 8 of 20 |

338  writing or through their behavior. Inmates may be excluded during the testimony of any
339  inmate whose testimony must be given in confidence; the reasons for the inmate's
340  absence or exclusion are documented [5-ACI-3C-16].
341
342  At the discretion of the Hearing Officer, private testimony may be taken whenever it is
343  determined that revealing the identity of the witness may subject him to personal danger.
344  Reasons for the witness's exclusion or absence will be documented and the accused offender
345  will be notified.
346
347  Questions may be asked of any witness called to the meeting.
348
349  **Disciplinary Hearing**
350
351  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that**
352  **disciplinary hearings on rule violations are conducted by an impartial person or panel of**
353  **persons. A record of the proceedings is made and maintained for at least six months [5-**
354  **ACI-3C-15].**
355
356  **Refer to the Rule Violation Report (RVR) Hearing Script.**
357
358  The Hearing Officer will hear all pertinent information surrounding an alleged rule violation.
359
360  The Hearing Officer will question the accused offender, witnesses and any other person
361  appearing at the hearing.
362
363  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that inmates**
364  **have an opportunity to make a statement and present documentary evidence at the**
365  **hearing and can request witnesses on their behalf; the reasons for denying such a**
366  **request are stated in writing [5-ACI-3C-17].**
367
368  The Hearing Officer will exercise control of all questioning to prevent harassment, abuse,
369  repetition, deficiency of relevancy, and to maintain order.
370
371  The accused, any witnesses and the accuser, if present, may be excused from the hearing
372  during deliberation.
373
374  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that the**
375  **disciplinary committee's decision is based solely on information obtained in the hearing**
376  **process, including staff reports, the statements of the inmate charged, and evidence**
377  **derived from witnesses and documents [5-ACI-3C-19].**
378
379  The RVR will be affirmed if some evidence indicates the underlying action(s) occurred.
380
381  The RVR itself may be used as the sole basis for the Hearing Officer's decision.
382
383  The Hearing Officer will render a fair and just punishment for a factual finding and must sign
384  his/her name to each RVR.
385
386  A copy of written findings will be given to the offender as soon as reasonably possible after the
387  hearing.

388  The accused will be advised of his appeal rights.
389
390  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that an**
391  **inmate may waive the right to a hearing provided that the waiver is documented and**
392  **reviewed by the chief executive officer or designee [5-ACI-3C-12].**
393
394  An offender may waive the right to a hearing, provided the waiver will be documented and
395  reviewed by the Superintendent, Warden or designee and/or Community Corrections Director or
396  designee.
397
398  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that a written**
399  **record is made of the decision and the supporting reasons, and that a copy is given to**
400  **the inmate. The hearing record and supporting documents are kept in the inmate's file**
401  **and in the disciplinary committee's records [5-ACI-3C-20].**
402
403  The hearing will be recorded and a record of the proceedings will be maintained for a minimum
404  of three (3) years.
405
406  If an offender is transferred to another facility prior to a disciplinary hearing, the RVR will be
407  immediately forwarded to the Superintendent, Warden or Community Corrections Director of the
408  receiving facility, who will ensure that it is processed.
409
410  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide for review of**
411  **all disciplinary hearings and dispositions by the warden/superintendent or designee to**
412  **assure conformity with policy and regulations [5-ACI-3C-22].**
413
414  All completed RVR's will be forwarded to the Warden/Community Corrections Director or
415  designee for review.
416
417  <u>Timelines of Disciplinary Hearing</u>
418
419  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that inmates**
420  **charged with rule violations are scheduled for a hearing as soon as practicable but no**
421  **later than seven days, excluding weekends and holidays, after being charged with a**
422  **violation. Inmates are notified of the time and place of the hearing at least 24 hours in**
423  **advance of the hearing [5-ACI-3C-13].**
424
425  The Hearing Officer will conduct the disciplinary hearing within seven (7) working days after the
426  violation occurred.  If more than seven (7) working days have elapsed, a written explanation
427  must be included.
428
429  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide for**
430  **postponement or continuance of the disciplinary hearing for a reasonable period and**
431  **good cause [5-ACI-3C-14].**
432
433  This must be documented on the RVR.
434
435  <u>Rights of the Accused</u>
436
437  The accused must be present at the hearing unless he refuses to appear or use of force would

| TITLE: DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE: 12-01-2021 | NON-RESTRICTED | PAGE 10 of 20 |

438  be required to enforce attendance. In this case, the hearing will continue in his absence. The
439  reason for the offender's exclusion or absence will be documented on the RVR form and
440  entered into the record during the hearing. No absentia hearing will be held when the offender
441  is mentally disturbed to such extent that meaningful participation would be precluded, or when
442  the offender is an escapee-at-large.

443
444  Established time frames and procedural requirements listed in this standard operating
445  procedure are advisory guidelines and do not constitute a due process right to the offender.

446
447  The Agency's failure to abide by the time frames and procedural requirements will not be a
448  basis for dismissal of the RVR.

449
450  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that a staff**
451  **member or agency representative assists inmates at disciplinary hearings if requested.**
452  **A representative is appointed when it is apparent that an inmate is not capable of**
453  **collecting and presenting evidence effectively on his or her own behalf [5-ACI-3C-18].**

454
455  **Disposition and Penalties**

456
457  The Disciplinary Hearing Officer will consider the seriousness of each incident/violation, to
458  include those incidents/violations listed on the Intensive Supervision Program and Earned
459  Release Certificate and the mental status of each offender when assessing punishment.

460
461  *Adult Community Residential Services:* **The facility implements a system of a progressive**
462  **discipline [4-ACRS-6C-04].**

463
464  *Adult Community Residential Services:* **Offender rules and disciplinary regulations**
465  **describe violations, sanctions, and penalties [4-ACRS-3A-01].**

466
467  *Adult Correctional Institutions:* **Written rules of inmate conduct specify acts prohibited**
468  **within the institution and penalties that can be imposed for various degrees of violation**
469  **[5-ACI-3C-01].**

470
471  *Adult Correctional Institutions:* **All personnel who work with inmates receive sufficient**
472  **training so that they are thoroughly familiar with the rules of inmate conduct, the**
473  **rationale for the rules, and the sanctions available [5-ACI-3C-04].**

474
475  All staff will receive training on the disciplinary procedures to include rules of inmate conduct,
476  the rationale for the rules, and the sanctions available.

477
478  **RULE VIOLATIONS**

479
480  The Mississippi Department of Corrections has adopted the following categories of rule
481  violations:

482  **Violation Category A (Minor Violations)**

| Rule Number | Rule Violation Description |
|---|---|
| A1 | Littering |

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE: 12-01-2021 | NON-RESTRICTED | PAGE 11 of 20 |

| A2 | Illegal possession of any item or quantities not on the allowable items list (Minor-Miscellaneous Contraband) |
|---|---|
| A3 | Unauthorized removal of food or utensils from any food service area |
| A4 | Faking illness or injury |
| A5 | Failure to abide by any published institutional schedule or documented rules |
| A6 | Violating the institutional dress code or grooming standards |

### Sanctions for Violation Category

Reprimand and warning.

Restriction of all privileges not to exceed one (1) month, excluding exercise periods. This will not exclude restriction from use of recreational facilities in the institution.

Loss of privileged housing, job or meritorious living conditions.

Restitution

Recommend custody review

483

## Violation Category B (Serious Violations)

| Rule Number | Rule Violation Description |
|---|---|
| B1 | Improper or unauthorized use of state equipment or materials |
| B2 | Interfering with an employee in the performance of their duty |
| B3 | Refusing or failing to obey an order of staff |
| B4 | Violation of mail, telephone, or visiting regulations |
| B5 | Failure to clean bed area or pass bed area inspection |
| B6 | Breaking or entering into another inmate's locker, room, cell or living unit |
| B7 | Refusing or failing to carry out work assignment |
| B8 | Physical action against another person where no physical injury has occurred, including horseplay |
| B9 | Inflicting injury to self (Self-Mutilation) |
| B10 | Tattooing or piercing self or others or allowing self to be tattooed or pierced |
| B11 | Being in a restricted or unauthorized area |
| B12 | Violating a condition of any outside work assignment |
| B13 | Abusive, disrespectful, vulgar, obscene or threatening language, gestures or actions directed toward or about any person |
| B14 | Lying to an employee |
| B15 | Unauthorized communication with any member of the public, staff, or between inmates |

| | | SOP NUMBER 18-01-01 |
|---|---|---|
| TITLE: DISCIPLINARY PROCEDURES | | PAGE 12 of 20 |
| EFFECTIVE DATE: 12-01-2021 | NON-RESTRICTED | |

| B16 | Disruptive behavior or disorderly conduct which threatens the orderly running of the facility |
|---|---|
| B17 | Refusing or failing to submit to a drug urinalysis test (Refer to Special Circumstances 18.01.01 for punishment) |
| B18 | Smuggling of contraband items into, out of, or within the institution |
| B19 | Engaging in extortion or blackmail, bribery, loan sharking, collecting or incurring debt |
| B20 | Refusing or failing to comply with institutional count or lockup procedures |
| B21 | Nonviolent demonstration or inciting a nonviolent demonstration that may lead to a disruption of institutional operations |
| B22 | Negligent or deliberate destruction, alteration or defacing of state, personal, or community property valued less than $100 |
| B23 | Deliberately or negligently causing a fire |
| B24 | Inappropriate sexual behavior with another person or indecent exposure (Masturbation) |
| B25 | Gambling |
| B26 | Stealing |
| B27 | Making threatening or intimidating statements |
| B28 | Refusing to submit to a search |
| B29 | Pursuing or developing a relationship that is unrelated to correctional activities with a non-inmate (Fraternization) |
| B30 | Possession of serious contraband to include but not limited to: <ul><li>Money</li><li>State equipment or materials</li><li>Gang paraphernalia</li><li>Tobacco products (Not in canteen list-Includes the Use of Tobacco or accessories and electronic cigarettes)</li><li>Gambling paraphernalia</li><li>Stolen property less than $100</li><li>Tattoo or body-piercing paraphernalia</li></ul>Drug paraphernalia |
| B31 | <ul><li>Failure to abide by the "statement of conditions" of release for Earned Release Supervision, Medical Release or Intensive Supervision Program or 72 Hour Honorary Leave Agreement</li></ul> |
| B32 | Absconding supervision from community supervision |
| B33 | Giving or receiving anything of value to or from another |

| Sanctions for Violation Category |
|---|
| Restriction of all privileges not to exceed one (1) month, excluding exercise periods. This will not exclude restriction from use of recreational facilities in the institution. |
| Loss of privileged housing, job or meritorious living conditions. |
| Restitution |

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 13 of 20 |

Recommend custody review

Assignment to disciplinary segregation for a maximum of twenty (20) days, each offense.

Upon a guilty finding, in addition to any other authorized sanction for this category of rule violations, the disciplinary hearing officer will recommend the following progressive disciplinary sanction:

- If an inmate has accumulated three (3) Category B rule violations within a six (6) month period, the offender will lose thirty (30) days of earned time.

- Receiving a 4th RVR within a six (6) month period will result in an additional loss of sixty (60) days of earned time

- Receiving a 5th RVR within a six (6) month period will result in an additional loss of ninety (90) days of earned time

- In addition to all previous loss of earned time under Category B, upon receiving six (6) or more RVRs within a six (6) month period will result in the same sanctions listed under Category C Rule Violations

484

### Violation Category C (Major Violations)

| Rule Number | Rule Violation Description |
|---|---|
| C1 | Negligently or deliberately destroying, altering or defacing of state, personal, or community property valued at $100 or more |
| C2 | Destroying or tampering with life safety equipment, locking or security devices |
| C3 | Tampering with physical evidence or hindering an investigation |
| C4 | Using mail to obtain money, goods or services by fraud |
| C5 | Involvement in disruptive, assaultive, or criminal gang activity |
| C6 | Escape |
| C7 | Possession of major contraband to include but not limited to:<br>• Firearms<br>• Sharpened instrument or knife<br>• Other objects capable of inflicting death<br>• Tools<br>• Explosives/ammunition<br>• Medication (prescription, non-prescription)<br>• Illegal drugs<br>• Electronic devices or parts<br>• Escape paraphernalia<br>• Staff clothing or uniform related items<br>• Stolen property over $100<br><br>**(Refer to Special Circumstances, 18.01.01)** |
| C8 | Assaultive action against any person or staff member resulting in serious physical injury |

| | | SOP NUMBER 18-01-01 |
|---|---|---|
| TITLE: DISCIPLINARY PROCEDURES | | |
| EFFECTIVE DATE: 12-01-2021 | NON-RESTRICTED | PAGE 14 of 20 |

| C9 | Physical action resulting in the death or murder of any person |
|---|---|
| C10 | Hostage taking |
| C11 | Inciting to riot or rioting |
| C12 | Arrest for criminal activity while on 72 Hour Leave |
| C13 | Unauthorized use of drugs or intoxicants or testing positive for either (Refer to Special Circumstances 18.01.01 for punishment) |
| | Sanctions for Violation Category |

Restitution

Recommend custody review

Assignment to disciplinary segregation for a maximum of twenty (20) days, each offense

Restriction of privileges not to exceed two (2) months, excluding exercise periods. This will not exclude restriction from use of recreational facilities in the institution.

Removal from 30/30 trusty status for a period of six (6) months (Only if offender is receiving 30/30 trusty status).

If the offender does not receive 30/30 trusty status, the offender will lose 180 days of earned time (e.g., MET, TET, Earned Time).

Loss of all earned time (Earned time is to be forfeited for escapees or aiding and abetting an escape pursuant to MCA 47-5-139)

Suspension of visitation and commissary privileges for 18 months for offenders found guilty by a Disciplinary Hearing Officer of assaulting a staff member. Loss of all earned time and Trusty status

Loss of 6 months Canteen and Visitation for Major Contraband C-7 – No exceptions

If the RVR is a C8, the inmate will have his account frozen and will be liable for medical costs associated for the assaultive behavior. **(Off-site medical $1,500; onsite $500)**

### SPECIAL CIRCUMSTANCES

**In addition to any other penalty or penalties which will be imposed the following actions will be taken:**

- A second (2nd) sanction may be given for each serious or major violation as long as it is listed under the authorized sanction for that rule violation

- Time spent in pending disciplinary segregation (PDA) will be credited against any subsequent discipline imposed

- Objective Reclassification if warranted (Refer to Institutional Classification Handbook)

- Referral to District Attorney if warranted

- The first time a Community Work Center, County State Work Program, or Restitution Center offender tests positive or refuses to submit a urine sample, he/she will be referred to A&D (max 3 months). These offenders will not have their custody reduced or reclassified with the objective classification instrument.

485
486
487
488
489
490
491
492
493
494
495
496
497
498
499
500
501
502
503

18-01-01 (y)

504  • Earned time is to be forfeited for escapees or aiding and abetting an escape pursuant to
505  MCA 47-5-139.
506
507  • Offenders who receive a RVR for C-8, "Assaultive action again any person or staff member
508  resulting in serious physical injury" and are found guilty by a Disciplinary Hearing Officer of
509  assaulting a staff member, will have visitation and commissary privileges suspended for 18
510  months.  Loss of all earned time and Trusty status.
511
512  • Offenders **in Institutions, Private Prisons and County Regional Facilities** who are
513  charged with **possession of electronic devices or parts** will receive:
514  1. Removal from trusty earned time for six (6) months if they are receiving 30/30 trusty time
515  2. Loss of 180 days of trusty time if in 10/30 trusty status
516  3. Loss of earned time up to 180 days if not in trusty status
517
518  • Offenders **in Community Work Centers** who are charged with **possession of electronic
519  devices or parts** will receive:
520
521  1. For the first RVR, removal from trusty status for a period of 6 months or loss of 180 days
522  earned time
523  2. For the second RVR, loss of honorary leave and suspension of visitation and
524  commissary privileges for 18 months
525
526  MDOC may deviate from these advisory guidelines based on the severity of the offense, a
527  history of offenses, and other factors.
528
529  **Sanctions for youth housed in the Youthful Offender Unit (YOU) by Category**
530
531  **Category A (Minor Violations)**
532
533  1. Verbal reprimand and warning
534  2. Reduction of maximum behavior points for that period
535  3. Loss of telephone, visitation, and store privileges earned through the Behavior Management
536  Program
537  4. Reduction s to a lower privilege through the Behavior Management Program
538  5. Activity Restriction
539  6. Early Bed
540
541  **Category B (Serious Violations)**
542
543  1. Restitution
544  2. Extreme work detail
545  3. Isolation/segregations
546  4. Loss of Job, housing privileges
547  5. Activity Restriction
548  6. Reduction of Level or more than one level through the Behavior Management Program
549  7. Loss of visitation earned through the Behavior Management Program
550  8. Loss of telephone call earned through the Behavior Management Program.
551
552  **Category C (Major Violations)**

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 16 of 20 |

1. Restriction
2. Reduction of Positive Behavior Management Points
3. Reduction of Level of Behavior Management Program
4. Extensive Work Detail
5. Disciplinary Isolation
6. Major Sanction added to a serious sanction
7. Loss of one month of telephone calls earned through the Behavior Management Program

**Evidence**

Any and all evidence, with the exceptions referenced in policy 16-14, Preservation of Physical Evidence, accompanying a RVR will be recorded, labeled and stored securely at the Central Disciplinary Office. After the RVR is heard and the findings are known and unless further need for same, the evidence will be held ninety (90) days then destroyed in the following manner:

- All drugs or drug paraphernalia seized will be turned over to Corrections Investigation Division (CID)
- All recyclable metals and plastics will be turned over to the Property Office

- All sharp instruments (i.e., knives and shanks) will be turned over to the K-9 staff for destruction.  **Note: Weapons used in assaults on staff and/or inmates will be remanded to CID**

- All paper, cloth and other miscellaneous items will be turned over to the Fire and Safety Inspector

- Cell phones and cell phone related accessories confiscated from offenders housed in Community Work Centers, Private Facilities and Regional Facilities are to be forwarded to the Corrections Investigation Division (CID) Office located at the Central Office. Items confiscated at the State Institutions are to be forwarded to the Institutional CID Office. The confiscated items along with the appropriate documentation for each item are to be forwarded immediately or after final disciplinary action. Any item needed for criminal prosecution should be forwarded upon completion of prosecution unless otherwise directed by the prosecutor.

**Offender Not Guilty/Dismissed**

*Adult Correctional Institutions:* **Written policy, procedure, and practice provide that if an inmate is found not guilty of an alleged rule violation, the disciplinary report is removed from all of the inmate's files [5-ACI-3C-21].**

**Assistance to an Offender in a Hearing**

When it is apparent that an offender is not capable of effectively collecting and presenting evidence on his own, a representative will be appointed to assist the offender. The Superintendent or designee will make available representatives capable of assisting offenders in disciplinary hearings and filing appeals upon offender's request.

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE: 12-01-2021 | NON-RESTRICTED | PAGE 17 of 20 |

**Notification and Punishment**

602
603
604 • The Institutional Hearing Officer (IHO) will log all RVR's and final dispositions on a daily
605   basis.
606
607 • This log will be forwarded to the appropriate Warden/Community Corrections Director or
608   designee and to appropriate departments prior to the conclusion of each workday.
609 • They will ensure the immediate imposition of punishment.
610

**Disciplinary Hearing Docket**

612
613 The responsible Disciplinary Hearing Officer will prepare a Disciplinary Hearing Docket for all
614 daily scheduled offender disciplinary hearings.  The docket will include for each offender:
615
616 • Date of hearing
617 • Name and MDOC number of the offender
618 • Housing and work/program assignment of the offender
619 • Rule violation number(s)
620 • Finding
621 • Recommended sanctions (if applicable)
622 • Name and title of the Disciplinary Hearing Officer
623
624 The Disciplinary Hearing Docket will be submitted to the responsible Associate Warden or
625 designee at the conclusion of offender disciplinary hearings each day.  A weekly rule violation
626 pending log report will be submitted to the area warden.
627
628 *Adult Community Residential Services:* **The facility's disciplinary process is defined and**
629 **provides appropriate procedural safeguards, to include:**
630 • **Report of incident and charge**
631 • **Notice**
632 • **Time to prepare for hearing**
633 • **Assistance as needed**
634 • **Timely hearing**
635 • **Opportunity to present evidence**
636 • **Fair decision**
637 • **Written notice of decision**
638 • **Opportunity to appeal [4-ACRS-6C-03].**
639

**Appeals**

641
642 *Adult Correctional Institutions:* **Written policy, procedure, and practice grant inmates the**
643 **right to appeal decisions of the disciplinary committee to the warden/superintendent or**
644 **designee. Inmates have up to 15 days of receipt of the decision to submit an appeal. The**
645 **appeal is decided within 30 days of its receipt, and the inmate is promptly notified in**
646 **writing of the results [5-ACI-3C-23].**
647
648 The offender may appeal the decision of the hearing officer by using the Administrative Remedy
649 Program (ARP).

18-01-01 (y)

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 18 of 20 |

650  If the offender refuses to sign for the RVR, the RVR will be documented that the offender
651  refused to sign.  The offender will have fifteen (15) days to appeal the RVR decision.
652
653  RVR appeals will not be logged and set aside.
654  At the time of notification of a guilty finding in a disciplinary hearing, the inmate will be notified
655  that he/she has the right to appeal any decision of, or disciplinary action taken by the
656  Disciplinary Hearing Officer, directly to the Warden/Community Corrections Director or designee
657  of the unit/center involved via the Legal Claims Adjudicator.
658
659  This notification will be documented by having the inmate sign the front of the RVR indicating
660  that he/she understands the right to appeal.
661
662  If the inmate waives his/her right to appear and is found guilty, he/she cannot appeal the
663  decision.
664
665  The appeal will be submitted in writing within fifteen (15) days after a copy of the Disciplinary
666  Hearing Officer's decision is offered to the inmate and will set forth in detail the grounds for any
667  appeal.
668
669  In the event the inmate is illiterate, at the request of the inmate, the inmate's case manager may
670  assist him/her in writing the letter of appeal.
671
672  The Warden/Community Corrections Director or designee has thirty (30) calendar days from
673  receipt of the appeal to respond.
674
675  During the appeal, the reviewer may affirm the action of the Disciplinary Hearing Officer or alter
676  it as he/she deems just and proper except at no point in the appeal process will the penalty be
677  increased.
678
679  If the offender is not satisfied, he/she may file suit in state or federal court.  The offender must
680  provide the ARP number on the court forms.
681
682  **Criminal Violation**
683
684  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that, where**
685  **an inmate allegedly commits an act covered by criminal law, the case is referred to**
686  **appropriate court or law enforcement officials for consideration for prosecution [5-ACI-**
687  **3C-06].**
688
689  The Hearing Officer will forward a copy of any RVR considered felonious to the Corrections
690  Investigation Division along with all relevant documents (i.e., Incident Reports, Use of Force
691  Reports) concerning the violation for consideration of prosecution.
692
693  This will not interfere with processing the rule violation through the administrative disciplinary
694  hearing by the Hearing Officer.
695
696  **Restrictions**
697
698  Disciplinary action will not be capricious or in the nature of retaliation or revenge.  Corporal
699  punishment of any kind is strictly prohibited.

| | SOP NUMBER |
|---|---|
| **TITLE:  DISCIPLINARY PROCEDURES** | **18-01-01** |
| **EFFECTIVE DATE:  12-01-2021** | **NON-RESTRICTED** | **PAGE 19 of 20** |

700
701 ## Rule Violation Report Filing
702
703 When an inmate is found guilty of a rule violation the original RVR and all supporting
704 documentation attached to it will be placed in the inmate's permanent MDOC master file.
705
706 **Procedure for Loss of Earned Time**
707
708 1.  Designated Disciplinary Staff and Associate Warden or designee (IHO) will enter the RVR
709     and findings into Offendertrak within twenty-four (24) hours after the disciplinary hearing is
710     conducted. This includes all punishment(s) with starting and ending dates for the imposed
711     punishment. Hearings conducted on weekends/holidays will be entered no later than the
712     next working day.
713
714 2.  The designated staff person who enters the RVR, which resulted in loss of earned time, is
715     responsible for forwarding the original RVR with all supporting documentation to the
716     Commissioner or designee for final approval.  At Regional facilities, the Warden is
717     responsible for forwarding the RVR and the supporting documentation to the Commissioner
718     or designee.
719
720 3.  The Commissioner or designee will forward all approved Loss of Earned Time RVRs to
721     MDOC Records Department in order to modify the entry into Offendertrak accordingly.
722
723 ## Procedures for Removal from Trusty Status
724
725 1.  Designated Disciplinary Staff and Associate Warden or designee (IHO) will enter the RVR
726     and findings into Offendertrak within twenty-four (24) hours after the disciplinary hearing is
727     conducted. This includes all punishment(s) with starting and ending dates for the imposed
728     punishment.  Hearings conducted on weekends/holidays will be entered no later than the
729     next working day.
730
731 2.  Any rule violation that requires reclassification or removal from 30/30 trusty status will be
732     delivered to the Associate Warden at state facilities the Classification Supervisor at private
733     facilities, and the Warden at Regional facilities.
734
735 3.  The Associate Warden, Classification Supervisor, or Warden will review and take the
736     appropriate action by ensuring that a Staff Request is completed recommending the inmate
737     be removed from Trusty Status.  The rationale or justification and effective date for removal
738     should be included on the Staff Request.  The effective date for removal will be the date the
739     inmate was found guilty of the rule violation.
740
741 4.  The Associate Warden, Classification Supervisor, or Warden will review the Staff Request
742     for its accuracy and forward it to the appropriate Assistant Director of Offender Services
743     (ADOS).
744
745 5.  Upon receiving the Staff Request, the ADOS will review and finalize the Staff Request
746     within OffenderTrak.
747
748 6.  Upon approval of the Staff Request, the ADOS will submit the Staff Request via the
749     workflow inbox to the designated Records Staff.

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 20 of 20 |

750
751 **DOCUMENTS REQUIRED:**
752
753 As required by this procedure and through the chain of command.
754

| | ENFORCEMENT AUTHORITY | |
|---|---|---|
| **Reviewed and Approved for Issuance** | _(signature)_      11-18-21 | |
| | Deputy Commissioner of Institutions            Date | |
| | _(signature)_      11-29-21 | |
| | Deputy Commissioner of Community Corrections     Date | |

18-01-01 (y)

*Exhibit # 17*

ARP-2

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-21-634

## FIRST STEP RESPONSE FORM
## For RVRs

You must return your response to the Legal Claims Adjudicator **within 30 days** of the date you signed for this request.

Offenders' Name and #: Jason Holloway #M0998
        Unit: Wilkinson County Correctional Facility

1ˢᵗ Step Respondent:   D. Vannoy
         Title:   Warden

---

In response to your ARP claim. In reference to your Rule Violations Report appeal. The information gathered reveals according to the reporting employee Sgt. Hall you tested positive for BUP 5 on your urine test and refused to submit to a urinalysis test on 7/16/2021. Your appeal is denied. RVR's #1939652 and #1939707 will not be expunged from your file. I consider this matter resolved at this level.

_____       5/20/21
      Signature                                    Date

---

The above named inmate has fulfilled the requirements of the Administrative Remedy Program for an RVR appeal and is eligible to seek judicial review within 30 days of receipt of this First Step Response.

_____    M0998          9-21-21
Inmate's Signature                 DOC #                         Date

*Exhibit # 18*

ARP-2

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-22-89

## FIRST STEP RESPONSE FORM
### For RVRs

You must return your response to the Legal Claims Adjudicator **within 30 days** of the date you signed for this request.

Offenders' Name and #: Jason Holloway #M0998
Unit: Wilkinson County Correctional Facility

1st Step Respondent:   D. Vannoy
Title:   Warden

In response to your ARP claim. In reference to your Rule Violation Report appeal. The information gathered reveals according to Sgt. Hall you refused to submit urine for a reasonable suspicion drug test. Your appeal is denied. RVR #2011878 will not be expunged from your file. I consider this matter resolved at this level.

_____                    2/28/22
Signature                                         Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program for an RVR appeal and is eligible to seek judicial review within 30 days of receipt of this First Step Response.

_____      M0998          3-2-22
Inmate's Signature              DOC #            Date

In The United States District Cart For The Southern District of Mississippi

Jason Holloway                                    Plaintiff

vs                         Civil Action No. 5:21-cv-63-KS-RHWR

Scott Middlebrooks et al                    Defendants

Motion For The Appointment
of Counsel

Plaintiff, Jason Holloway, pursuant to § 1915, request this Cart to appoint counsel to represent him in this case for the following reasons.

1. The plaintiff is unable to afford counsel.

2. The issues involved in this case are complex.

3. The plaintiff, as a Protective Custody inmate, has extremely limited access to the law library.

pg 2 of 2

4. Over 30 days ago, the plaintiff wrote letters to three attorneys, Thom Glenn, Jacob Howard, and King & Spalding Law Firm, asking them to handle his case but he has not heard from any of them.

5. The plaintiff has a little limited knowledge of the law.

Where fore, this Honorable Court should appoint counsel to represent the plaintiff.

Respectfully Submitted,
Jason Holloway
8-31-22

Jason Holloway # M0998
WCCF  E-207
P.O. Box 1889
Woodville, MS 39669

In The United States District Court For The
Southern District of Mississippi

Jason Holloway # M0998                          Plaintiff

        vs              Civil action No. 5:21-cv-63-KS-RHWR

Scott Middlebrooks et al                 Defendants

        Declaration In Support of Plaintiff's
        Motion For The Appointment of Counsel

    Jason Holloway states:

1. I am the plaintiff in the above-entitled case, I
make this declaration in support of my motion for
this appointment of counsel.

2. The complaint in this case alleges that the
plaintiff was denied his religion, denied adequate
medical care, and denied due process. The plaintiff
aslo is challenging the condition of his confinment.

3. This is a complex case because it contains several different legal claims, with each claim involving a different set of defendants.

4. This case involves medical issues that may require expert testimony.

5. The plaintiff has demanded a jury trial.

6. The case will require discovery of documents and depositions of a number of witnesses.

7. The testimony will be in sharp conflict on several off the issues raised by the plaintiff.

8. The plaintiff has only a GED and has very limited legal education.

9. The plaintiff is serving his sentence on Protective Custody. For this reason, he has very limited access to legal materials and has no ability to investigate the facts of the case, for example, by locating and

pg 3 of 3

interviewing other staff and inmate witnesses

10. As set fourth in the Memorandum of Law submitted with this motion, these facts, along with the legal merit of plaintiff's Claims, support the appointment of counsel to represent the plaintiff.

Wherefore, the plaintiff's motion for appointment of counsel should be granted.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed this the ____31____ day of __May__, 2022.

Respectfully Submitted,

Jason Holloway # M0998
WCCF  E - 207
P.O. Box 1889
Woodville, MS 39669

In The United States District Court For The
Southern District of Mississippi

Jason Holloway                                    Plaintiff

           vs                    civil action No. 5:21-cv-63-KS-RHWR

Scott Middlebrooks et al              Defendants

Memorandum of Law In Support of
Plaintiff's Motion for The Appointment of Counsel

Statement of the Case

This is a civil rights case filed under 42 U.S.C.
§ 1983 by a state prisoner and asserting claims
for the unconstitutional denial of religion, denial
of due process, denial of adequate medical care and
conditions of confinement. The plaintiff seeks damages
as to all claims and injunction relief

Statement of Facts

The Complaint alleges that the plaintiff was denied the right to practice his religion, that he was denied due process at all of his disciplinary hearings, that he was denied adequate medical care, that staff failed to follow the doctors orders to his medical ordered diet and his conditions of confinment.

## Argument

In deciding whether to appoint counsel for an indigent litigant, the court should consider " the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and complexity of the legal issues." Ulmer v Chancellor 691 F.2d 209 (5th Cir 1982)

In addition, courts have suggested that the most important factor is whether the case appears to have merit. Carmona v U.S. Bureau of Prisons, 243 F.3d 629 (2nd Cir. 2001)

1. Factual Complexity. The plaintiff alleges that several

Staff at W.C.C.F. who are named defendants in this case violated several of the plaintiff's constitutional rights, by denying him to practice his religion, denied him adequate medical care, failed to follow the doctors orders of his medical ordered diet, denied him due process at his disciplinary hearings, And challenging his conditions of confinment. The sheer number of claims And defendants makes this a factually complex case.

In addition, one of the plaintiff's claims involve the denial of medical care; it will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Montgomery v Pinchak, 294 F.3d 492 (3rd Cir 2002); Moore v Mabus, 976 F.2d 268 (5th Cir 1992); Jackson v. County of McLean, 953 F.2d 1070 (7th Cir 1992).

2. The plaintiff's ability to investigate.  The plaintiff

is a Protective Custody inmate and has no ability to investigate the facts. For example, he is unable to identify, locate, and interview other inmates who were housed on the same zone as he is and have been moved to other facilities. He is in the same situation with regard to developing the facts from other staff members that no longer work at the facility, a factor that several courts have cited in appointing counsel. Tucker v Randell, 948 F.2d 288 (7th Cir 1991); Gaston v Coughlin, 679 F. Supp. 270 (W.D.N.Y. 1988). In addition, this case will require considerable discovery concerning the identity of witnesses, the officers' reports and statements regarding the disciplinary hearings and the plaintiff's medical history. See Pacham v Johnson, 126 F.3d 454 (3rd Cir 1997) (holding counsel should have been appointed because " prisoner's lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering the defendants discovery tactics ... these [ discovery ] rules prevented [the plaintiff] from presenting an effective case below.").

3. Conflicting Testimony.   The plaintiff's account of all

the constitutional violations will be in great conflict
with the testimony of the defendants. This aspect of
the case will be a credibility contest between the
defendants and the plaintiff ( and such inmate and
other witnesses as can be located). The existence
of these credibility issues supports the appointment of
counsel. Steele v Shah, 87 F.3d 1266 (11th Cir 1996);
Gaston v Coughlin, 679 F. Supp. at 273.

4. The ability of the indigent to present his claim. The
plaintiff is an indigent prisoner with no legal training,
a factor that supports the appointment of counsel. Branch
v Cole, 686 F.2d 264 (5th Cir 1982); Forbes v Edgar,
112 F.3d 262 (7th Cir 1997). In addition, he is
confined to a zone as a Protective Custody inmate with
very limited access to legal materials. Rayes v Johnson,
969 F.2d 700 (8th Cir 1992) (citing lack of ready
access to a law library as a factor supporting the
appointment of counsel).

5. Legal Complexity. The large number of defendants,
some who are supervisory officials, presents complex

legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. Hendricks v Coughlin, 114 F3d 390 (2d Cir 1997).

6. Merit of the Case. The plaintiff's allegations, if proved, clearly would establish constitutional violations. The denial of religion in the complaint clearly states a 1st Admendment Claim.

The allegations of denial of medical care amount to deliberate indifference to prisoners medical needs. Estelle v Gamble, 429 U.S. 97 (1976). The unjustified denial of witnesses, conviction of a disciplinary offense with no supporting evidence, and the failure to give a meaningful statement of reasons for the decisions are all violations of clearly established due process principles. See Ponte v Real, 471 U.S. 491 (1985); Superintendent v Hill, 472 U.S. 445 (1985); Wolff v McDonnell, 418 U.S. 539 (1974) On its face, then, this is a meritorious case.

Conclusion

For all the foregoing reasons mentioned herein, the court should grant the plaintiff's motion and appoint counsel in this case.

Respectfully Submitted,

5-31-22

Jason Holloway # M0998
W.C.C.F.   E-207
P.O. Box 1889
Woodville, MS 39669

In The United States District Court
for The Southern District of Mississippi

                                    Plaintiff

Holloway

vs                          Case No. 5:21-cv-63-KS-RHWR

                                    Defendant(s)

Middlebrooks et al

            Plaintiff's Complete Amended
            Complaint With Jury Demand

      I      Jurisdiction + Venue

1.   This is a civil action authorized by 42
U.S.C. Section 1983 to redress the deprivation,
under color of state law, of rights secured by
the United States Constitution And the Mississippi
Constitution. The Court has jurisdiction under 28
U.S.C. Section 1331 And 1343 (a)(3). Plaintiff seeks
declaratory relief pursuant to 28 U.S.C. Section(s)
2201 and 2202. Plaintiffs' claims for injunctive
relief are authorized by 28 U.S.C. section (s)

2283 and 2284 and Rule 65 of the Fed. R. C. P. The plaintiff also seeks damages. The plaintiff also alleges the torts of negligence under Mississippi Law.

## II    Plaintiff

2. Plaintiff, Jason Holloway, is and was at all times mentioned herein a prisoner of the State of Mississippi in the custody of the Mississippi Department of Corrections (M.D.O.C.) He is currently confined at the Wilkinson County Correctional Facility (W.C.C.F.). He has been housed at WCCF since Feb. 25th 2021 and he is still currently housed at W.C.C.F.

## III    Defendants

3. Defenfendant, Scott Middlebrooks is the former warden of W.C.C.F. and he is tasked with the orderly running of the facility and making sure that the plaintiff recieves adequate medical

care, that is medical ordered diet is followed, that he recieves fair hearings at his disciplinary hearings, that he gets to scheduled medical appointments, that all policies are being followed, that he gets to practice his firm religious belief and that there is adequate staff to safely run the prison.

4. Defendant, Dr. J. Burke is the medical doctor at W.C.C.F. And has the task to make sure the plaintiff recieves adequate, timely medical, dental, and mental health treatment.

5. Defendant, Unknown former H.S.A. Saint Julian is the former Health Service Administrator (H.S.A.) And is responsible for making sure the medical department has adequate staff And that plaintiff recieves adequate medical, dental, And mental health treatment

6. Defendant, Management + Training Corporation (M.T.C.) is a for profit organization And is contracted with M.D.O.C. to operate. And run

W.C.C.F. M.T.C. is responsible for making sure that it properly as adequate staff to operate and safely run the prison. M.T.C. has failed to adequately staff W.C.C.F. and has failed to train, supervise, and provide adequate staff to operate and run W.C.C.F.

7. Defendant, Unknown Dunmore, is the former kitchen supervisor at W.C.C.F. She is responsible for making sure that the plaintiff recieved his prescribed medical ordered diet and recieves adequate nutrition on his trays.

8. Defendant, D. Anthony is the Chaplain at W.C.C.F. and is responsible to make sure that the plaintiff gets to practice his religion as a Muslim and his Islam faith.

9. Defendant, George Castro is the former Deputy Warden at W.C.C.F. and he is responsible for the orderly running of the facility and make sure the plaintiff gets adequate medical

pg 5 of 34

dental and mental health care, that his medical ordered diet is followed, and that he gets to scheduled medical appointments, that all policies are being followed, that he gets to practice his religious belief, and that there is adequate staff to properly and safely run the facility

10. Defendant, William DeRevere is the Deputy Warden at W.C.C.F. And is responsible for the orderly running of the facility, and making sure the plaintiff gets adequate medical, dental, and mental health care, that his medical ordered diet is followed, and that he gets to scheduled medical appointments, that all policies are being followed, that he gets to practice his religious belief, and that there is adequate staff to properly and safely run the facility.

11. Defendant, Vital Core Health Strategies is the contracted medical company with M.D.O.C. They are responsible for making sure the plaintiff is provided with adequate medical, dental and

pg 6 of 34

mental health treatment. That there is adequate staff to provide proper medical care.

12. Defendant, Unknown Ware is the disciplinary investigator at W.C.C.F.  She is responsible for getting witness statements and investigating the Rule Violation Reports (R.V.R.)

13. Defendant, Unknown J. Penndleton is the disciplinary hearing officer.  She is responsible for looking at the evidence gathered by the investigator, and giving the plaintiff a fair and partial hearing.

14. Defendant, Unknown D. Vannoy is the Warden at W.C.C.F. He is responsible for the orderly running of the facility. For making sure the plaintiff gets adequate medical, dental and mental health care, that his medical ordered diet is followed, that he is able to practice his religion, that he gets to scheduled medical appointments, that all policies are being followed, and that there is adequate

pg 7 of 34

staff to properly and safely run the facility.

15. Defendant, Sgt. Joseph Hall is a correctional sergeant at W.C.C.F. He is responsible for doing the drug testing here at W.C.C.F.

16. Defendant V. Day is the Unit Manager at W.C.C.F. She is responsible for making sure that her units are properly runned. By making sure the plaintiff gets adequate medical treatment, gets to practice his religion, gets medical ordered diet, gets to scheduled medical appointments, and has adequate staff to properly and safely run her units, and provide plaintiff with medical ordered chair.

17. Defendant Unknown Sgt. Reese is the Unit Zone Sergeant and zone counselor. She is responsible for making sure the zones are run properly. By making sure the plaintiff gets to scheduled medical appointments, gets to practice his religion, gets medical ordered diet and chair for cell, and has adequate staff to properly run her zones.

18. Defendant, Unknown Nurse Robinson is a nurse at W.C.C.F. She is responsible to make sure that the plaintiff gets adequate medical, dental, and mental health treatment. She is also responsible for ordering the plaintiff's prescribed medications.

19. Defendant, Unknown Mrs Taylor is the medical clerk here at W.C.C.F. She is responsible for scheduling of sick call and other medical appointments and for ordering the plaintiffs medical shoes and other supplies. For making sure the plaintiff gets scheduled and seen in a timely manner.

20. Defendant, Unknown Officer Boyd is a correctional officer at W.C.C.F. where she works in medical. She is responsible for making sure the plaintiff gets to all scheduled medical appointments as she is the escort officer for transporting the plaintiff to and from medical.

21. Defendant, Unknown Ms. Hunt is the current kitchen supervisor at W.C.C.F. She is responsible for making sure that the plaintiff recieves adequate nutrition on his trays and that his medically ordered diet is properly followed.

22. Defendant, Laura Donnelly, R.D. is the former dietition at W.C.C.F. She is responsible for making sure the plaintiff recieves adequate nutrition and that the plaintiff's medical ordered diet is followed.

23. Defendant, Ellen Ossorio, R.D., MS, LDN, is the current dietition and is responsible for making sure the plaintiff recieves adequate nutrition and that the plaintiff's medical ordered diet is followed.

24. Defendants, Jane and John Does 1-100 are other M.T.C., MDOC, Vital Core Health Strategies, or W.C.C.F. employees that the plaintiff is

unaware of at this time. Who could also have been are currently are responsible for the violations of the plaintiff's constitutional rights.

25. <u>All of the named defendants</u> in this case are being sued in both their <u>individual and official capacities.</u>

## <u>IV</u>  Facts of the Case

26. The plaintiff was transferred from C.M.C.F. to W.C.C.F. around Feb. 25th 2021. Upon arriving at W.C.C.F. during the intake process the plaintiff advised the medical personnel of all his medical and mental health issues. The plaintiff also Case Manager Dukes during intake that he was of the Islam Faith that he had changed his religion at C.M.C.F. in 2019. The plaintiff was placed in a holding cell for about 7 days then taken to segregation on or around March 1st 2021 pending protective custody.

Around March 30th 2021 I was moved from segregation to C,D,E, housing unit and was placed on Echo Pod on Protective Custody (P.C.) cell 204, Since then have been moved to cell 206 and am currently in Echo cell 207,

## V    Denial of Medical Care

27.  The plaintiff turned in sick calls to the nurses while housed in segregation on the following dates to the best of my knowledge; 3-1-21, 3-3-21, 3-10-21, 3-17-21, the plaintiff turned in approx 8 sick calls while he was housed in segregation and never got seen for none of them.

28.  Around 3-25-21 I sent a inmate request to defendant Sait Julian the former H.S.A. about not getting seen for sick-calls and not recieving my prescribed medication. Never got a response to this request.

Pg 12 of 34

29. Around 3-28-21 I submitted my ARP about the denial of medical and mental heath care. I was never seen for any sick calls for the whole time I was in segergation from 3-1-21 - 3-31-21. I completed the ARP process around July 2nd 2021. ( See Exhibit #1 )

30. On or around 4-1-21 I was finally taken to medical and seen by defendant Saint Julian the former H.S.A. she only seen me for two (2) of my sick calls and didn't do nothing but tell me that I would be seen by Defendants Burke's the next day.

31. I was never taken to see the Dr. the next day after making several request nor was I seen by him for a whole other (2) two months. After being referred to him.

32. Around 6-14-21 Defendant Middlebrooks came around the Unit and I talked to him about me not being seen for my sick calls or getting to my appointments. He typed something

into his phone And toled me he would take care of it,

33. Around 6-16-21   I was finally seen for the first time by Defendant Burke's And he ordered an X-Ray of my leg and ankle where the screw seems to be coming out, He gave me a breathing treatment, He didnt do Anything else but try to rush And see me And get me out of his office.

34. On 6-18-21   I was taken back to medical And a X-Ray was taken And once again I asked Dr, Burke's for something for pain And about ordering my medical shoes,

35.   Since the filing of this complaint And until Now the plaintiff has filled out Numerous more sick calls And have been seen for only a portion of them, The plaintiff is still not being seen in a timely manner for his sick calls And is still not recieving adequate medical, dental or mental

health care,

36. The delay And inadequate medical, dental, and mental health care at W.C.C.F. violates the plaintiff's Constitutional Rights of the 8th Admendment. The plaintiff is still in much pain in his leg due to the rod And screws. Its hard for me to put pressure on my left leg or even walk at times. And is still not recieving adequate medical, dental And mental health care.

## VI   Denial of Religion

37. When the plaintiff arrived at W.C.C.F. on 2-25-21 during the intake process when case manager Dukes was doing my intake she asked me what my religion was. I told her I was of the Islam faith that I had changed my religion at C.M.C.F. in 2019 And started practicing Islam.

38. Upon arriving And being housed at W.C.C.F.

pg 15 of 34

I sent out several inmate request forms to the Chaplains Department and to the kitchen advising them that I was of the Islam faith and that Ramadan was approaching and that I wished to participate in Ramadan.

39. When Ramadan started the plaintiff was told that he was not on the list to participate in Ramadan. So the plaintiff still fasted as required for the month of Ramadan. During Ramadan I am required to eat before sunrise and not again until after sunset. Ramadan started April 13th 2021 and Ended May 13th 2021.

40. Since the plaintiff was not on the list to participate in Ramadan his trays were served with the other inmates. Which most of the times were delivered after the sun came up and before the sun went down. During this time the plaintiff saved what he could off of each tray and ate it at the appropriate time. Which was very little causing the plaintiff to suffer from severe

weight loss, stomach cramps from hunger, and mental and emotional distress.

41.   The plaintiff was seen by Dr. Burke on 6-16-21 And because of the severe weight loss the plaintiff had suffered from fasting and not being able to eat during Ramadan Dr. Burke ordered me a special diet tray. That tray being a Nutrition Support tray which is suppose to have more nutrition than the regular trays served to the other inmates. (See Exhibit #2) (See also Exhibit #3) which is were the diet tray had to be reordered cause the plaintiff is still under weight.

42   The plaintiff filed his ARP concerning the denial of his religion. When the plaintiff filed his original ARP he attached to it a copy of his change of religion form that was done at C.M.C.F. But the Chaplain and Warden said that they didnt have a copy on file which they do. The ARP process was complete on 7-14-21 (see Exhibit #4).

## VII  Furnishings

43. The plaintiff is on P.C. And is a closed custody (C-Custody Status) inmate. Being a C-Custody inmate the plaintiff is only allowed out of his cell for 1 hour a day 5 days a week. On the weekends And holidays he is locked in his cell with Another inmate 24 hours a day. All other times the plaintiff is locked in his cell for 23 hours a day.

44. The cell the plaintiff is confined in consist of a toilet, a sink, a light, a door with a small window And tray slot, And a set of bunk beds. There is No table or chair in his cell or Any other cell. I am either forced to sit on the floor, sit or lay on my rack, or stand up, which he has to do to watch T.V. out the cell door window. There is No place to sit And write or do legal work And write letters ect.

45. The plaintiff does lots of writing, legal works And research, along with Correspondence And

College courses that are outside of the facility that I'm voluntarily taking to better myself, In order to write, do research or legal work the plaintiff is forced to either sit on the floor or sit on his rack to do these things,

46, Being forced to sit either on the floor or on the bed to write and do legal work hunched over for hours writing and do legal work has caused me to suffer severe back pains in my lower and upper back.

47. I have had to fill out several sick calls to get pain meds for my back and even had a X-Ray done on it because of the severe pain that having no place to sit and write has caused me,

48. I filed an ARP about this only to be told that no table will be installed in the cells and could only recieve a chair if it was a order from the doctor, (See Exhibit # 5).

49. Since the filing of this ARP and the response from Defendant VANNOY about the chain I have been given a chair profile by the doctor. Even with the chair profile I still have not been provided with a chair. And I'm still having to hunch over and write and stuff which is still causing me severe back pains. (See Exhibit #6)

VIII   Denial of Adequate Nutrition And failure To Follow Ordered Medical Diet

50. The plaintiff has a severe allergic reaction to corn products has he told the medical staff upon his arrival at W.C.C.F. The plaintiff had a order from C.M.C.F. showing that he was to have no corn products on his tray.

51. There was An order done by Dr. Burke before I was put on the nutrition support diet but every diet order had allergied to Corn or no corn products wrote on them. But there is still being corn products placed on my tray. (see Exhibits 2, 3, 7 & 8)

pg 20 of 34

52.   There is not enough nutrition on my trays to comply with the ordered diet. The corn products constantly being put on my tray and when there not put on the tray I get nothing to substitute for the corn products. This causing me not to get the ordered amount of calories.

53.  The trays do not have the adequate amount of food on them. Nor do I get everything that is on the menu that is suppose to cover the amount of protien, nutrition and calories that Im suppose to have. Im to recieve everything on the menu with the proper portion of food being served. (See Exhibits 2,3, 7, 8, 9, & 10)

54.  The staff does not monitor the feeding of the plaintiff or other inmates. The tray cart is rolled on the zone and floor walkers pass the trays out. So when the plaintiff diet tray is not on the cart or not correct (has corn products on it) the plaintiff has no way to send it back to get it fixed. So he has to miss portions of his meal or the whole

if corn products seem to have touched other food on the tray. This also causing me stomach pains from hunger and weight loss.

## IV    Drug Testing

55. The plaintiff has been drug tested numerous times here at WCCF. Defendant Sgt. Joseph Hall does not follow MDOC policy when it comes to doing the drug test. By him not following policy it has caused the plaintiff to get several RVR's. (See Exhibits 11-13)

56. According to policy when an offender can't produce urine he is suppose to be detained for up to 4 hours. After he has been detained for 4 hours if the offender still can't produce urine he then recieves a RVR for refusing to submit to a drug test (See Exhibit #14)

57. Defendant Joseph Hall has wrote me several RVRs for refusing to submit to a drug test. When I wasnt

refusing, I just couldnt produce urine on command and asked Hall each time to either detain me or come back and test me. He always refuses and just writes me up for refusing. This causing me to be placed on restriction and keeping me in C-custody. If it wasnt for the RVR's for Hall not following policy I would have my B-custody pants and not be on restrictions

58. I filed about Hall not following policy through the ARP process and Defendant Vannoy said that Hall was following policy according to Hall's statement. But Camera's and other statements from other inmates clearly shows that policy is not being followed. (See Exhibit #15)

X    Denial of Due Process

59. The plaintiff has been denied his right to Due Process at each and every disciplinary hearing he has had since being housed at WCCF. all because WCCF staff and defendants refuse to follow

policy. If they would follow policy like they should these violations wouldn't occur.

60. According to policy a RVR is to be wrote And served on the offender within 24 hours of the time of the violation. The delivering employee will document the offender's request for investigation, list witnesses on the RVR And indicate whether the offender wants his hearing.

61. Policy also states that when a RVR is reported the disciplinary investigator will begin the investigation within 24 hours of the same time the rule violation is reported And complete it without reasonable delay.

62. The investigator will be neutral And unbiased in conducting inteviews gathering information, in seeking the truth, the investigator will inberview the accused, And Any other persons considered having pertinet informations, the investigator will provide factual information, have access to all information, And

pg 24 of 34

will recieve cooperation from all personnel. Any staff member called as a witness will not refuse to give a statement.

63. Policy states that the offender charged with a RVR will be allowed to present documentary evidence and call defense witnesses

64. Policy states that disciplinary hearings are conducted by an impartial person or panel of persons, the hearing officer will hear all pertinent information surrounding an alleged rule violation, will question the accused offender, witnessess and any other person appearing at the hearing.

65. Policy, procedure, and practice provide that inmates have an opportunity to make a statement, present documentary evidence and request witnessess,

66. Policy, procedure, and practice provide that the disciplinary committee's decision is based solely on information obtained in the hearing process, including

staff reports, the statements of the inmate charged, And evidence derived from witnesses And documents.

67. Written policy, procedure, And practice provide for review of all disciplinary hearings And dispositions by the warden, superintendent or designee to assure conformity with policy And regulations  (See Exhibit # 16)

68. If these policies would have been followed the plaintiff would not have been found guilty of the RVR's And would not be punished for the failure of defendants not following policy.

69. The plaintiff requested witnessess And they were not called to the hearing or allowed to give a statement on the plaintiff's behalf. One of them being a correctional officer. (See Exhibits 11,12,13,17 +18)

70. There was no full investigation done. If there would have been it would have proved that defendant Hall didn't follow policy And that the RVR was bogus.

71. Since policies were not followed the plaintiff was denied his Due Process rights. Thats the whole reason for policies is to keep inmates from having their constitutional rights violated.

## XI    Exhaustion of Administrative Remedies

72. The plaintiff has exhausted his administrative remedies with respect to all claims And all of the named defendants in this case. (see Exhibits 1, 4, 5, 7, 8, 15, 17, and 18)

## XII    Claims for Relief

73. The actions of defendants Middlebrooks, Vannoy, M.T.C., Dr. Burke, HSA Saint Julian, Vital Core Health Strategies, DeRevere, Castro, Day, Reese, Boyd, Taylor And Robinson in failing to get the plaintiff to his required medical appointments, the delay in seeing the plaintiff, ignoring his request, And not providing the plaintiff with adequate medical, mental health And dental care, Constitutes delibrate indifference

to the plaintiff's serious medical needs.

74. The actions of defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Anthony, Day, Reese And Jane & John Does in denying the plaintiff to participate in Ramadan and practice his religion constitutes the denial of religion under the First Amendment of the United States Constitution. And under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) U.S.C.S. § 2000 cc to 2000 cc-5.

75. The actions of defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Day, And Reese for denying the plaintiff a table, And chair in his cell causing him to suffer severe back And leg pains. Constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

76. The actions of defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Day, Reese, Dunmore, Hunt, Donnelly, Ossorio, And Jane & John Does for not

providing the plaintiff with adequate nutritions and failing to follow the prescribed diet of the doctor constitutes cruel and unusual punishment under the Eighth Admendment of the United States Constitution.

77. The actions of defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Hall, Penndleton, Ware, and Jane and John Does for not following policy during drug testing, and disciplinary proceedings constitues cruel and unusual punishment And denial of Due Process under the Eighth And Fourteenth Admendments of the United States Constitution.

## XIII   Relief Requested

Where fore, plaintiff requests that the courb grant the following relief:

A. Issue a declaratory judgment stating that:

1.  The denial of adequate medical, mental, and dental care from defendants Middlebrooks, Vannoy, M.T.C. DeRevere, Castro, Burke, Julian, Robinson, Taylor, Vital Core, Boyd, Day and Reese violated and continue to violate, the plaintiff's rights under the Eighth Amendment of the United States Constitution.

2.  The denial of defendants Middlebrooks, Vannoy, M.T.C, DeRevere, Castro, Day and Reese for not providing the plaintiff with a table and chair. Violated the plaintiff's and continue to violate the plaintiff's Constitutional rights under the Eighth Amendment of the United States

3.  The denial of defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Anthony, and Jane and John Does for not allowing the plaintiff to participate in Ramadan or practice his religion violated and continues to violate the plaintiff's First Amendment Right under the United States Constitution

4. That defendants Middlebrooks, Vannoy, Mitch, DeRevere, Castro, Penndleton, Ware, and Hall for not following policy and not allowing plaintiff to call witnesses or doe a through investigation and have a fair hearing at his disciplinary hearings violated and continue to violate the plaintiff's Eighth and fourteenth amendment of cruel and unusual punishment and Due Process rights of the United States Constitution.

B. Issue an injunction ordering defendants, or their agents to:

1. Immediately arrange for the plaintiff to been seen by a orthopedic specialist for the removal of the steel rod and pins in his left leg.

2. Carry out without delay the treatment directed by such medical practioner.

3. Provide plaintiff with adequate and timely medical,

Pg 31 of 34

mental health and dental care.

4. Order the defendants to install tables and chairs in the cells for the plaintiff.

5. Order defendants to expunge all RVR's since arriving at W.C.C.F, from the plaintiff's institutional record.

6. Order defendants to follow policy when taking urine or drug test and all disciplinary proceedings to avoid further constitutional violations.

7. Order defendants to allow plaintiff to participate in all upcoming Ramadan, Taleem, and Jumah services and practice his religion freely.

8. Immediatly order defendants to provide plaintiff with adequate nutrition and follow the plaintiffs medical ordered diet. And quit putting corn products on the plaintiff's trays.

C. Award compensatory damages in the following amounts:

1. $59,000.00 jointly and severally against defendants Middlebrooks, Vannoy, M.T.C, Dr. Burke, Julian, Vital Core, DeRevere, Castro, Taylor, Robinson, Boyd, Reese and Day for the physical and emotional pain and suffering for the delay, denial, and ignoring the plaintiff's serious medical needs

2. $25,000.00 jointly and severally against defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Anthony, Day, Reese, and Jane + John Does for the denial of not letting the plaintiff participate in Ramadan and practice his religion. Which caused physical and emotional pain to the plaintiff.

3. $5,000.00 jointly and severally against defendants Middlebrooks, Vannoy, M.T.C, DeRevere, Castro, Day, and Reese for the physical and emotional pain sustained to plaintiff for not having a table or chair in cell

pg 33 of 34

4. $25,000.00 jointly and severally against defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Day, Reese, Dunmore, Hunt, Donnelly, Ossorio, and Jane & John Does for the physical and emotional pain and suffering the plaintiff suffered from the denial of providing the plaintiff with adequate nutrition and not following his prescribed medical diet.

5. $10,000.00 jointly and severally against defendants Middlebrooks, Vannoy, M.T.C., DeRevere, Castro, Hall, Penndleton, Ware and Jane & John Does for the punishment, including deprivation of previlages, liberty and amenity, and emotional injury resulting from their denial of due process in connection with the plaintiff's RVR's and disciplinary proceedings,

D. Award punitive damages in the following amounts:

1. $10,000.00 each against defendants Middlebrooks, Vannoy M.T.C., DeRevere, Dr. Burke, Julian, Vibal Core, Castro, Taylor, Robinson, Boyd, Reese and Day.

2. $2,500.00 each against defendants Penndletons ware, Hall

3. $5,000.00 each against defendant Anthony, Jane and John Does.

E. Grant such other relief as it may appear that plaintiff is entitled.

## ~~XIII~~ Verification

78. I have read the foregoing complaint and hereby verify that the matters alleged therein are true and correct, except as to matters alleged on information and belief, and, as to those, I believe them to be true.

Pursuant to 28 U.S.C. § 1746, I, Jason Holloway declare under the penalty of perjury that the forgoing is true and correct.

Jason Holloway # M0998

W.C.C.F. E-207

P.O. Box 1889

Woodville, MS 39669

Respectfully Submitted,

Jason Holoway

Jason Holloway, pro se

5-13-22

*Exhibit # 1*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-21-348

## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #:   **Jason Holloway #M0998**
Location:   **Wilkinson County Correctional Facility**

From:   **J. Burks**
Title:   **Doctor**

*YOU WERE SEEN BY ME 6/16/21 I HOPE ALL YOUR QUESTIONS AND CONCERNS WERE ADDRESSED*

_____   7/1/21
Signature                                        Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Second Step Response.

_____   7-2-21
Inmate's Signature                            Date

M0998
DOC #

Exhibit # 2

COPY

## Medical Restricted Diet Order Form

Name: _Jason Holloway_   ID # _M0998_

Housing Location: _E 204_

Start Date: _6/16/21_   Expiration/Termination Date: _6/16/22_

DIET ORDER: (Check ONLY ONE diet at a time)

_____ Dental Mechanical (liberal texture modification; chewing problems)

_____ Pregnancy/Nutrition Support

_____ Low Salt/Low Fat

_____ Diabetic Diet with HS snack

_____ No Concentrated Sweets Diet

_____ Full Liquid Diet (5-day max)

_____ Clear Liquid Diet (3-day max)

_____ Long Term Full-Liquid Diet

_____ Bland (no spice, onion, tomato, pepper)

_____ Other, Please describe dietary needs _Allergies to Corn_

Comments: _____

Approved By (Medical or Dental Signature): _____

Name/Position: _____ MD

Received in Food Service: _____
                              (Enter Time and Date)

Received by: _____
                (Food Service Staff Signature)

Exhibit #3

**VitalCore**
Health Strategies

Form #121
Revised: 3-30-2020

NAME: _Jaskowiak Jason_     COPY
                Last        First        MI

ID/#: _110998_

## MEDICAL DIET ORDER FORM

DOB: _5/28/78_  ☑ MALE  ☐ FEMALE

FACILITY: _WCAF_

_3/18/22_                      _3/18/22_
DIET START DATE              DIET START DATE

*Check one Diet Order Below*

*Please contact the Regional Dietitian if a diet is needed which is not on the standard list below.*

| | | |
|---|---|---|
| Clear Liquid (Limit 3 Days) | | Diabetic- Consistent Carbohydrate (No HS Snack) |
| Full Liquid (Limit 3 Days) | | Diabetic- Consistent Carbohydrate (Includes HS Snack) |
| Full Liquid (Long Term) | | Insulin Dependent Diabetic – 1800 Calorie |
| (Enhanced Calorie/ Protein) | | Insulin Dependent Diabetic – 2500 Calorie |
| Lower Fat/ Cholesterol/ Sodium | | Renal Disease (Dialysis) |
| Higher Fiber | | Renal Disease (Non-Dialysis) |
| Gluten Free | | Dental Mechanical |
| Low Lactose | | Other: _Allergies No CORN_ |

SIGNATURES

Medical Authorization for Diet Order:  ☑ YES   ☐ NO

_Blauike_                        _3/18/22_
Ordered By                       Date

_____          _____
Received In Food Department By    Date

*Exhibit #4*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-21-469
## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #:  **Jason Holloway #M0998**
Location:  **Wilkinson County Correctional Facility**

From:  **S. Middlebrooks**
Title:  Warden

In response to your ARP claim. In reference to you requesting to see the IMAM and be given the right to practice your religion/receive the special trays that are given when Ramadan is complete.  The information gathered reveals according to Chaplin Anthony he does not have a change of religion form on file for you, so you need to update your change of religion form showing your religion as Muslim and submit it to Chaplin Department. I consider this matter resolved at this level.

_____                                    7/14/21
Signature                                                                          Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response.  Financial responsibility for such filing rests with the inmate.

_____        M0998                    7-19-21
Inmate's Signature                    DOC #                               Date

*Exhibit #5*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-21-807

## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

**Inmate's Name & #:** **Jason Holloway #M0998**
**Location:** **Wilkinson County Correctional Facility**

**From:** **D. Vannoy**
**Title:** **Warden**

In response to your ARP claim. In reference to a chair and table installed in your cell. No table will be installed in the cells. You can receive a chair only if you have a medical order from the Doctor stating you need a chair. I consider this matter resolved at this level.

_____          12/31/21
Signature                                      Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response. Financial responsibility for such filing rests with the inmate.

_____   M0998          1-5-22
Inmate's Signature                DOC #            Date

*Exhibit #6*

COPY

# WILKINSON COUNTY CORRECTIONAL FACILITY
## MEDICAL PASS

NAME: Holloway Jason          MDOC # M0998

RX:

CHAIR FOR CELL

DIET:

( ) LAY-IN                    EXP. DATE
( ) CUTHCES                   EXP. DATE
( ) VITAL SIGNS               EXP. DATE
( ) OTHER                     EXP. DATE
( ) ACE                       EXP. DATE
( ) SPLINT                    EXP. DATE
( ) KOPS'                     EXP.DATE

SIGNATURE                     DATE   3/18/22

*Exhibit # 7*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-21-225
## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: **Jason Holloway #M0998**
Location: **Wilkinson County Correctional Facility**

From: **S. Middlebrooks**
Title: **Warden**

In response to your ARP claim. In reference to you requesting to be served the correct diet that was ordered with no corn products and to receive a snack bag. According to Food Service Dunmore you are receiving the correct diet tray and your Medical Diet Order Form was revised on 3/1/2021 in which you received a copy with your first step response with no snack bag ordered. I find this matter resolved at this level.

_____
Signature

_____
Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response. Financial responsibility for such filing rests with the inmate.

_____
Inmate's Signature

M0998
DOC #

5-5-21
Date

*Exhibit #8*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-22-63

## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #:  **Jason Holloway #m0998**
  Location:  **Wilkinson County Correctional Facility**

  From:  **D. Vannoy**
  Title:  Warden

In response to your ARP claim. In reference to you requesting your food tray be fixed to Doctors orders, extra food with no corn products. The information gathered reveals you stated in your original complaint you were not receiving a sandwich at last meal served. You also stated corn products are continuing to be placed on your tray. According to Ms. Hunt you receive your sandwich with your diner and no corn product is being placed on your tray. You Inmate Jason Holloway #M0998 also stated you were receiving your sandwich. I consider this matter resolved at this level.

_____          3/18/22
Signature                                         Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response.  Financial responsibility for such filing rests with the inmate.

_____  M0998          3-22-22
Inmate's Signature              DOC #                Date

**Trinity Services Group**

**MTC Mississippi County Units revised 2021** — Regular — Week 1

## Breakfast

| | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| | Oatmeal w/ Brown Sugar 1 Cup | Grits w/Sugar & Margarine 1 Cup | Oatmeal w/ Brown Sugar 1 Cup | Cold Cereal 1 Cup | Grits w/Sugar & Margarine 1 Cup | Oatmeal w/ Brown Sugar 1 Cup | Grits w/Sugar & Margarine 1 Cup |
| | Margarine 2 Each | Egg Patty 3 Wz | Breakfast Sausage 2 Wz | Sugar 3 WZ | Breakfast Meat Gravy 1 Cup | Pancakes 4" 3 Each | Breakfast Meat Gravy 3/4 Cup |
| | French Toast Bake 1/4 Cup | Breakfast Sausage 3/4 Cup | Hash Brown Potatoes 3/4 Cup | Egg Patty 11/54 Slice | Hash Brown Potatoes 3/4 Cup | Syrup 1/4 Cup | Hash Brown Potatoes 2 Each 1 |
| | Syrup 2 Ws | Hash Brown Potatoes 2 Each 1/54 | Margarine w/Vit A 2 Each 1/54 | Coffee Cake 1 Tbsp | Biscuit 2 Each 1/54 | Breakfast Sausage 2 Ws | Biscuit Cut |
| | Breakfast Sausage 2 Ws | Biscuit Cut | Biscuit Cut | Margarine w/Vit A 3/4 Cup | Margarine w/Vit A Cut | Margarine w/Vit A 1 Tbsp | Margarine w/Vit A 1 Tbsp |
| | Biscuit 1 | Margarine w/Vit A 1 Tbsp | Milk 1 Cup | Hash Brown Potatoes Cut | Dairy Drink PC 1 Tbsp | Dairy Drink PC 1 Each | Milk 1 Cup |
| | Margarine w/Vit A 1 Tbsp | Dairy Drink PC 1 Each | Pepper PC 1 Each | Milk 1 Cup | Pepper PC 1 Each | Pepper PC 1 Each | Pepper PC 1 Each |
| | Jelly 1 Cup | Pepper PC 1 Each | Salt PC 1 Each | Pepper PC 1 Each | Salt PC 1 Each | Salt PC 1 Each | Salt PC 1 Each |
| | Milk 1 Each | Salt PC 1 Each | | Salt PC 1 Each | | | |
| | Pepper PC 1 Each | | | | | | |
| | Salt PC 1 Each | | | | | | |

## Lunch

| | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| | Turkey Stir-Fry 3/4 Cup | Stew Gr & Chili 3/4 Cup | Salisbury Patty 11/4 Cup | Chili Mac Casserole 3 Ounce | Hot Dog 1 1/4 Cup | Taco Mix 1/2 Cup | Stroganoff Casserole 11/4 |
| | Rice 1 Cup | Rice Cooked 1 Cup | Brown Gravy 1/4 Cup | Green Beans 1/4 Cup | Enriched Bread 1/2 Cup | Shredded Lettuce 1 Cup | Carrots (Vit A) 1/2 Cu |
| | Peas 1/2 Cup | Peas & Carrots 1/2 Cup | Mashed Potatoes 1/2 Cup | Cornbread 1/2 Cup | Chili with Beans 1/54 Slice | Shredded Cheese 1/2 WZ | Roll 1 Each |
| | Roll 1 Each | Cornbread 1/54 Slice | Corn 1/2 Cup | Margarine w/Vit A 1 Each | Potato Salad 1 Cup | Sauce Salsa 1 WZ | Margarine w/Vit A 1 Tbsp |
| | Margarine w/Vit A 1 Tbsp | Margarine w/Vit A 1 Tbsp | Roll 1 Each | Fruit 1 Each | Ketchup 1 Tbsp | Tortilla Chips 2 FZ | Fruit Drink with Vit C 1/2 Cu |
| | Glazed Cake 1/54 cut | Cookies 2 Each | Margarine w/Vit A 1 Tbsp | Fruit Drink with Vit C 1 Each | Mustard 1 Tbsp | Rice and Beans 1 Cup | |
| | Fruit Drink with Vit C 1 Each | Fruit Drink with Vit C 1 Each | Glazed Cake 1/54 Slice | Pepper PC 1 Each | Fruit 1 Each | Corn 1/2 Cup | |
| | Pepper PC 1 Each | Pepper PC 1 Each | Fruit Drink with Vit C 1 Each | Salt PC 1 Each | Fruit Drink with Vit C 1 Each | Glazed Cake 1/54 Slice | |
| | Salt PC 1 Each | Salt PC 1 Each | Pepper PC 1 Each | | Pepper PC 1 Each | Fruit Drink with Vit C 1 Each | |
| | | | Salt PC 1 Each | | Salt PC 1 Each | Pepper PC 1 Each | |
| | | | | | | Salt PC 1 Each | |

## Dinner

| | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| | Meat Sauce 3/4 Cup | Pizza (PGR-Real-CHC) 1 1/16 Slice | Ham T 1/16 Slice | Sliced Turkey 3 WZ | Stew 3 WZ | Meatloaf 3 Ounce | Turkey Sauce (Pot Pie) 1 1/ |
| | Pasta Noodles 1 Cup | Corn 1/2 Cup | Red Beans 3/4 Cup | Poultry Gravy 1/4 Cup | Carrots (Vit A) 1/4 Cup | Brown Gravy 1/4 Cup | Biscuit 1 Ea |
| | Green Beans 1/2 Cup | Pasta Salad 1/2 Cup | Rice 1 Cup | Mashed Potatoes 1 Cup | Cornbread 1 Cup | Mashed Potatoes 1 Cup | Green Beans Cut |
| | Roll 1 Each | Pudding 1 Each 1/54 | Peas 1/2 Cup | Fried Cabbage 1/2 Cup | Margarine w/Vit A 1/2 Cup | Peas & Carrots 1/2 Cup | Margarine w/Vit A 1/2 |
| | Margarine w/Vit A 1 Tbsp | Fruit Drink with Vit C 1 Each | Biscuit 1 Each 1/54 | Margarine w/Vit A 1 Each | Glazed Cake 1/54 Cut | Biscuit 1 Each 1/54 | Oatmeal Cookie 1 Tb |
| | Glazed Cake 1/54 Slice | Pepper PC 1 Each | Margarine w/Vit A 1 Tbsp | Oatmeal Cookie 2 Each | Fruit Drink with Vit C 1 Each | Margarine w/Vit A Cut | Fruit Drink with Vit C 1 E |
| | Fruit Drink with Vit C 1 Each | Salt PC 1 Each | Canned Fruit 1/2 Cup | Fruit Drink with Vit C 1 Each | Pepper PC 1 Each | Fruit 1 Tbsp | Pepper PC 1 E |
| | Pepper PC 1 Each | | Fruit Drink with Vit C 1 Each | Pepper PC 1 Each | Salt PC 1 Each | Fruit Drink with Vit C 1 Each | Salt PC 1 E |
| | Salt PC 1 Each | | Pepper PC 1 Each | Salt PC 1 Each | | Pepper PC 1 Each | |
| | | | Salt PC 1 Each | | | Salt PC 1 Each | |

Exhibit # 9

**Trinity Services Group**

## MTC Mississippi Units revised 2021 — Regular — Week 2

| | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| **Breakfast** | | | | | | | |
| Oatmeal w/ Brown | 1 Cup | Grits w/Sugar & Margarine | Cold Cereal 1 Cup | Grits w/Sugar & Margarine | Oatmeal w/ Brown Sugar 1 Cup | Grits w/Sugar & Margarine | Oatmeal w/ Brown 1 Cup |
| Sugar | 3 Each | Grits 1 Cup | Egg Patty 3 WZ | Margarine | Fried T Ham 1 WZ | Egg Patty 2 Each | Sugar 3 WZ |
| Pancakes 4" | 1/4 Cup | Breakfast Meat Gravy | Hash Brown Potatoes 3/4 Cup | Pancakes 4" 3 Each | Hash Brown Potatoes 3/4 Cup | French Toast Bake 1/4 Cup | Hash Brown Potatoes 3/4 Cup |
| Syrup | 1 WZ | Hash Brown Potatoes 1 Cup | Biscuit 1 Each 1/54 | Syrup 1/4 Cup | Coffee Cake 1 1/54 Slice | Syrup 2 WZ | Coffee Cake 1/54 Cut |
| Fried Ham | | Biscuit 2 Each 1/54 | Cut | Breakfast Sausage 2 Ws | Margarine w/Vit A# 1 Tbsp | Breakfast Sausage 1 Tbsp | Margarine w/Vit A# 1 Tbsp |
| Margarine w/Vit...1 | 1 Tbsp | Cut | Jelly 1 Tbsp | Margarine w/Vit A# 1 Tbsp | Milk 1 Cup | Margarine w/Vit A# 1 Cup | Dairy Drink PC 1 Each |
| Dairy Drink PC | 1 Each | Margarine w/Vit A# 1 Tbsp | Margarine w/Vit A# 1 Tbsp | Dairy Drink PC 1 Each | Pepper PC 1 Each | Dairy Drink PC 1 Each | Pepper PC 1 Each |
| Pepper PC | 1 Each | Milk 1 Cup | Milk 1 Cup | Pepper PC 1 Each | Salt PC 1 Each | Pepper PC 1 Each | Salt PC 1 Each |
| Salt PC | 1 Each | Pepper PC 1 Each | Salt PC 1 Each | Salt PC 1 Each | | Salt PC 1 Each | |
| | | Salt PC 1 Each | | | | | |
| **Lunch** | | | | | | | |
| Chili | 1 Cup | Turkey Salami 3 Ounce | Burrito Filling 3/4 Cup | T Ham 3/4 Cup | Turkey Ala King 3/4 Cup | T Hot Dog 2 Each | Sloppy Joe 1/2 Cup |
| Rice | 1 Cup | Enriched Bread 2 Slice | Spanish Rice 1 Cup | Red Beans 3/4 Cup | Rice 1 Cup | Roll 1 Each | Hamburger Bun 1 Each |
| Green Beans | 1/2 Cup | Dressing Salad 1 Tbsp | Corn 1/2 Cup | Rice 1 Cup | Green Beans 1/2 Cup | Baked Beans 1 Cup | Oven Brown Potatoes 1 Cup |
| Cornbread | 1/54 Slice | Peas 1/2 Cup | Shredded Cheese 1 WZ | Fried Cabbage 1/2 Cup | Biscuit 1 Each 1/54 | Potato Salad 1 Cup | Mixed Vegetables 1/2 Cup |
| Margarine w/Vit A# | 1 Tbsp | Macaroni Salad 1 Cup | Flour Tortilla 2 Each | Cornbread 1/54 Slice | Cut | Ketchup 1 Tbsp | Ketchup 1 Tbsp |
| Canned Fruit | 1/2 Cup | Glazed Cake 1/54 Slice | Oatmeal Cookie 2 Each | Margarine w/Vit A# 1 Tbsp | Margarine w/Vit A# 1 Tbsp | Glazed Cake 1/54 Cut | Glazed Cake 1/54 Slice |
| Fruit Drink with Vit C | 1 Each | Fruit Drink with Vit C 1 Each | Cookies 2 Each | Fruit 1 Each | Fruit 1 Each | Fruit 1 Each | Fruit 1 Each |
| Pepper PC | 1 Each | Pepper PC 1 Each | Fruit Drink with Vit C 1 Each | Fruit Drink with Vit C 1 Each | Fruit Drink with Vit C 1 Each | Fruit Drink with Vit C 1 Each | Fruit Drink with Vit C 1 Each |
| Salt PC | 1 Each | Salt PC 1 Each | Pepper PC 1 Each | Pepper PC 1 Each | Pepper PC 1 Each | Pepper PC 1 Each | Pepper PC 1 Each |
| | | | Salt PC 1 Each | Salt PC 1 Each | Salt PC 1 Each | Salt PC 1 Each | Salt PC 1 Each |
| **Dinner** | | | | | | | |
| Burger Patty | 3 Ounce | Turkey Smoked Sausage 3 WZ | Shepherd's Pie 1 1/4 Cup | Meatloaf 1 | Ground Meat Stroganoff 3/4 Cup | Baked Chicken Quarter 1 Each | Macaroni Goulash 1-1/4 Cup |
| Patty | | | Green Beans 1/2 Cup | Patty | Herbed Pasta 1 Cup | Rice Pilaf 1 Cup | Corn 1/2 Cup |
| Ketchup | 1 Tbsp | Mustard 1 Tbsp | Roll 1 Each | Brown Gravy 1/4 Cup | Mixed Vegetables 1/2 Cup | Fried Cabbage 1/2 Cup | Biscuit 1 Each |
| Fried Potatoes | 1 Cup | Baked Beans 1 Cup | Margarine w/Vit A# 1 Tbsp | Mashed Potatoes 1 Cup | Roll 1 Each | Cornbread 1/54 Slice | 1 Tbsp |
| Mixed Vegetable | 1/2 Cup | Coleslaw 1/2 Cup | Pudding 1/2 Cup | Blackeyed Peas 1/2 Cup | Margarine w/Vit A# 1 Tbsp | Margarine w/Vit A# 1 Tbsp | |
| Hamburger Bun | 1 Each | TSG Hoagie Roll 3 WZ 1 Each | Fruit Drink with Vit C 1 Each | Roll 1 Each | Pudding 1/2 Cup | Glazed Cake 1/54 Cut | |
| Brownie | 1/54 Cut | Fruit 1 Each | Pepper PC 1 Each | Margarine w/Vit A# 1 Tbsp | Fruit Drink with Vit C 1 Each | Fruit 1 Each | |
| Fruit Drink with Vit C | 1 Each | Fruit Drink with Vit C 1 Each | Salt PC 1 Each | Pudding 1 Tbsp | Pepper PC 1 Each | Fruit Drink with Vit C 1 Each | |
| Pepper PC | 1 Each | Pepper PC 1 Each | | Fruit Drink with Vit C 1 Each | Salt PC 1 Each | Pepper PC 1 Each | |
| Salt PC | 1 Each | Salt PC 1 Each | | Pepper PC 1 Each | | Salt PC 1 Each | |
| | | | | Salt PC 1 Each | | | |

Dietary Consultant _Laura Donnelly, R.D_

Approval Date _____   12/28/2020

2020 MTC Wilkinson County Correctional Facility MS

# Trinity Services Group

## MTC Mississippi Units revised 2021 — Regular

### Breakfast

| Item | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| Grits w/Sugar & Margarine | 1 Cup | | 1 Cup | | 1 Cup | | 1 Cup |
| Oatmeal w/ Brown Sugar | | 1 Cup | | 1 Cup | | 1 Cup | |
| Pancakes 4" | 3 Each | | | | | | |
| Breakfast Sausage | | 2 Wz | | | 2 Each 1/54 | | |
| Breakfast Meat Gravy | | | 1 Cup | | 1 Cup | | |
| Egg Patty | | | | 3 Wz | | | 3 Wz |
| French Toast Bake | | | | | | 2 Each | |
| Hash Brown Potatoes | | 3/4 Cup | 3/4 Cup | 3/4 Cup | 3/4 Cup | | 3/4 Cup |
| Fried T Bologna | 1 Wz | | | | | | |
| Syrup | 2 Wz | | | | | 2 Wz | |
| Biscuit | | 1 Each 1/54 | 2 Each 1/54 | 1 Each 1/54 | 1/54 Cut | | 1/54 Slice |
| Coffee Cake | | | Cut | | | | |
| Jelly | | 1 Tbsp | | | | | |
| Milk | | 1 Cup | 1 Cup | | 1 Cup | | |
| Margarine w/Vit AM | 1 Tbsp | 1 Tbsp | 1 Tbsp | 1 Tbsp | 1 Tbsp | 1 Tbsp | 1 Tbsp |
| Dairy Drink PC | 1 Each | | | 1 Each | | 1 Each | 1 Each |
| Pepper PC | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |
| Salt PC | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |

### Lunch

| Item | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| Burger Patty | 3 Ounce Patty | | | | | | |
| Turkey Terazini | | 3/4 Cup | | | | | |
| Stew | | | 11/4 Cup | | | | |
| Stroganoff Casserole | | | | 11/4 Cup | | | |
| Peanut Butter | | | | | 2 Wz | | |
| Chili Mac Casserole | | | | | | 11/4 Cup | |
| Turkey Sauce (Pot Pie) | | | | | | | 11/4 Cup |
| Sliced Cheese | 1 Slice | | | | | | |
| Rice | | 1 Cup | | | | | |
| Mixed Vegetables | | | 1/2 Cup | | | | |
| Green Beans | | | | 1/2 Cup | | | 1/2 Cup |
| Jelly | | | | | 4 Slice | | |
| Corn | | | | | | 1/2 Cup | |
| Hamburger Bun | 1 Each | | | | | | |
| Fried Cabbage | | 1/2 Cup | | | | | |
| Roll | | 1 Each | 1 Each | 1 Each | | | |
| Enriched Bread / Cornbread | | | | | 1 Cup | 1/54 Slice | Cut |
| Macaroni Salad | | | | | 1 Cup | | |
| Mustard | 1 Tbsp | | | | | | |
| Dressing Salad | 1 Tbsp | | | | | | |
| Margarine w/Vit AM | | 1 Tbsp | 1 Tbsp | 1 Tbsp | | 1 Tbsp | 1 Tbsp |
| Fruit / Canned Fruit | 1 Each | 1 Each | | 1/2 Cup | | | |
| Glazed Cake | | | 1/54 Cut | | 1/54 Cut | | |
| Ranch Beans | 1/2 Cup | | | | | | |
| Pasta Salad | 1/2 Cup | | | | | | |
| Oatmeal Cookie | 2 Each | | | | | 1 Each | |
| Cookies | | | | | | 2 Each | |
| Fruit Drink with Vit C | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |
| Pepper PC | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |
| Salt PC | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |

### Dinner

| Item | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| Creole Turkey Rice | 11/4 Cup | | | | | | |
| Pizza (Pre-Heat-CMTC) | | 1/16 Slice | | | | | |
| Ham | | | 3 Wz | | | | |
| Chicken Teriyaki | | | | 3/4 Cup | | | |
| Meatloaf | | | | | 3/4 Cup | | |
| Turkey Stir Fry | | | | | | 3/4 Cup | |
| Jambalaya | | | | | | | 11/4 Cup |
| Brown Gravy | | | | | 1/4 Cup | | |
| Peas & Carrots | 1/2 Cup | | | | | | |
| Green Beans | | 1 Cup | | | | | |
| Pinto Beans | | | 1 Cup | | | | |
| Rice | | | | 1 Cup | | 1 Cup | |
| Mashed Potatoes | | | | | 1/2 Cup | | |
| Peas | | | | | | 1/2 Cup | |
| Red Beans | | | | | | | 1/2 Cup |
| Fried Cabbage | | | 1/2 Cup | | 1/2 Cup | | |
| Carrots (Vit A) | | | | 1/2 Cup | | | |
| Mixed Vegetables | | | | | | | 1/2 Cup |
| Italian Pasta Salad | | 1/2 Cup | | | | | |
| Cornbread | 2 Each | | 1/54 Slice | | | Biscuit | 1/54 Cornbread |
| Biscuit | | | | 1 Each 1/54 | | 1 Each 1/54 | |
| Roll | | | | | 1 Each | | |
| Margarine w/Vit AM | 1 Tbsp | | 1 Tbsp | 1 Tbsp | 1 Tbsp | 1 Tbsp | 1 Tbsp |
| Cookies | | 2 Each | | | | | |
| Fruit / Canned Fruit | | | 1 Each | 1 Each | 1 Each | | 1 Each |
| Glazed Cake | 1/54 Slice | | 1/54 Slice | 1/54 Slice | 1/54 Slice | 1/54 Slice | |
| Fruit Drink with Vit C | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |
| Pepper PC | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |
| Salt PC | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |

# Trinity Services Group — MTC Mississippi Units revised 2021 — Regular — Week 4

## Breakfast

| Item | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| Oatmeal w/ Brown Sugar | 3/4 Cup | | 1 Cup | | | 1 Cup | |
| Grits w/Sugar & Margarine | | 1 Cup | | 1 Cup | | | 1 Cup |
| Pancakes 4" | 3 Each | | | | | 3 Each | |
| Egg Patty | | 3 Each | | 3 Wz | | | |
| Cinnamon Roll TSG Mix Glazed | | | 3/4 Cup | | | | |
| Cold Cereal | | | | | 1 Cup | | |
| Breakfast Meat Gravy | | | | | 1 Cup | | |
| Breakfast Sausage | 2 Wz | | | | | | 2 Wz |
| Hash Brown Potatoes | | 1/4 Cup | | 3/4 Cup | 3/4 Cup | | 3/4 Cup |
| Syrup | 1/4 Cup | | | | | 1 Wz | 1 Tbsp |
| Coffee Cake | | 2 Wz | | 4 oz | | | |
| Fried T Bologna | | | 1 Wz | | | 1 Tbsp | |
| Biscuit | | | | | 2 Each 1/54 | | 1 Each 1/54 Cut |
| Jelly | | | | | | | 1 Tbsp |
| Margarine w/Vit AM | 1 Tbsp | 1 Tbsp | 1 Tbsp | 1 Wz | 1 Tbsp | 1 Each | 1 Each |
| Dairy Drink PC | | 1 Each | 1 Each | 1 Each | | 1 Each | |
| Milk | 1 Cup | | | | 1 Cup | | 1 Cup |
| Pepper PC | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |
| Salt PC | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |

## Lunch

| Item | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| Meat Sauce | 3/4 Cup | | | | | | |
| Stew | | 3/4 Cup | | | | | |
| T Ham | | | 3 Wz | | | | |
| T Hot Dog | | | | 2 Each | | | |
| Cheeseburger Casserole | | | | | 1 1/4 Cup | | |
| Sloppy Joe | | | | | | 1/2 Cup | |
| Turkey Tetrazinni | | | | | | | 3/4 Cup |
| Pasta Noodles | 1 Cup | | | | | | |
| Rice | | 1 Cup | 1 Cup | | | | 1 Cup |
| Red Beans | | | 3/4 Cup | | | 1 Each 1/54 Cut | |
| Roll | 1 Each | 1 Each | | 1 Each | | | |
| Hamburger Bun | | | | | | 1 Each | |
| Corn | 1/2 Cup | | | | | | |
| Green Beans | | 1/2 Cup | | | | | 1 Cup |
| Seasoned Cabbage | | | 1/2 Cup | | | | |
| Fried Potatoes | | | | 1 Cup | | | |
| Baked Beans | | | | 1 Cup | | | |
| Mixed Vegetables | | | | | 1/2 Cup | | |
| Potato Salad | | | | | | 1/2 Cup | |
| Cornbread | | | 1/54 Slice | | | | 1/2 Cup |
| Biscuit | | | | | 1 Each 1/54 Cut | | |
| Ketchup | | | | 1 Tbsp | | | |
| Margarine w/Vit AM | 1 Tbsp | | 1 Tbsp | | 1 Tbsp | | 1/54 Cut |
| Glazed Cake | | 1 Tbsp | | | | 1/54 Cut | |
| Pudding | | | 1/54 Slice | | | | |
| Oatmeal Cookie | | | | 2 Each | | | |
| Fruit | 1 Each | | | | 1 Each | | 1 Each |
| Fruit Drink with Vit C | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |
| Pepper PC | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |
| Salt PC | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |

## Dinner

| Item | Thursday | Friday | Saturday | Sunday | Monday | Tuesday | Wednesday |
|---|---|---|---|---|---|---|---|
| Burger Patty | 3 Ounce Patty | | | | | | |
| Turkey Smoked Sausage | | 3 Ounce Patty | | | | | |
| Sliced Turkey | | | 3 Wz | | | | |
| Meatloaf | | | | 3 Ounce Patty | | | |
| Chili | | | | | 3 Ounce Patty | | |
| Jambalaya | | | | | | 1 1/4 Cup | |
| Macaroni Goulash | | | | | | | 1-1/4 Cup |
| Poultry Gravy | | | 1/4 Cup | | | | |
| Brown Gravy | | | | 1/4 Cup | | | |
| Hash Brown Potatoes | 1 Cup | | | | | | |
| Au Gratin Potatoes | | 1 Cup | | | | | |
| Mashed Potatoes | | | 1 Cup | 1 Cup | | | |
| Fried Cabbage | | 1/2 Cup | | | | | |
| Carrots (Vit A) | 1/2 Cup | | 1/2 Cup | | | | 1/2 Cup |
| Peas & Carrots | | | | 1/2 Cup | | | |
| Rice | | | | | 1 Cup | | |
| Corn | | | | | 1/2 Cup | | |
| Green Beans | | | | | | 1/2 Cup | |
| Mustard | | 1 Tbsp | | | | | |
| Hoagie Roll | | 1 Each | | | | | |
| Hamburger Bun | 1 Each | | | | | | |
| Ketchup | 1 Tbsp | | | | | | |
| Roll | | | | 1 Each 1/54 Cut | | | |
| Biscuit | | | 1 Tbsp | | | | 1 Each 1/54 Cut |
| Cornbread | | | | | 1/54 Slice | 1/54 Slice | |
| Margarine w/Vit AM | | | 1 Each | 1 Tbsp | 1 Tbsp | 1 Tbsp | 1 Tbsp |
| Brownie | 1/54 Cut | | | | | | |
| Canned Fruit | | 1/2 Cup | | 1/54 Slice | | | |
| Glazed Cake | | | 1/54 Slice | | 1 Tbsp | | 2 Each |
| Cookies | | | | | 1/54 Slice | 1/54 Slice | |
| Fruit Drink with Vit C | 1 Each | 1/54 Cut | 1 Each | 1/2 Cup | 1 Each | 1 Each | 1 Each |
| Pepper PC | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |
| Salt PC | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each | 1 Each |

MTC Standard Menu Cycle - Mississippi Correctional Facilities
December 1, 2021 - November 31, 2022

Exhibit # 10

| CYCLE #4 <---CURRENT CYCLE | | Menus Approved By: Ellen Ossorio, MS, RD, LDN | |
|---|---|---|---|
| MONDAY <---DAY OF THE WEEK | PORTION | Dietitian/Reg-License #:  D2185    Date: 12/1/21 | PORTION |
| REGULAR DIET | | DIET FOR HEALTH<br>LF=Low Fat, NS=No Salt, SF=Sugar Free | |
| | | | 8 oz |
| BREAKFAST: | 8 oz | Oatmeal LFNS | 2 oz |
| Oatmeal | 2 oz | Sausage (Non-Pork) | 2 ea |
| Sausage (Non-Pork) | 4 oz / 1 ea | Wheat Toast | 8 oz |
| Fruit (Can, Frozen, Fresh) | 1 ea | Coffee | 8 oz |
| Cinnamon Roll | 8 oz | Milk (1%) | 2 ea |
| Coffee | 8 oz | Sugar Substitute | 4 oz / 1 ea |
| Milk (1%) | 2 ea | Fruit (Can, Frozen, Fresh) | |
| Sugar Substitute | 1 pat | | |
| Margarine | | | 3 oz/1 oz |
| LUNCH: | 3 oz/1 oz | Lean Hamburger Pattie w/Sauteed Onions LFNS | 4 oz |
| Salsbury Steak w/Sauteed Onions | 2 oz | Green Beans LFNS | 4 oz |
| Brown Gravy | 4 oz | Potatoes LFNS | 4 oz |
| Green Beans | 4 oz | Beans LFNS | 1 ea |
| Potatoes | 4 oz | Wheat Bread | 8 oz |
| Beans | 1 ea | Tea/Water | |
| Buttered Cornbread | 8 oz | | |
| Tea/Water | | | |
| | | | 3 oz |
| DINNER: | 2 ea / 2 oz | Lean Chicken Pattie LFNS | 4 oz |
| Turkey Hot Dogs w/chili | 4 oz | Mac 'n Cheese LFNS | 4 oz |
| Mac 'n Cheese | 4 oz | Broccoli LFNS | 4 oz |
| Broccoli | 4 oz | Beans LFNS | 2 ea |
| Beans | 2 ea | Wheat Bread | 8 oz |
| Bread | 2 oz | Punch | 4 oz / 1 ea |
| Mustard/Relish/Onions | 4 oz | Fruit (Can, Frozen, Fresh) | |
| Dessert | 8 oz | | |
| Punch | | | |
| | | | Milk |
| Total Meals | | HS Snack List | Protein |
| Date | | | Bread |
| Subs Y-N | | | |
| Mgr Initials | | Menus Approved By: Ellen Ossorio, MS, RD, LDN | |
| CYCLE #4 <---CURRENT CYCLE | | Dietitian/Reg-License #:  D2185    Date: 12/1/21 | |
| TUESDAY <---DAY OF THE WEEK | PORTION | DIET FOR HEALTH<br>LF=Low Fat, NS=No Salt, SF=Sugar Free | PORTION |
| REGULAR DIET | | | |
| | | | 1.5 oz |
| BREAKFAST: | 1.5 oz | Dry Cereal | 4 oz / 2 ea |
| Dry Cereal | 2 ea | Eggs (Scrambled or each) | |
| Sausage (Non-Pork) | | | |

1

## MTC Standard Menu Cycle - Mississippi Correctional Facilities
## December 1, 2021 – November 31, 2022

| Regular Diet | Portion | Diet for Health | Portion |
|---|---|---|---|
| | | | 2 ea |
| | 2 ea | Wheat Toast | 2 ea |
| Buttered Biscuits | 2 ea | Sugar Substitute | 8 oz |
| Sugar Substitute | 8 oz | Milk (1%) | 8 oz |
| Milk (1%) | 8 oz | Coffee | 4 oz / 1 ea |
| Coffee | 2 oz | Fruit (Can, Frozen, Fresh) | |
| Jelly | 4 oz / 1 ea | | |
| Fruit (Can, Frozen, Fresh) | | | |
| LUNCH: | | *Taco Salad* | |
| *Taco Salad* | | | 4 oz/ 4 oz |
| | 4 oz/ 4 oz | Chili/Tortilla Chips | 2 oz/ 2 oz |
| Chili/Tortilla Chips | 2 oz/ 2 oz | Shredded Cheese/Salsa | 8 oz |
| Shredded Cheese/Salsa | 8 oz | Shred Lettuce | 1 oz or 1 pkt |
| Shred Lettuce | 1 oz or 1 pkt | Sour Cream | 4 oz |
| Sour Cream | 4 oz | Yellow Rice | 4 oz |
| Yellow Rice | 4 oz | Beans | 8 oz |
| Beans | 8 oz | Tea/Water | |
| Tea/Water | | | 3 oz |
| DINNER: | 6 oz | Lean Beef Pattie LFNS | 4 oz |
| Corn Dogs (2) | 4 oz | Potatoes LFNS | 4 oz |
| Potatoes | 4 oz | Cabbage LFNS | 4 oz |
| Cabbage | 4 oz | Rice | 4 oz |
| Rice | 4 oz | Beans | 8 oz |
| Beans | 4 oz | Punch | 4 oz / 1 ea |
| Dessert | 8 oz | Fruit (Fresh) | |
| Punch | | | |

| Regular | | HS Snack List | |
|---|---|---|---|
| | | | Milk |
| Total Meals | | HS Snack List | Protein |
| Date | | | Bread |
| Subs Y-N | | | |
| Mgr Initials | | | |

Menus Approved By: Ellen Ossorio, MS, RD, LDN

CYCLE #4 <—CURRENT CYCLE

Dietitian/Reg-License #: D2185   Date: 12/1/21

WEDNESDAY <—DAY OF THE WEEK

| REGULAR DIET | PORTION | DIET FOR HEALTH<br>LF=Low Fat, NS=No Salt, SF=Sugar Free | PORTION |
|---|---|---|---|
| | | | 4 oz |
| BREAKFAST: | 4 oz | Grits LFNS | 4 oz / 2 ea |
| Grits | 2 ea | Eggs(Scrambled or each) | 2 ea |
| Sausage (Non-Pork) | 2 ea | Pancakes | 3 oz |
| Pancakes | 3 oz | Lite Syrup | 8 oz |
| Syrup | 4 oz / 1 ea | Coffee | 8 oz |
| Fruit (Can, Frozen, Fresh) | 8 oz | Milk (1%) | 2 ea |
| Coffee | 8 oz | Sugar Substitute | 4 oz / 1 ea |
| Milk (1%) | 2 ea | Fruit (Can, Frozen, Fresh) | |
| Sugar Substitue | | | 3 oz |
| LUNCH: | 3 oz | Baked Chicken LFNS | |
| Baked Chicken | | | |

## MTC Standard Menu Cycle - Mississippi Correctional Facilities
### December 1, 2021 – November 31, 2022

| | | | | 2 ea |
|---|---|---|---|---|
| | | Wheat Bread | | 4 oz |
| | 2 ea | Cabbage LFNS | | 4 oz |
| Bread | 4 oz | Mixed Vegetables LFNS | | 4 oz |
| Cabbage | 4 oz | Beans LFNS | | 8 oz |
| Mix Vegetables | 4 oz | Tea/Water | | |
| Beans | 8 oz | | | |
| Tea/Water | 1 pat | | | |
| Margarine | | | | |
| | | | | 3 oz/2 oz |
| DINNER: | 3 oz/2 oz | Philly Cheese Steak Sandwich with Cheese | | |
| Philly Cheese Steak Sandwich with Cheese | | Bread w/ entrée | | 2 oz |
| Bread w/ entrée | 2 oz | Sauteed Onions & Peppers | | 4 oz |
| Sauteed Onions & Peppers | 4 oz | Squash LFNS | | 4 oz |
| Squash | 4 oz | Peas LFNS | | 4 oz |
| Peas | 4 oz | Beans LFNS | | 8 oz |
| Beans | 4 oz | Punch | | 4 oz / 1 ea |
| Dessert | 8 oz | Fruit (Can, Frozen, Fresh) | | |
| Punch | | | | Milk |
| Total Meals | | HS Snack List | | Protein |
| Date | | | | Bread |
| Subs Y-N | | | | |
| Mgr Initials | | | | |

Menus Approved By: Ellen Ossorio, MS, RD, LDN
Dietitian/Reg-License #: D2185    Date: 12/1/21

| CYCLE #4 <—CURRENT CYCLE | | | | |
|---|---|---|---|---|
| THURSDAY <—DAY OF THE WEEK | | PORTION | DIET FOR HEALTH  LF=Low Fat, NS=No Salt, SF=Sugar Free | PORTION |
| REGULAR DIET | | | | 2 ea / 2 ea |
| BREAKFAST: | | 2 ea / 2 ea | Breakfast Tacos (flour tortillas) | |
| Breakfast Tacos (flour tortillas) | | | (scrambled eggs, meat, cheese) | 4 oz |
| (scrambled eggs, meat, cheese) | | 4 oz | Refried Beans | 4 oz |
| Refried Beans | | 4 oz | Potatoes LFNS | 2 oz |
| Potatoes | | 2 oz | Fresh Salsa | 8 oz |
| Fresh Salsa | | 8 oz | Milk (1%) | 8 oz |
| Milk (1%) | | 8 oz | Coffee | 2 ea |
| Coffee | | 2 ea | Sugar Substitute | 4 oz / 1 ea |
| Sugar Substitute | | 4 oz / 1 ea | Fruit (Can, Frozen, Fresh) | |
| Fruit (Can, Frozen, Fresh) | | | | 2 oz. ea/2 ea |
| LUNCH: | | 2 oz. ea/2 ea | Beef Tacos (Soft or Hard) | |
| Beef Tacos (Soft or Hard) | | | Bread w/ entrée | 2 oz. |
| Bread w/ entrée | | 2 oz. | Lettuce/Tomato/Onion/Cheese | 4 oz |
| Lettuce/Tomato/Onion/Cheese | | 4 oz | Spanish Rice LFNS | 4 oz |
| Spanish Rice | | 4 oz | Beans LFNS | 4 oz |
| Beans | | 4 oz | Hominy LFNS | 8 oz |
| Hominy | | 4 oz | Tea/Water | |
| Dessert | | 8 oz | | |
| Tea/Water | | | | |

3

# MTC Standard Menu Cycle - Mississippi Correctional Facilities
## December 1, 2021 - November 31, 2022

| | | | 3 oz |
|---|---|---|---|
| Spaghetti w/meat sauce | 8 oz | Spaghetti w/meat sauce LFNS | 4 oz |
| Beans | 4 oz | Beans LFNS | 4 oz |
| Broccoli | 4 oz | Broccoli LFNS | 4 oz |
| Carrots | 4 oz | Carrots LFNS | 4 oz |
| Garlic Toast | 2 ea | Wheat Bread | 2 ea |
| Punch | 8 oz | Punch | 8 oz |
| Fruit (Fresh) | 4 oz / 1 ea | Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea |

| | | | Milk |
|---|---|---|---|
| Total Meals | | HS Snack List | Protein |
| Date | | | Bread |
| Subs Y-N | | | |
| Mgr Initials | | Menus Approved By: Ellen Ossorio, MS, RD, LDN | |
| CYCLE #4 <—CURRENT CYCLE | | Dietitian/Reg-License #: D2185    Date: 12/1/21 | |
| FRIDAY <—DAY OF THE WEEK | | DIET FOR HEALTH | |

| REGULAR DIET | PORTION | DIET FOR HEALTH LF=Low Fat, NS=No Salt, SF=Sugar Free | PORTION |
|---|---|---|---|
| **BREAKFAST:** | | | 4 oz |
| Oatmeal | 4 oz | Oatmeal LFNS | 4 oz / 2 ea |
| Sausage (Non-Pork) | 2 ea | Eggs (Scrambled or each) | 2 ea |
| French Toast | 2 ea | French Toast | 8 oz |
| Milk (1%) | 8 oz | Milk (1%) | 8 oz |
| Coffee | 8 oz | Coffee | 2 ea |
| Sugar Substitute | 2 ea | Sugar Substitute | 2 ea |
| Syrup | 2 oz | Sugar Free Syrup | 4 oz / 1 ea |
| Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea | Fruit (Can, Frozen, Fresh) | |
| **LUNCH:** | | | 3 oz |
| Pizza | 1 ea | Lean Chicken Pattie LFNS | 4 oz |
| Fresh Salad | 4 oz | Fresh Salad | 4 oz |
| Potatoes | 4 oz | Potatoes LFNS | 4 oz |
| Beans | 4 oz | Beans LFNS | 4 oz / 1 ea |
| Dessert | 1 ea | Fruit (Can, Frozen, Fresh) | 2 ea |
| Tea/Water | 8 oz | Wheat Bread | 8 oz |
| | | Tea/Water | |
| | | | |
| | | | 8 oz |
| **DINNER:** | | | 4 oz |
| Chicken Stir Fry w/rice | 8 oz | Chicken Stir Fry w/rice LFNS | 4 oz |
| Cabbage | 4 oz | Cabbage LFNS | 1 ea |
| Beans | 4 oz | Beans LFNS | 8 oz |
| Cornbread | 1 ea | Cornbread | 4 oz / 1 ea |
| Dessert | 4 oz | Punch | |
| Punch | 8 oz | Fruit (Can, Frozen, Fresh) | |
| Total Meals | | | |

# MTC Standard Menu Cycle – Mississippi Correctional Facilities
## December 1, 2021 – November 31, 2022

|  | HS Snack List | Milk |
|---|---|---|
|  |  | Protein |
|  |  | Bread |
| Date |  |  |
| Subs Y-N |  |  |
| Mgr Initials | Menus Approved By: Ellen Ossorio, MS, RD, LDN |  |

| CYCLE #4 <---CURRENT CYCLE | | Dietitian/Reg-License #:  D2185   Date: 12/1/21 | PORTION |
|---|---|---|---|
| SATURDAY <---DAY OF THE WEEK | | DIET FOR HEALTH LF=Low Fat, NS=No Salt, SF=Sugar Free | |
| REGULAR DIET | PORTION | | |
|  |  |  | 1.5 oz |
| BREAKFAST: | | Dry Cereal | 4 oz / 2 ea |
| Dry Cereal | 1.5 oz | Eggs (Scrambled or each) | 2 ea |
| Meat Gravy | 4 oz | Wheat Toast | 8 oz |
| Buttered Biscuits | 2 ea | Milk (1%) | 8 oz |
| Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea | Coffee | 2 ea |
| Milk (1%) | 8 oz | Sugar Substitute | 4 oz / 1 ea |
| Coffee | 8 oz | Fruit (Can, Frozen, Fresh) | |
| Sugar Substitute | 2 ea | | |
| Jelly | 2 oz | | |
|  |  |  | 3 oz |
| LUNCH: | | Lean Beef Patty NS | 4 oz |
| Beef Enchiladas (Casserole or Rolled) | 8 oz / 2 ea | Dinner Salad | 4 oz |
| Bread w/ entrée | | Beans LFNS | 4 oz |
| Dinner Salad | 4 oz | Corn LFNS | 2 oz |
| Beans | 4 oz | Salad Dressing | 2 ea |
| Corn | 4 oz | Wheat Bread | 8 oz |
| Salad Dressing | 2 oz | Tea/Water | |
| Dessert | 4 oz | | |
| Tea/Water | 8 oz | | |
| DINNER: | | (2) Turkey Sandwiches (2 oz. meat ea.) | 2 oz. ea/2 ea |
| (2) Cold Cut Sandwiches (2 oz. meat ea.) | 2 oz. ea/2 ea | Bread w/ entrée | 2 oz |
| Bread w/ entrée | | (2) Cheese | 4 oz- |
| (2) Cheese | 2 oz | Lettuce/Tomato/Onion/Pickle | 4 oz |
| Lettuce/Tomato/Onion/Pickle | 4 oz | Coleslaw LFNS | 4 oz |
| Coleslaw | 4 oz | Ranch Style Pinto Beans LFNS | 8 oz |
| Ranch Style Pinto Beans | 4 oz | Punch | 1 ea |
| Punch | 8 oz | Mayo/Must. Pack | 4 oz / 1 ea |
| Mayo/Must. Pack | 1 ea | Fruit (Can, Frozen, Fresh) | |

|  | HS Snack List | Milk |
|---|---|---|
| Total Meals |  | Protein |
| Date |  | Bread |
| Subs Y-N |  |  |
| Mgr Initials | Menus Approved By: Ellen Ossorio, MS, RD, LDN |  |

| CYCLE #4 <---CURRENT CYCLE | | Dietitian/Reg-License #:  D2185   Date: 12/1/21 | PORTION |
|---|---|---|---|
| SUNDAY <---DAY OF THE WEEK | | DIET FOR HEALTH LF=Low Fat, NS=No Salt, SF=Sugar Free | |
| REGULAR DIET | PORTION | | |

5

## MTC Standard Menu Cycle - Mississippi Correctional Facilities
### December 1, 2021 – November 31, 2022

| | | | |
|---|---|---|---|
| BREAKFAST: | | Grits LFNS | 4 oz |
| Grits | 4 oz | Eggs(Scrambled or each) | 4 oz / 2 ea |
| Sausage (Non-Pork) | 2 ea | Pancakes | 2 ea |
| Pancakes | 2 ea | Lite Syrup | 3 oz |
| Margarine/Syrup | 2 pat/3 oz | Milk (1%) | 8 oz |
| Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea | Coffee | 8 oz |
| Milk (1%) | 8 oz | Sugar Substitute | 2 ea |
| Coffee | 8 oz | Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea |
| Sugar Substitute | 2 ea | | |
| LUNCH: | | Lean Chicken Pattie LFNS | 3 oz |
| Chicken Pattie | 3 oz | Wheat Bread | 2 ea |
| Bread | 2 ea | Potato Salad LFNS | 4 oz |
| Potato Salad | 4 oz | Beans LFNS | 4 oz |
| Beans | 4 oz | Green Beans LFNS | 4 oz |
| Green Beans | 4 oz | Tea/water | 8 oz |
| Dessert | 4 oz | | |
| Tea/water | 8 oz | | |
| DINNER: | | Eggs (Scrambled or each) | 4 oz / 2 ea |
| Chirozo w/Eggs | 2 oz / 4 oz | Potatoes LFNS | 4 oz |
| Potatoes | 4 oz | Mexican Corn LFNS | 4 oz |
| Mexican Corn | 4 oz | Refried Beans LFNS | 4 oz |
| Refried Beans | 4 oz | Wheat Bread | 2 ea |
| Tortillas | 2 ea | Salsa | 2 oz |
| Salsa | 2 oz | Punch | 8 oz |
| Punch | 8 oz | Fruit (Can, Frozen, Fresh) | 4 oz / 1 ea |
| Margarine | 2 pat | | |
| Total Meals | | HS Snack List | Milk |
| Date | | | Protein |
| Subs Y-N | | | Bread |
| Mgr Initials | | | |

WILKINSON COUNTY CORRECTIONAL FACILITY

RULE VIOLATION REPORT

WILKINSON COUNTY CORRECTIONAL FACILITY

## RULE VIOLATION REPORT

*Exhibit #13*

## WILKINSON COUNTY CORRECTIONAL FACILITY

N° 2011878

(MSP) _____ (CWO) _____
(CMCF) _____ (SMCI) _____
(OTHER) __WCCF__

### RULE VIOLATION REPORT

*E 206*

(Unit Admin. Initial) __MV__   Zone / Tier __CDF__   Unit __Bldg D__   Cell / Bed # __B18__ . Entitled

Offender __Jason Holloway__   MDOC# __M0998__   Violated Rule # _____   Date __1-26-22__ Approx. Time __1021__ Hrs.

By the specific act of __Refuse To Submit To a Drug Test__
__Refusing a Drug Test__

Weapon involved _____ Yes __✓__ No   EXACT location of incident __E 206__

**CIRCUMSTANCES AND DETAILS**  On 1/24/2022 @ 1021 hrs Jason
Holloway # M0998 Refuse a Reasonable Suspicion
Drug Test. End of Statement

Reporting Employee's Signature __Joseph Hall__   Title __Sergeant__   PIN# __9996__   Date __1-27-22__ Time __0913__

Evidence _____ Yes __✓__ No Located   Placed in Segregation - PDA __✓__ No _____ Yes- Location _____

I request witness(es) __✓__ Yes _____ (2) __Officer Boyd__
Witness(es) (1) __Renfroe Bell__

Unless waived, you are hereby notified that a hearing will be held within, no less than, twenty-four (24) hours and no more than (7) working days

I waive the right to a Hearing _____ Yes __✓__ No

DELIVERING EMPLOYEE __M. Owens__   DATE __1-27-22__   TIME __1312__

**ACCUSED** _____

1. Investigation began within 24 hrs of violation? __✓__ Yes _____ No.   2. Date/Time investigation completed __1-22-10 13 16__ AM PM.
3. If not completed without reasonable delay, explain: _____
4. Name of Investigator __M. Thomp__
5. Working days between date of violation and hearing _____
6. If more than seven (7) working days, explain: _____

Is accused offender in Trusty Status _____ Yes _____ No   Does accused offender receive Earned Time _____ Yes _____ No

Name of Persons at Hearing - Accused _____   Hearing Officer _____

Other _____

Accused's response _____ Admit _____ Admit w/ modifications _____ Deny _____   Accused's Statement _____

Documents read and discussed _____ RVR _____ Investigation _____ Witness Statements _____ Other _____

**FINDINGS:** _____ Guilty _____ Not Guilty   Reason for Findings: _____

**PUNISHMENT:** _____   Poor conduct record _____
Reason (s) _____ Seriousness of offense _____ The need to protect the institution, employees or others _____
Other _____
A total of _____ Rule Violations in _____ A total of _____ Rule Violations for Rule # _____
                                                                                    Date: _____

Signature: _____
     Hearing Officer

Appeal may be filed within 15 days with Legal Claims Adjudicator, c/o ARP, P.O. Box 609, Parchman, MS. 38738, after receipt of the Disciplinary decision.
                                                                                    Date: _____

Offender Signature: _____                                                           Date: _____

Signature of Reviewing Superintendent/Warden/CSD/Designee: _____

Custody Reduction _____ to _____ Date _____ Signature _____ Remove from Trusty Status/ Trusty Earned
Due to guilty finding on the RVR, offender is ineligible to continue to receive Trusty Earned Time/
Time effective _____ Signature _____

_____ Approved _____ Disapproved   _____ Commissioner of Corrections or Designee

*Exhibit # 14*

| MISSISSIPPI DEPARTMENT OF CORRECTIONS | SOP NUMBER 18-02-01 |
|---|---|
| | INSTITUTIONS |
| OFFFENDER DRUG TESTING | INITIAL DATE 09-01-2008 |
| | EFFECTIVE DATE 10-01-2013 |
| ACA STANDARDS: | |
| STATUTES: | NON-RESTRICTED |  PAGE 1 of 8 |

## APPLICABILITY:

This procedure applies to all offenders incarcerated by the Mississippi Department of Corrections (MDOC) and employees responsible for the offender drug testing process.

## POLICY:

It is the policy of the Mississippi Department of Corrections to control unauthorized use and abuse of illegal substances and drugs by conducting offender drug tests.

## DEFINITIONS:

Indelible Ink – Ink that is impossible to remove, rub out, wash out, or alter.

Chain of Custody – A legal term that refers to the ability to trace and safeguard the specimen from the time it is donated through all the steps in the process from collection to reporting the results.

Illicit Drug – Any controlled substance or prescription medication used unlawfully.

Sensitive Placement – An offender's job assignment or workplace that requires the offender to have integrity and exhibit responsibility. Offenders may be housed outside the institution and work on outside details with minimum supervision while living in a community setting. Offenders housed within the institution may have contact with the general public and require minimum supervision.

Specimen – Sample of urine taken from an offender sufficient to conduct a urinalysis.

Urinalysis – The testing of a urine specimen.

Fluid Drug Screen – The testing of oral fluid.

Reasonable Belief – Judgment based on specific objective facts and reasonable conclusions drawn in light of experience, training, and education.

## PRECEPTS:

### Targeted Testing

The Commissioner or Deputy Commissioner of Institutions or designee(s) may authorize Targeted Testing. Such testing will normally be performed under the following circumstances:

- An offender is being considered for placement in a community facility based program
- Required by Court Order

| TITLE: OFFENDER DRUG TESTING | | SOP NUMBER 18-02-01 |
| --- | --- | --- |
| EFFECTIVE DATE: 10-01-2013 | NON-RESTRICTED | PAGE 3 of 8 |

94  **Notification of Positive Drug Test for RID Offenders**

95  The staff member conducting the urinalysis is responsible for notifying the Central Mississippi
96  Correctional Facility (CMCF) Warden and the Assistant Director of Offender Services (ADOS) in
97  charge of admission of any positive test for RID offenders.
98

99  If the offender tests positive on his initial arrival, the Assistant Director of Offender Services in
100  charge of admission will immediately notify the sentencing judge and the designated family
101  contact in writing of the delay in the offender entering the RID program.
102

103  If the offender tests positive on a random drug test, the staff member conducting the urinalysis
104  will issue him/her a RVR.
105

106  The Disciplinary Hearing Officer will hear the RVR and impose the appropriate disciplinary
107  sanctions for offenders testing positive for alcohol/drugs.
108

109  If the offender is reclassified to the general population, the Assistant Director of Offender
110  Services in charge of admissions will be notified.
111

112  The ADOS will contact the Judge with the disposition of the Disciplinary Hearing Officer and if
113  necessary, the State Classification Hearing Officer. It will be noted in the letter to the Judge that
114  the offender tested positive after testing negative upon arrival at the MDOC R&C Center.
115

116  The sentencing judge will make the final disposition of the RID offender's status.
117

118
119  **Reasonable Suspicion Test**
120

121  This test is conducted if there is reasonable suspicion that an offender is using alcohol or drugs.
122  Offenders may be tested at any time for reasonable suspicion.
123

124  Reasonable suspicion will be noted on the Urinalysis Chain of Custody form and signed by the
125  suspecting officer and the officer's supervisor.
126

127  **Random Testing**
128

129  An offender may be ordered to submit a urine specimen as part of the random drug testing
130  program. Each Facility's Controlling Authority will ensure that, at a minimum, 15% of all
131  offenders assigned to the facility are tested on a random basis each month.
132

133  An offender on dialysis may be ordered to submit oral fluid as part of the random drug testing
134  program.
135

136  The MDOC Management Information Systems staff will generate this list within Offendertrak
137  and ensure that the random list constitutes 15% of the facility's population.
138

139  Consecutive tests of the same offender may be conducted if his/her name appears on the
140  appropriate computer-generated random list.

| TITLE: OFFFENDER DRUG TESTING | | SOP NUMBER<br>18-02-01 |
|---|---|---|
| EFFECTIVE DATE: 10-01-2013 | NON-RESTRICTED | PAGE 5 of 8 |

188  This information will be typed or legibly written in indelible ink and match the information on the
189  Urinalysis Chain of Custody Form.   The offender will be asked to acknowledge that the
190  information on the container/lid is correct.

191
192  The offender will also be asked if he/she has been taking any medication in the past three
193  weeks, and the response will be noted on the Urinalysis Chain of Custody form.   If the
194  offender's response is "yes" and the subsequent test results are positive, an inquiry will be
195  made to Medical Personnel for prescription verification as to what medications the offender has
196  received in the past three weeks.

197
198  The collection and testing of a urine specimen will be conducted by two (2) staff members of the
199  same gender as the offender being tested.  One staff member will be the witness and the other
200  will be the tester.  The staff member witnessing the collection will:

201
202  • Supervise one offender at a time
203  • Continuously observe (witness) the production of the urine specimen into the container
204  • Keep the specimen in full view of the offender at all times prior to placing the lid on it and
205    labeling it
206  • Close up the bottle containing the specimen
207
208  The staff member performing the test will test the sample according to the vendor specifications.

209
210  If the test is negative, the staff member performing the test will dispose of the urine in a toilet
211  and the container in a waste receptacle for biohazardous material.

212
213  If the test is positive, the staff member will take a photograph of the lid showing the offender's
214  name and number and the positive results.

215
216  The staff member will record the personal observation of the specimen collection and
217  subsequent test results on the Urinalysis Chain of Custody Form.

218
219  If an offender refuses to sign the Urinalysis Chain of Custody Form, two (2) staff members will
220  sign as witnesses.

221
222  The staff member performing the test will dispose of the urine in a toilet and the container in a
223  waste receptacle for biohazardous material.

224
225  The offender will be issued a RVR in accordance with MDOC procedure 18-01-01, Disciplinary
226  Procedures.  A copy of the chain of custody form and the photo of the lid's test results will be
227  attached to the RVR for the Disciplinary Hearing Officer.

228
229  Collecting the Oral Fluid Specimen

230
231  The staff member responsible for collecting the oral specimen will:

232
233  • Instruct the donor not to eat, drink, smoke or chew tobacco products at least 10 minutes
234    prior to the administration of the test.

235
236  • Confirm the offender's identity by inspecting the offender's photo identification card.

18-02-01 (g)
Forms

285 If the test is positive, the staff member will take a photograph of the device showing the
286 offender's name and number and the positive results.
287
288 The staff member will record the personal observation of the specimen collection and
289 subsequent test results on the Chain of Custody Form.
290
291 If an offender refuses to sign the Chain of Custody Form, two (2) staff members will sign as
292 witnesses.
293
294 The offender will be issued a RVR in accordance with MDOC procedure 18-01-01, Disciplinary
295 Procedures. A copy of the Chain of Custody form and the photo of the device's test results will
296 be attached to the RVR for the Disciplinary Hearing Officer.
297

## Refusal to Provide Sample

298
299 An offender who refuses to submit a urine specimen/oral fluid as ordered will be written a RVR
300 for refusing or failing to submit to a urinalysis test in accordance with MDOC procedure 18-01-
301 01, Disciplinary Procedures.
302
303 If the offender claims he/she is unable to provide a urine specimen immediately, he/she will be
304 detained for observation. An offender who is unable to provide a urine specimen after four (4)
305 hours will be considered to have refused or failed to submit to a urinalysis test. If the offender
306 refuses or is unable to submit a urine specimen within four (4) hours, this fact will be noted on
307 the Urinalysis Chain of Custody form.
308

## Training

310
311
312 All staff members involved in the taking of urine or fluid samples will be trained in these
313 procedures before any drug testing of an offender is conducted. The vendor supplying the
314 testing material or a certified staff member will conduct training.
315

## Sanctions for Positive Drug Tests

316
317
318 MDOC applies serious responses to positive drug tests. Offenders who test positive, whether in
319 a drug program or not, meet with sanctions by the appropriate authorities.
320
321 The Disciplinary Hearing Officer may impose sanctions based on the severity and repetition of
322 the offense. Such sanctions will include those identified in MDOC procedure 18-01-01,
323 Disciplinary Procedures.
324

## Sanctions for Offenders in the RID Program

325
326
327 If an active RID participant tests positive, a Rule Violation Report will be issued. He may be
328 referred to a Termination Hearing Committee that consists of a Case Manager, a treatment
329 person, and a security person. They will make a recommendation to the RID Director regarding
330 whether the offender should stay in the program.
331
332 If the Termination Hearing Committee recommends terminating the offender from the program,
333 a Classification Hearing Officer will meet and reclassify the offender. See MDOC procedure on
334 Disciplinary Procedures.

*Exhibit #15*

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-22-126

## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: **Jason Holloway #M0998**
Location: **Wilkinson County Correctional Facility**

From: **D. Vannoy**
Title: **Warden**

In response to your ARP claim. In reference to you requesting the drug testing policy S.O.P. #18-02-01 (MDOC Policy) be followed at all times when doing drug testing. The information gathered reveals according to Sgt. Hall he is following guidelines and procedure of policy 18-02-01. You have not provided any evidence to show where policy is not being followed. I consider this matter resolved at this level.

_____          4/18/22
            Signature                              Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response. Financial responsibility for such filing rests with the inmate.

_____     M0998                4-20-22
Inmate's Signature                    DOC #                    Date

Exhibit # 16

| | | SOP NUMBER 18-01-01 |
|---|---|---|
| **MISSISSIPPI DEPARTMENT OF CORRECTIONS** | | **AGENCY WIDE** |
| DISCIPLINARY PROCEDURES | | **INITIAL DATE 10-01-1997** |
| **ACA STANDARDS:** 5-ACI-3C-01 thru 5-ACI-3C-23, 4-ACRS-3A-01 thru 4-ACRS-3A-03, 4-ACRS-6C-01 thru 4-ACRS-6C-04 | | **EFFECTIVE DATE 12-01-2021** |
| **STATUTES:** 47-5-99, 47-5-104, 47-5-801 | NON-RESTRICTED | PAGE 1 of 20 |

**APPLICABILITY:**

This procedure applies to all offenders incarcerated by the Mississippi Department of Corrections (MDOC) and employees participating in the disciplinary process.

The provisions of this standard operating procedure will apply retroactively.

**POLICY STATEMENT:**

It is the policy of the Mississippi Department of Corrections (MDOC) to discipline all offenders who commit and/or participate in prohibited activities.

**DEFINITIONS:**

Administrative Remedy Program – A program by which an offender may request administrative remedy for situations arising from policies, conditions or events within MDOC that affect them personally.

Criminal Violations – Any incident in which an offender allegedly commits an act covered by criminal law.

Disciplinary Hearing – An impartial classification hearing composed of a Disciplinary Hearing Officer or staff member whose name appears on the Executive Order approved by the Commissioner.

Disciplinary Hearing Officer – Staff member whose name appears on the Executive Order approved by the Commissioner who will hear all pertinent information surrounding an alleged rule violation and base their final decision if some evidence presented at the hearing indicates the underlying action(s) occurred.

Informal Resolution – Resolution of a minor rule infraction at the unit level.

Rule Violation – An act or omission of an act contrary to the rules and regulations of MDOC, laws of the State of Mississippi, or the United States.

Rule Violation Report (RVR) – A report that will include the violation charge, essential facts supporting the alleged violation, processing action taken (including requests for investigation and lists of requested witnesses), findings and disciplinary action taken (if any). The reporting form will be configured so that proper distribution can be made with the original becoming part of the offender's permanent MDOC record.

Inappropriate Sexual Behavior – Seductive or obscene acts that include unwelcome touching, or masturbation.

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER<br>18-01-01 |
|---|---|---|
| EFFECTIVE DATE: 12-01-2021 | NON-RESTRICTED | PAGE 2 of 20 |

44
45 <u>Inappropriate Sexual Behavior with Another Person</u> – Seductive or obscene acts that include
46 intimate touching, penetration of another's body cavity, and include homosexual and
47 heterosexual activity.
48
49 <u>Physical Action</u> – Any use of force; act of fighting, hitting, kicking, shoving, pushing, biting, or
50 other similar type of physical contact; or throwing, squirting or spitting any item, substance or
51 fluid.
52
53 <u>Riot</u> – To incite, instigate, organize, plan, cause, aid, abet, assist or take part in any disorder,
54 disturbance, strike, or other organized disobedience to the rules of the facility.
55
56 <u>Serious Physical Injury</u> – Means an injury requiring more than basic first aid.
57
58 <u>Sexual Assault</u> – Non-consensual intimate physical contact with another person that may
59 include an attempt or threat of physical violence.
60
61 <u>Unauthorized Communication</u> – Any form of communication not allowed by any posted or
62 published rule, including inducing personnel to carry items into or out of the institution, using a
63 staff telephone or communicating with another inmate in a different housing status.
64
65 <u>Dangerous Contraband</u> – A firearm, knife, other weapon, device or instrument, material or
66 substance that is readily capable of causing or inducing fear of death or serious physical injury.
67
68 <u>Some Evidence</u> – Whether any evidence at all supports the action taken by prison officials.
69
70 <u>Tobacco Product</u> – Any product that contains tobacco, the prepared leaves of any plant
71 belonging to the nicotine family, which include, but not limited to cigarettes, loose tobacco,
72 cigar, snuff, chewing tobacco, or any other preparation of tobacco, tobacco substitutes, smoking
73 paraphernalia (i.e., matches, lighter, cigarette papers) and all other items developed and
74 processed for the primary purpose of facilitating the use or possession of tobacco or tobacco-
75 related products as well as packaging material.  Packaging material includes, but not limited to
76 snuff or cigarette containers. tobacco product does not include pharmacological aids (i.e., patch,
77 inhaler, or lozenges) for smoking cessation.
78
79 <u>Electronic Cigarette/Vaporizers</u> – An electrical device(s) that simulates the act of tobacco
80 smoking by producing an inhaled vapor bearing the physical sensation, appearance, and may
81 contain nicotine. The liquid is heated to create an aerosol that the user inhales.
82
83 **<u>PROCEDURES</u>:**
84
85 *Adult Community Residential Services:*  **Facility rules and regulations are reviewed at least**
86 **annually and updated, if necessary [4-ACRS-3A-02].**
87
88 *Adult Correctional Institutions:*  **There is a written set of disciplinary procedures governing**
89 **inmate rule violations [5-ACI-3C-02].**
90
91 *Adult Community Residential Services:*  **All program rules and regulations pertaining to**
92 **offenders are conspicuously posted in the facility or included in a handbook that is**
93 **accessible to all offenders and staff [4-ACRS-3A-03].**

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE: 12-01-2021 | NON-RESTRICTED | PAGE 3 of 20 |

94  *Adult Correctional Institutions:* **A rulebook that contains all chargeable offenses, ranges of**
95  **penalties, and disciplinary procedures is given to each inmate and staff member and is**
96  **translated into those languages spoken by significant numbers of inmates. Signed**
97  **acknowledgement of receipt of the rulebook is maintained in the inmate's file. When a**
98  **literacy or language problem prevents an inmate from understanding the rulebook, a**
99  **staff member or translator assists the inmate in understanding the rules [5-ACI-3C-03].**
100
101  *Adult Community Residential Services:*  **There is a process for informal resolution of minor**
102  **infractions of facility rules [4-ACRS-6C-01].**
103
104  *Adult Correctional Institutions:* **There are written guidelines for resolving minor inmate**
105  **infractions, which include a written statement of the rule violated and a hearing and**
106  **decision within seven days, excluding weekends and holidays, by a person not involved**
107  **in the rule violation; inmates may waive their appearance at the hearing [5-ACI-3C-05].**
108
109  <u>**Informal Resolution Process**</u>
110
111  An Informal Resolution of a minor violation requires prompt yet fair disposition and agreement
112  between the accused offender and a staff member (Correctional Supervisor or above).
113
114  The Informal Resolution is designed to reduce paperwork and to enable the offender to avoid a
115  recorded entry of disciplinary action.
116
117  Informal Resolutions will not be used in cases involving violence or physical aggression.
118
119  To accomplish the Informal Resolution action the accused offender will be escorted to the
120  appropriate authority, the charges will be verbally related, and a decision will be made by the
121  appropriate authority as to whether the violation merits action.
122
123  Upon agreement, an Informal Resolution form will be completed.  The Informal Resolution form
124  will include, but not be limited to the following information, as applicable:
125
126  • Offender's name, number, housing unit, zone/tier, cell/bed
127  • Date and time
128  • Location of incident
129  • Specific rule violated
130  • A formal statement of the charge
131  • Any unusual offender behavior
132  • Any staff witnesses
133  • Any physical evidence and its disposition
134  • Reporting staff member's name
135  • Hearing Officer's signature and date
136  • Accused offender's signature, unless refused
137  • Punishment
138
139  An informal meeting will be held with the accused offender and a decision made within seven
140  (7) days, excluding weekends and holidays.
141

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER<br>18-01-01 |
| --- | --- | --- |
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 4 of 20 |

142  The accused offender may waive the meeting by notifying the appropriate authority and
143  completing a waiver form. The accused offender must sign and agree to the imposed penalty.
144
145  The following penalties may be imposed:
146
147  • Counseling with or without a reprimand
148  • Assignment of extra duty, not to exceed 16 hours (0-16 max)
149  • Temporary suspension of privileges, not to exceed seven (7) days (0-7 max)
150  • Loss of two (2) visiting days, depending upon the custody level of offender (no offender will
151     lose more than four (4) consecutive visiting days at any one time)
152
153  The completed Informal Resolution form is placed in the accused offender's unit/working file for
154  future reference. When an offender is found guilty of an informal resolution and loss of privileges
155  is imposed with a beginning/ending date for punishment, copies should be forwarded to:
156
157  • Case Manager
158  • Canteen Manager
159  • Telecommunications Department
160  • Visitation Department
161
162  If the accused offender disagrees with the Informal Resolution, then a Formal Resolution will be
163  prepared and forwarded to the Facility Disciplinary Authority.
164
165  **Restrictions**
166
167  Informal Resolution action will not be capricious or in the nature of retaliation or revenge.
168  Corporal punishment of any kind is strictly prohibited.
169
170  Informal Resolution actions are **NOT** subject to the Administrative Remedy Program.
171
172  **Changes and Recommendations**
173
174  These procedures will not be deviated from for any reason. These procedures will also be
175  reviewed annually for soundness and validity and to incorporate any changes deemed
176  necessary.
177
178  **Formal Resolution Process**
179
180  *Adult Community Residential Services:* **An offender charged with a major rule violation**
181  **receives a written statement of the alleged violation(s), including a description of the**
182  **incident and specific rules violated [4-ACRS-6C-02].**
183
184  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that when**
185  **rule violations require formal resolution, staff members prepare a disciplinary report and**
186  **forward it to the designated supervisor [5-ACI-3C-07].**
187
188  *Adult Correctional Institutions:* **Disciplinary reports prepared by staff members include, but**
189  **are not limited to, the following information:**
190

191   • specific rule(s) violated
192   • a formal statement of the charge
193   • any unusual inmate behavior
194   • any staff witnesses
195   • any physical evidence and its disposition
196   • any immediate action taken, including the use of force
197   • reporting staff member's signature and date and time of report [5-ACI-3C-08].
198
199   Additional information for disciplinary reports includes:
200
201   • Pin number (if applicable)
202   • Offender's name, number, housing unit, zone/tier, cell/bed
203   • Location of incident
204   • Weapon involved
205   • Offender's signature and date unless refused
206   • Indication of requested investigation, witnesses, if any, and if accused inmate chose to
207     waive hearing rights
208   • Delivering officer's name, signature, date, and time RVR was delivered to the offender
209

210   **Preparation of RVR**
211
212   An offender may be issued a RVR if he/she:
213
214   a) Attempts to commit a rule violation
215   b) Solicits another or others to commit the rule violation
216   c) Conspires with another or others to commit the rule violation
217   d) Aids the action of another or others in committing the rule violation
218
219   As soon as reasonably possible after discovery that the aforementioned has occurred or a
220   violation has been committed, the officer who witnesses or any employee having knowledge of
221   the incident will prepare the RVR.
222
223   **All rule violation reports will be legible to the extent possible under the circumstances.**
224
225   **Delivery of RVR to Offender**
226
227   The first copy of the RVR will be delivered to the accused offender within **twenty-four (24)**
228   hours of the time the violation is discovered.
229
230   If the offender refuses to sign for delivery of the RVR, **two (2)** staff members must witness the
231   refusal.
232
233   The delivering employee will also document the offender's request for investigation, list
234   witnesses on the RVR and indicate whether the offender wishes to waive his/her hearing.
235
236   Two (2) staff members must witness the offender's wishes to waive his/her rights to a hearing.
237
238   This must be done whether the offender signs or refuses to sign for delivery of the RVR.
239   Record of delivery will be made on the RVR showing date, time, and who delivered the copy.

| TITLE: DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| | NON-RESTRICTED | PAGE 6 of 20 |
| EFFECTIVE DATE: 12-01-2021 | | |

240 *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that an**
241 **inmate charged with a rule violation receives a written statement of the charge(s),**
242 **including a description of the incident and specific rules violated. The inmate is given the**
243 **statement at the same time that the disciplinary report is filed with the disciplinary**
244 **committee but no less than 24 hours prior to the disciplinary hearing. The hearing may**
245 **be held within 24 hours with the inmate's written consent [5-ACI-3C-11].**
246
247 Indication should be made on the RVR if the offender was placed in Administrative Segregation
248 pending disciplinary hearing.
249
250 After all essential information has been recorded by the reporting employee, the RVR will be
251 reviewed by the Unit Administrator or designee for completeness and to ensure the incident
252 could not be handled by Informal Resolution.
253
254 If approved, the Unit Administrator or designee will initial the top left corner of the RVR, enter a
255 Pending RVR Alert in Offendertrak, and immediately forward the RVR to the Facility Disciplinary
256 Authority or designee.
257
258 **Pre-Hearing Status**
259
260 *Adult Correctional Institutions:* **Within the disciplinary procedures document there is**
261 **provision for prehearing detention of inmates who are charged with a rule violation. The**
262 **inmate's pre-hearing status is reviewed by the warden/superintendent or designee within**
263 **72 hours, including weekends and holidays [5-ACI-3C-10].**
264
265 Refer to procedures for Offender Segregation, 19-01-01.
266
267 **Investigation**
268
269 *Adult Correctional Institutions:* **Written policy, procedure, and practice specify that, when an**
270 **alleged rule violation is reported, an appropriate investigation is begun within 24 hours**
271 **of the time the violation is reported and is completed without reasonable delay, unless**
272 **there are exceptional circumstances for delaying the investigation [5-ACI-3C-09].**
273
274 The Disciplinary Investigator will begin an investigation within 24 hours of the time the rule
275 violation is reported and will complete it without reasonable delay, unless there are exceptional
276 circumstances. **(Refer to the Investigation Guide and Incident Investigation Form)**
277
278 Exceptional circumstances for delaying an investigation may include, but not be limited to the
279 following:
280
281 • The accused offender is not available to give a statement (i.e., medical reason, away from
282   facility)
283 • Other offender witnesses are not available to give statements for the same reasons
284 • Staff witnesses are not available to give statements
285 • Inclement weather conditions
286 • Institutional emergency
287 • Any extraordinary circumstances approved, in writing, by the Superintendent/Community
288   Corrections Director

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| | | PAGE 7 of 20 |
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | |

289
290  Note:  Such exceptions will be noted in the completed investigation package.
291
292  The Superintendent/Community Corrections Director or designee will approve such exceptions
293  in writing.
294
295  The investigation will be commenced regardless if the offender requests it or not.
296
297  **Investigator**
298
299  • The Disciplinary Investigator will not be the same staff as the staff that reported the incident
300    or wrote the RVR.
301
302  • The Disciplinary Investigator will be neutral and unbiased in conducting interviews and
303    gathering information.
304
305  • In seeking the truth, the Disciplinary Investigator will interview the accused and any other
306    persons considered having pertinent information.
307
308  • The Disciplinary Investigator will provide factual information, and will have access to all
309    information concerning the offender's act of misbehavior and will receive cooperation from
310    all personnel.
311
312  • Any staff member called as a witness will not refuse to give a statement.
313
314  • The Disciplinary Investigator will be subject to call any witness to appear at the hearing.
315
316  • The Disciplinary Investigator will indicate the offender's current job assignment and any
317    educational programs.
318
319  **Witnesses**
320
321  The offender charged with a rule violation will be allowed to present documentary evidence and
322  call defense witnesses unless:
323
324  • Permitting offender to do so will be unduly hazardous to institutional safety and security.
325
326  • Witness was not present when the violation occurred or has no firsthand knowledge of the
327    incident, or investigation discloses that the called witness's testimony would be repetitive of
328    all other called witnesses.  In such cases, the accused will be permitted to select no more
329    than two (2) witnesses.
330
331  If the witness is not readily available for the hearing due to being away from the facility/housing
332  unit where the RVR is being heard, a statement may be obtained by the investigator to be used
333  in place of the witness's personal appearance.  The investigator may obtain a transcribed
334  statement over the telephone.
335
336  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that inmates**
337  **charged with rule violations are present at their hearings unless they waive that right in**

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 8 of 20 |

338 writing or through their behavior. Inmates may be excluded during the testimony of any
339 inmate whose testimony must be given in confidence; the reasons for the inmate's
340 absence or exclusion are documented [5-ACI-3C-16].
341
342 At the discretion of the Hearing Officer, private testimony may be taken whenever it is
343 determined that revealing the identity of the witness may subject him to personal danger.
344 Reasons for the witness's exclusion or absence will be documented and the accused offender
345 will be notified.
346
347 Questions may be asked of any witness called to the meeting.
348
349 **Disciplinary Hearing**
350
351 *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that**
352 **disciplinary hearings on rule violations are conducted by an impartial person or panel of**
353 **persons. A record of the proceedings is made and maintained for at least six months [5-**
354 **ACI-3C-15].**
355
356 **Refer to the Rule Violation Report (RVR) Hearing Script.**
357
358 The Hearing Officer will hear all pertinent information surrounding an alleged rule violation.
359
360 The Hearing Officer will question the accused offender, witnesses and any other person
361 appearing at the hearing.
362
363 *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that inmates**
364 **have an opportunity to make a statement and present documentary evidence at the**
365 **hearing and can request witnesses on their behalf; the reasons for denying such a**
366 **request are stated in writing [5-ACI-3C-17].**
367
368 The Hearing Officer will exercise control of all questioning to prevent harassment, abuse,
369 repetition, deficiency of relevancy, and to maintain order.
370
371 The accused, any witnesses and the accuser, if present, may be excused from the hearing
372 during deliberation.
373
374 *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that the**
375 **disciplinary committee's decision is based solely on information obtained in the hearing**
376 **process, including staff reports, the statements of the inmate charged, and evidence**
377 **derived from witnesses and documents [5-ACI-3C-19].**
378
379 The RVR will be affirmed if some evidence indicates the underlying action(s) occurred.
380
381 The RVR itself may be used as the sole basis for the Hearing Officer's decision.
382
383 The Hearing Officer will render a fair and just punishment for a factual finding and must sign
384 his/her name to each RVR.
385
386 A copy of written findings will be given to the offender as soon as reasonably possible after the
387 hearing.

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| | NON-RESTRICTED | PAGE 9 of 20 |
| EFFECTIVE DATE:  12-01-2021 | | |

388  The accused will be advised of his appeal rights.

389
390  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that an**
391  **inmate may waive the right to a hearing provided that the waiver is documented and**
392  **reviewed by the chief executive officer or designee [5-ACI-3C-12].**

393
394  An offender may waive the right to a hearing, provided the waiver will be documented and
395  reviewed by the Superintendent, Warden or designee and/or Community Corrections Director or
396  designee.

397
398  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that a written**
399  **record is made of the decision and the supporting reasons, and that a copy is given to**
400  **the inmate. The hearing record and supporting documents are kept in the inmate's file**
401  **and in the disciplinary committee's records [5-ACI-3C-20].**

402
403  The hearing will be recorded and a record of the proceedings will be maintained for a minimum
404  of three (3) years.

405
406  If an offender is transferred to another facility prior to a disciplinary hearing, the RVR will be
407  immediately forwarded to the Superintendent, Warden or Community Corrections Director of the
408  receiving facility, who will ensure that it is processed.

409
410  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide for review of**
411  **all disciplinary hearings and dispositions by the warden/superintendent or designee to**
412  **assure conformity with policy and regulations [5-ACI-3C-22].**

413
414  All completed RVR's will be forwarded to the Warden/Community Corrections Director or
415  designee for review.

416
417  <u>Timelines of Disciplinary Hearing</u>

418
419  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that inmates**
420  **charged with rule violations are scheduled for a hearing as soon as practicable but no**
421  **later than seven days, excluding weekends and holidays, after being charged with a**
422  **violation. Inmates are notified of the time and place of the hearing at least 24 hours in**
423  **advance of the hearing [5-ACI-3C-13].**

424
425  The Hearing Officer will conduct the disciplinary hearing within seven (7) working days after the
426  violation occurred.  If more than seven (7) working days have elapsed, a written explanation
427  must be included.

428
429  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide for**
430  **postponement or continuance of the disciplinary hearing for a reasonable period and**
431  **good cause [5-ACI-3C-14].**

432
433  This must be documented on the RVR.

434
435  <u>Rights of the Accused</u>

436
437  The accused must be present at the hearing unless he refuses to appear or use of force would

Case 5:21-cv-00063-KS-BWR   Document 77-1   Filed 07/29/22   Page 164 of 188

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 10 of 20 |

438  be required to enforce attendance.  In this case, the hearing will continue in his absence.  The
439  reason for the offender's exclusion or absence will be documented on the RVR form and
440  entered into the record during the hearing.  No absentia hearing will be held when the offender
441  is mentally disturbed to such extent that meaningful participation would be precluded, or when
442  the offender is an escapee-at-large.
443
444  Established time frames and procedural requirements listed in this standard operating
445  procedure are advisory guidelines and do not constitute a due process right to the offender.
446
447  The Agency's failure to abide by the time frames and procedural requirements will not be a
448  basis for dismissal of the RVR.
449
450  *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that a staff**
451  **member or agency representative assists inmates at disciplinary hearings if requested.**
452  **A representative is appointed when it is apparent that an inmate is not capable of**
453  **collecting and presenting evidence effectively on his or her own behalf [5-ACI-3C-18].**
454
455  **Disposition and Penalties**
456
457  The Disciplinary Hearing Officer will consider the seriousness of each incident/violation, to
458  include those incidents/violations listed on the Intensive Supervision Program and Earned
459  Release Certificate and the mental status of each offender when assessing punishment.
460
461  *Adult Community Residential Services:* **The facility implements a system of a progressive**
462  **discipline [4-ACRS-6C-04].**
463
464  *Adult Community Residential Services:*  **Offender rules and disciplinary regulations**
465  **describe violations, sanctions, and penalties [4-ACRS-3A-01].**
466
467  *Adult Correctional Institutions:* **Written rules of inmate conduct specify acts prohibited**
468  **within the institution and penalties that can be imposed for various degrees of violation**
469  **[5-ACI-3C-01].**
470
471  *Adult Correctional Institutions:* **All personnel who work with inmates receive sufficient**
472  **training so that they are thoroughly familiar with the rules of inmate conduct, the**
473  **rationale for the rules, and the sanctions available [5-ACI-3C-04].**
474
475  All staff will receive training on the disciplinary procedures to include rules of inmate conduct,
476  the rationale for the rules, and the sanctions available.
477
478                              **RULE VIOLATIONS**
479
480  The Mississippi Department of Corrections has adopted the following categories of rule
481  violations:
482                     **Violation Category A (Minor Violations)**

| Rule Number | Rule Violation Description |
|---|---|
| A1 | Littering |

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE: 12-01-2021 | NON-RESTRICTED | PAGE 11 of 20 |

| A2 | Illegal possession of any item or quantities not on the allowable items list (Minor-Miscellaneous Contraband) |
|---|---|
| A3 | Unauthorized removal of food or utensils from any food service area |
| A4 | Faking illness or injury |
| A5 | Failure to abide by any published institutional schedule or documented rules |
| A6 | Violating the institutional dress code or grooming standards |
| | Sanctions for Violation Category |
| | Reprimand and warning. |
| | Restriction of all privileges not to exceed one (1) month, excluding exercise periods. This will not exclude restriction from use of recreational facilities in the institution. |
| | Loss of privileged housing, job or meritorious living conditions. |
| | Restitution |
| | Recommend custody review |

483

## Violation Category B (Serious Violations)

| Rule Number | Rule Violation Description |
|---|---|
| B1 | Improper or unauthorized use of state equipment or materials |
| B2 | Interfering with an employee in the performance of their duty |
| B3 | Refusing or failing to obey an order of staff |
| B4 | Violation of mail, telephone, or visiting regulations |
| B5 | Failure to clean bed area or pass bed area inspection |
| B6 | Breaking or entering into another inmate's locker, room, cell or living unit |
| B7 | Refusing or failing to carry out work assignment |
| B8 | Physical action against another person where no physical injury has occurred, including horseplay |
| B9 | Inflicting injury to self (Self-Mutilation) |
| B10 | Tattooing or piercing self or others or allowing self to be tattooed or pierced |
| B11 | Being in a restricted or unauthorized area |
| B12 | Violating a condition of any outside work assignment |
| B13 | Abusive, disrespectful, vulgar, obscene or threatening language, gestures or actions directed toward or about any person |
| B14 | Lying to an employee |
| B15 | Unauthorized communication with any member of the public, staff, or between inmates |

| TITLE: DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| | NON-RESTRICTED | PAGE 12 of 20 |
| EFFECTIVE DATE: 12-01-2021 | | |

| | |
|---|---|
| B16 | Disruptive behavior or disorderly conduct which threatens the orderly running of the facility |
| B17 | Refusing or failing to submit to a drug urinalysis test (Refer to Special Circumstances 18.01.01 for punishment) |
| B18 | Smuggling of contraband items into, out of, or within the institution |
| B19 | Engaging in extortion or blackmail, bribery, loan sharking, collecting or incurring debt |
| B20 | Refusing or failing to comply with institutional count or lockup procedures |
| B21 | Nonviolent demonstration or inciting a nonviolent demonstration that may lead to a disruption of institutional operations |
| B22 | Negligent or deliberate destruction, alteration or defacing of state, personal, or community property valued less than $100 |
| B23 | Deliberately or negligently causing a fire |
| B24 | Inappropriate sexual behavior with another person or indecent exposure (Masturbation) |
| B25 | Gambling |
| B26 | Stealing |
| B27 | Making threatening or intimidating statements |
| B28 | Refusing to submit to a search |
| B29 | Pursuing or developing a relationship that is unrelated to correctional activities with a non-inmate (Fraternization) |
| B30 | Possession of serious contraband to include but not limited to: <ul><li>Money</li><li>State equipment or materials</li><li>Gang paraphernalia</li><li>Tobacco products (Not in canteen list-Includes the Use of Tobacco or accessories and electronic cigarettes)</li><li>Gambling paraphernalia</li><li>Stolen property less than $100</li><li>Tattoo or body-piercing paraphernalia</li></ul> Drug paraphernalia |
| B31 | <ul><li>Failure to abide by the "statement of conditions" of release for Earned Release Supervision, Medical Release or Intensive Supervision Program or 72 Hour Honorary Leave Agreement</li></ul> |
| B32 | Absconding supervision from community supervision |
| B33 | Giving or receiving anything of value to or from another |
| Sanctions for Violation Category | |
| Restriction of all privileges not to exceed one (1) month, excluding exercise periods. This will not exclude restriction from use of recreational facilities in the institution. | |
| Loss of privileged housing, job or meritorious living conditions. | |
| Restitution | |

| TITLE: DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE: 12-01-2021 | NON-RESTRICTED | PAGE 13 of 20 |

| Recommend custody review |
|---|
| Assignment to disciplinary segregation for a maximum of twenty (20) days, each offense. |

Upon a guilty finding, in addition to any other authorized sanction for this category of rule violations, the disciplinary hearing officer will recommend the following progressive disciplinary sanction:

- If an inmate has accumulated three (3) Category B rule violations within a six (6) month period, the offender will lose thirty (30) days of earned time.

- Receiving a 4th RVR within a six (6) month period will result in an additional loss of sixty (60) days of earned time

- Receiving a 5th RVR within a six (6) month period will result in an additional loss of ninety (90) days of earned time

- In addition to all previous loss of earned time under Category B, upon receiving six (6) or more RVRs within a six (6) month period will result in the same sanctions listed under Category C Rule Violations

484

### Violation Category C (Major Violations)

| Rule Number | Rule Violation Description |
|---|---|
| C1 | Negligently or deliberately destroying, altering or defacing of state, personal, or community property valued at $100 or more |
| C2 | Destroying or tampering with life safety equipment, locking or security devices |
| C3 | Tampering with physical evidence or hindering an investigation |
| C4 | Using mail to obtain money, goods or services by fraud |
| C5 | Involvement in disruptive, assaultive, or criminal gang activity |
| C6 | Escape |
| C7 | Possession of major contraband to include but not limited to:<br>• Firearms<br>• Sharpened instrument or knife<br>• Other objects capable of inflicting death<br>• Tools<br>• Explosives/ammunition<br>• Medication (prescription, non-prescription)<br>• Illegal drugs<br>• Electronic devices or parts<br>• Escape paraphernalia<br>• Staff clothing or uniform related items<br>• Stolen property over $100<br><br>**(Refer to Special Circumstances, 18.01.01)** |
| C8 | Assaultive action against any person or staff member resulting in serious physical injury |

| C9 | Physical action resulting in the death or murder of any person |
| --- | --- |
| C10 | Hostage taking |
| C11 | Inciting to riot or rioting |
| C12 | Arrest for criminal activity while on 72 Hour Leave |
| C13 | Unauthorized use of drugs or intoxicants or testing positive for either (Refer to Special Circumstances 18.01.01 for punishment) |

| Sanctions for Violation Category |
| --- |
| Restitution |
| Recommend custody review |
| Assignment to disciplinary segregation for a maximum of twenty (20) days, each offense |
| Restriction of privileges not to exceed two (2) months, excluding exercise periods. This will not exclude restriction from use of recreational facilities in the institution. |
| Removal from 30/30 trusty status for a period of six (6) months (Only if offender is receiving 30/30 trusty status). |
| If the offender does not receive 30/30 trusty status, the offender will lose 180 days of earned time (e.g., MET, TET, Earned Time). |
| Loss of all earned time (Earned time is to be forfeited for escapees or aiding and abetting an escape pursuant to MCA 47-5-139) |
| Suspension of visitation and commissary privileges for 18 months for offenders found guilty by a Disciplinary Hearing Officer of assaulting a staff member. Loss of all earned time and Trusty status |
| Loss of 6 months Canteen and Visitation for Major Contraband C-7 – No exceptions |
| If the RVR is a C8, the inmate will have his account frozen and will be liable for medical costs associated for the assaultive behavior. (Off-site medical $1,500; onsite $500) |

## SPECIAL CIRCUMSTANCES

485
486
487  **In addition to any other penalty or penalties which will be imposed the following actions
488  will be taken:**
489  • A second (2nd) sanction may be given for each serious or major violation as long as it is
490    listed under the authorized sanction for that rule violation
491
492  • Time spent in pending disciplinary segregation (PDA) will be credited against any
493    subsequent discipline imposed
494
495  • Objective Reclassification if warranted (Refer to Institutional Classification Handbook)
496
497  • Referral to District Attorney if warranted
498
499  • The first time a Community Work Center, County State Work Program, or Restitution Center
500    offender tests positive or refuses to submit a urine sample, he/she will be referred to A&D
501    (max 3 months). These offenders will not have their custody reduced or reclassified with the
502    objective classification instrument.
503

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| **EFFECTIVE DATE:  12-01-2021** | **NON-RESTRICTED** | **PAGE 15 of 20** |

504   • Earned time is to be forfeited for escapees or aiding and abetting an escape pursuant to
505      MCA 47-5-139.
506
507   • Offenders who receive a RVR for C-8, "Assaultive action again any person or staff member
508      resulting in serious physical injury" and are found guilty by a Disciplinary Hearing Officer of
509      assaulting a staff member, will have visitation and commissary privileges suspended for 18
510      months. Loss of all earned time and Trusty status.
511
512   • Offenders **in Institutions, Private Prisons and County Regional Facilities** who are
513      charged with **possession of electronic devices or parts** will receive:
514      1. Removal from trusty earned time for six (6) months if they are receiving 30/30 trusty time
515      2. Loss of 180 days of trusty time if in 10/30 trusty status
516      3. Loss of earned time up to 180 days if not in trusty status
517
518   • Offenders **in Community Work Centers** who are charged with **possession of electronic**
519      **devices or parts** will receive:
520
521      1. For the first RVR, removal from trusty status for a period of 6 months or loss of 180 days
522         earned time
523      2. For the second RVR, loss of honorary leave and suspension of visitation and
524         commissary privileges for 18 months
525
526   MDOC may deviate from these advisory guidelines based on the severity of the offense, a
527   history of offenses, and other factors.
528
529   **Sanctions for youth housed in the Youthful Offender Unit (YOU) by Category**
530
531   **Category A (Minor Violations)**
532
533      1. Verbal reprimand and warning
534      2. Reduction of maximum behavior points for that period
535      3. Loss of telephone, visitation, and store privileges earned through the Behavior Management
536         Program
537      4. Reduction s to a lower privilege through the Behavior Management Program
538      5. Activity Restriction
539      6. Early Bed
540
541   **Category B (Serious Violations)**
542
543      1. Restitution
544      2. Extreme work detail
545      3. Isolation/segregations
546      4. Loss of Job, housing privileges
547      5. Activity Restriction
548      6. Reduction of Level or more than one level through the Behavior Management Program
549      7. Loss of visitation earned through the Behavior Management Program
550      8. Loss of telephone call earned through the Behavior Management Program.
551
552   **Category C (Major Violations)**

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 16 of 20 |

1. Restriction
2. Reduction of Positive Behavior Management Points
3. Reduction of Level of Behavior Management Program
4. Extensive Work Detail
5. Disciplinary Isolation
6. Major Sanction added to a serious sanction
7. Loss of one month of telephone calls earned through the Behavior Management Program

**Evidence**

Any and all evidence, with the exceptions referenced in policy 16-14, Preservation of Physical Evidence, accompanying a RVR will be recorded, labeled and stored securely at the Central Disciplinary Office. After the RVR is heard and the findings are known and unless further need for same, the evidence will be held ninety (90) days then destroyed in the following manner:

- All drugs or drug paraphernalia seized will be turned over to Corrections Investigation Division (CID)
- All recyclable metals and plastics will be turned over to the Property Office

- All sharp instruments (i.e., knives and shanks) will be turned over to the K-9 staff for destruction.  **Note: Weapons used in assaults on staff and/or inmates will be remanded to CID**

- All paper, cloth and other miscellaneous items will be turned over to the Fire and Safety Inspector

- Cell phones and cell phone related accessories confiscated from offenders housed in Community Work Centers, Private Facilities and Regional Facilities are to be forwarded to the Corrections Investigation Division (CID) Office located at the Central Office. Items confiscated at the State Institutions are to be forwarded to the Institutional CID Office. The confiscated items along with the appropriate documentation for each item are to be forwarded immediately or after final disciplinary action. Any item needed for criminal prosecution should be forwarded upon completion of prosecution unless otherwise directed by the prosecutor.

**Offender Not Guilty/Dismissed**

*Adult Correctional Institutions:* **Written policy, procedure, and practice provide that if an inmate is found not guilty of an alleged rule violation, the disciplinary report is removed from all of the inmate's files [5-ACI-3C-21].**

**Assistance to an Offender in a Hearing**

When it is apparent that an offender is not capable of effectively collecting and presenting evidence on his own, a representative will be appointed to assist the offender. The Superintendent or designee will make available representatives capable of assisting offenders in disciplinary hearings and filing appeals upon offender's request.

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 17 of 20 |

<u>**Notification and Punishment**</u>

- The Institutional Hearing Officer (IHO) will log all RVR's and final dispositions on a daily basis.

- This log will be forwarded to the appropriate Warden/Community Corrections Director or designee and to appropriate departments prior to the conclusion of each workday.
- They will ensure the immediate imposition of punishment.

<u>**Disciplinary Hearing Docket**</u>

The responsible Disciplinary Hearing Officer will prepare a Disciplinary Hearing Docket for all daily scheduled offender disciplinary hearings.  The docket will include for each offender:

- Date of hearing
- Name and MDOC number of the offender
- Housing and work/program assignment of the offender
- Rule violation number(s)
- Finding
- Recommended sanctions (if applicable)
- Name and title of the Disciplinary Hearing Officer

The Disciplinary Hearing Docket will be submitted to the responsible Associate Warden or designee at the conclusion of offender disciplinary hearings each day.  A weekly rule violation pending log report will be submitted to the area warden.

*Adult Community Residential Services:* **The facility's disciplinary process is defined and provides appropriate procedural safeguards, to include:**
- **Report of incident and charge**
- **Notice**
- **Time to prepare for hearing**
- **Assistance as needed**
- **Timely hearing**
- **Opportunity to present evidence**
- **Fair decision**
- **Written notice of decision**
- **Opportunity to appeal [4-ACRS-6C-03].**

<u>**Appeals**</u>

*Adult Correctional Institutions:* **Written policy, procedure, and practice grant inmates the right to appeal decisions of the disciplinary committee to the warden/superintendent or designee. Inmates have up to 15 days of receipt of the decision to submit an appeal. The appeal is decided within 30 days of its receipt, and the inmate is promptly notified in writing of the results [5-ACI-3C-23].**

The offender may appeal the decision of the hearing officer by using the Administrative Remedy Program (ARP).

18-01-01 (y)

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| | | PAGE 18 of 20 |
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | |

650 If the offender refuses to sign for the RVR, the RVR will be documented that the offender
651 refused to sign.  The offender will have fifteen (15) days to appeal the RVR decision.
652
653 RVR appeals will not be logged and set aside.
654 At the time of notification of a guilty finding in a disciplinary hearing, the inmate will be notified
655 that he/she has the right to appeal any decision of, or disciplinary action taken by the
656 Disciplinary Hearing Officer, directly to the Warden/Community Corrections Director or designee
657 of the unit/center involved via the Legal Claims Adjudicator.
658
659 This notification will be documented by having the inmate sign the front of the RVR indicating
660 that he/she understands the right to appeal.
661
662 If the inmate waives his/her right to appear and is found guilty, he/she cannot appeal the
663 decision.
664
665 The appeal will be submitted in writing within fifteen (15) days after a copy of the Disciplinary
666 Hearing Officer's decision is offered to the inmate and will set forth in detail the grounds for any
667 appeal.
668
669 In the event the inmate is illiterate, at the request of the inmate, the inmate's case manager may
670 assist him/her in writing the letter of appeal.
671
672 The Warden/Community Corrections Director or designee has thirty (30) calendar days from
673 receipt of the appeal to respond.
674
675 During the appeal, the reviewer may affirm the action of the Disciplinary Hearing Officer or alter
676 it as he/she deems just and proper except at no point in the appeal process will the penalty be
677 increased.
678
679 If the offender is not satisfied, he/she may file suit in state or federal court.  The offender must
680 provide the ARP number on the court forms.
681
682 **Criminal Violation**
683
684 *Adult Correctional Institutions:* **Written policy, procedure, and practice provide that, where**
685 **an inmate allegedly commits an act covered by criminal law, the case is referred to**
686 **appropriate court or law enforcement officials for consideration for prosecution [5-ACI-**
687 **3C-06].**
688
689 The Hearing Officer will forward a copy of any RVR considered felonious to the Corrections
690 Investigation Division along with all relevant documents (i.e., Incident Reports, Use of Force
691 Reports) concerning the violation for consideration of prosecution.
692
693 This will not interfere with processing the rule violation through the administrative disciplinary
694 hearing by the Hearing Officer.
695
696 **Restrictions**
697
698 Disciplinary action will not be capricious or in the nature of retaliation or revenge.  Corporal
699 punishment of any kind is strictly prohibited.

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER<br>18-01-01 |
|---|---|---|
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 19 of 20 |

700
701 **Rule Violation Report Filing**
702
703 When an inmate is found guilty of a rule violation the original RVR and all supporting
704 documentation attached to it will be placed in the inmate's permanent MDOC master file.
705
706 **Procedure for Loss of Earned Time**
707
708 1. Designated Disciplinary Staff and Associate Warden or designee (IHO) will enter the RVR
709 and findings into Offendertrak within twenty-four (24) hours after the disciplinary hearing is
710 conducted. This includes all punishment(s) with starting and ending dates for the imposed
711 punishment. Hearings conducted on weekends/holidays will be entered no later than the
712 next working day.
713
714 2. The designated staff person who enters the RVR, which resulted in loss of earned time, is
715 responsible for forwarding the original RVR with all supporting documentation to the
716 Commissioner or designee for final approval.  At Regional facilities, the Warden is
717 responsible for forwarding the RVR and the supporting documentation to the Commissioner
718 or designee.
719
720 3. The Commissioner or designee will forward all approved Loss of Earned Time RVRs to
721 MDOC Records Department in order to modify the entry into Offendertrak accordingly.
722
723 **Procedures for Removal from Trusty Status**
724
725 1. Designated Disciplinary Staff and Associate Warden or designee (IHO) will enter the RVR
726 and findings into Offendertrak within twenty-four (24) hours after the disciplinary hearing is
727 conducted. This includes all punishment(s) with starting and ending dates for the imposed
728 punishment.  Hearings conducted on weekends/holidays will be entered no later than the
729 next working day.
730
731 2. Any rule violation that requires reclassification or removal from 30/30 trusty status will be
732 delivered to the Associate Warden at state facilities the Classification Supervisor at private
733 facilities, and the Warden at Regional facilities.
734
735 3. The Associate Warden, Classification Supervisor, or Warden will review and take the
736 appropriate action by ensuring that a Staff Request is completed recommending the inmate
737 be removed from Trusty Status.  The rationale or justification and effective date for removal
738 should be included on the Staff Request. The effective date for removal will be the date the
739 inmate was found guilty of the rule violation.
740
741 4. The Associate Warden, Classification Supervisor, or Warden will review the Staff Request
742 for its accuracy and forward it to the appropriate Assistant Director of Offender Services
743 (ADOS).
744
745 5. Upon receiving the Staff Request, the ADOS will review and finalize the Staff Request
746 within OffenderTrak.
747
748 6. Upon approval of the Staff Request, the ADOS will submit the Staff Request via the
749 workflow inbox to the designated Records Staff.

| TITLE:  DISCIPLINARY PROCEDURES | | SOP NUMBER 18-01-01 |
|---|---|---|
| EFFECTIVE DATE:  12-01-2021 | NON-RESTRICTED | PAGE 20 of 20 |

750
751 **DOCUMENTS REQUIRED:**
752
753 As required by this procedure and through the chain of command.
754

| | ENFORCEMENT AUTHORITY | |
|---|---|---|
| **Reviewed and Approved for Issuance** | Deputy Commissioner of Institutions | 11-18-21 Date |
| | Deputy Commissioner of Community Corrections | 11-29-21 Date |

18-01-01 (y)

*Exhibit # 17*

ARP-2

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-21-634

## FIRST STEP RESPONSE FORM
## For RVRs

You must return your response to the Legal Claims Adjudicator **within 30 days** of the date you signed for this request.

Offenders' Name and #: Jason Holloway #M0998
          Unit: Wilkinson County Correctional Facility

1st Step Respondent:   D. Vannoy
          Title:   Warden

In response to your ARP claim. In reference to your Rule Violations Report appeal. The information gathered reveals according to the reporting employee Sgt. Hall you tested positive for BUP 5 on your urine test and refused to submit to a urinalysis test on 7/16/2021. Your appeal is denied. RVR's #1939652 and #1939707 will not be expunged from your file. I consider this matter resolved at this level.

_____     _____
          Signature                                   Date   8/20/21

The above named inmate has fulfilled the requirements of the Administrative Remedy Program for an RVR appeal and is eligible to seek judicial review within 30 days of receipt of this First Step Response.

_____     M0998          9-21-21
Inmate's Signature                    DOC #                Date

*Exhibit # 18*

ARP-2

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-22-89

### FIRST STEP RESPONSE FORM
### For RVRs

You must return your response to the Legal Claims Adjudicator **within 30 days** of the date you signed for this request.

Offenders' Name and #: **Jason Holloway #M0998**
         Unit: **Wilkinson County Correctional Facility**

1st Step Respondent:   D. Vannoy
         Title:   Warden

In response to your ARP claim. In reference to your Rule Violation Report appeal. The information gathered reveals according to Sgt. Hall you refused to submit urine for a reasonable suspicion drug test. Your appeal is denied. RVR #2011878 will not be expunged from your file. I consider this matter resolved at this level.

_____              2/28/22
         Signature                          Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program for an RVR appeal and is eligible to seek judicial review within 30 days of receipt of this First Step Response.

_____     M0998          3-2-22
Inmate's Signature          DOC #            Date

pg 1 of 2

In The United States District Court For
The Southern District of Mississippi


Jason Holloway                                    Plaintiff


           vs                        Civil Action No. 5:21-cv-63-KS-RHWR


Scott Middlebrooks et al                  Defendants


                    Motion For The Appointment
                         Of Counsel


    Plaintiff, Jason Holloway, pursuant to § 1915,
request this Court to appoint counsel to represent
him in this case for the following reasons.


1. The plaintiff is unable to afford counsel.


2. The issues involved in this case are complex.


3. The plaintiff, as a Protective Custody inmate, has
extremely limited access to the law library.

pg  2 of 2

4. Over 30 days ago, the plaintiff wrote letters to three attorneys, Thom Glenn, Jacob Howard, and King & Spalding Law Firm, asking them to handle his case but he has not heard from any of them.

5. The plaintiff has a little limited knowledge of the law.

   Where fore, this Honorable Court should appoint counsel to represent the plaintiff.

Respectfully Submitted,
Jason Holloway
6-31-22

Jason Holloway # M0998
WCCF  E-207
P.O. Box 1889
Woodville, MS 39669

In The United States District Court For The Southern District of Mississippi

Jason Holloway # M0998                                    Plaintiff

VS                        civil action No. 5:21-cv-63-KS-RHWR

Scott Middlebrooks et al                        Defendants

Declaration In Support Of Plaintiff's Motion For The Appointment of Counsel

Jason Holloway states:

1. I am the plaintiff in the above-entitled case. I make this declaration in support of my motion for this appointment of counsel.

2. The complaint in this case alleges that the plaintiff was denied his religion, denied adequate medical care, and denied due process. The plaintiff aslo is challenging the condition of his confinment.

3. This is a complex case because it contains several different legal claims, with each claim involving a different set of defendants.

4. This case involves medical issues that may require expert testimony.

5. The plaintiff has demanded a jury trial.

6. The case will require discovery of documents and depositions of a number of witnesses.

7. The testimony will be in sharp conflict on several of the issues raised by the plaintiff.

8. The plaintiff has only a GED and has very limited legal education.

9. The plaintiff is serving his sentence on Protective Custody. For this reason, he has very limited access to legal materials and has no ability to investigate the facts of the case, for example, by locating and

pg 3 of 3

interviewing other staff and inmate witnesses.

10. As set fourth in the Memorandum of Law submitted with this motion, these facts, along with the legal merit of plaintiff's Claims, support the appointment of counsel to represent the plaintiff.

Wherefore, the plaintiff's motion for appointment of counsel should be granted.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed this the ___31___ day of ___May___, 2022.

Respectfully Submitted,

Jason Holloway # M0998
WCCF E-207
P.O. Box 1889
Woodville, MS 39669

In The United States District Court For The
Southern District of Mississippi


Jason Holloway                                      Plaintiff


        vs                        Civil Action No. 5:21-cv-63-KS-RHWR


Scott Middlebrooks et al              Defendants


        Memorandum of Law In Support of
     Plaintiff's Motion For The Appointment Of Counsel


              Statement of the Case


    This is a civil rights case filed under 42 U.S.C.
§ 1983 by a state prisoner And asserting claims
for the unconstitutional denial of religion, denial
of due process, denial of adequate medical care And
conditions of confinement. The plaintiff seeks damages
as to all claims And injunction relief


              Statement of Facts

The Complaint alleges that the plaintiff was denied the right to practice his religion, that he was denied due process at all of his disciplinary hearings, that he was denied adequate medical care, that staff failed to follow the doctors orders to his medical ordered diet and his conditions of confinement.

## Argument

In deciding whether to appoint counsel for an indigent litigant, the court should consider " the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and complexity of the legal issues." Ulmer v Chancellor 691 F2d 209 (5th Cir 1982)

In addition, courts have suggested that the most important factor is whether the case appears to have merit. Carmona v U.S. Bureau of Prisons, 243 F3d 629 (2nd Cir. 2001)

1, Factual Complexity. The plaintiff alleges that several

Staff at W.C.C.F who are named defendants in this case violated several of the plaintiff's constitutional rights, by denying him to practice his religion, denied him adequate medical care, failed to follow the doctors orders of his medical ordered diet, denied him due process at his disciplinary hearings, and challenging his conditions of confinment. The sheer number of claims and defendants makes this a factually complex case.

In addition, one of the plaintiff's claims involve the denial of medical care; it will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Montgomery v Pinchak, 294 F.3d 492 (3rd Cir 2002); Moore v Mabus, 976 F.2d 268 (5th Cir 1992); Jackson v. County of McLean, 953 F.2d 1070 (7th Cir 1992).

2. The plaintiff's ability to investigate.  The plaintiff

is a Protective Custody inmate and has no ability to investigate the facts. For example, he is unable to identify, locate, and interview other inmates who were housed on the same zone as he is and have been moved to other facilities. He is in the same situation with regard to developing the facts from other staff members that no longer work at the facility, a factor that several courts have cited in appointing counsel. Tucker v Randell, 948 F.2d 288 (7th Cir 1991); Gaston v Coughlin, 679 F. Supp. 270 (W.D. N.Y. 1988). In addition, this case will require considerable discovery concerning the identity of witnesses, the officers' reports and statements regarding the disciplinary hearings and the plaintiff's medical history. See Pacham v Johnson, 126 F.3d 454 (3rd Cir 1997) (holding counsel should have been appointed because "prisoner's lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering the defendants discovery tactics ... these [discovery] rules prevented [the plaintiff] from presenting an effective case below.").

3. Conflicting Testimony.   The plaintiff's account of all

the constitutional violations will be in great conflict with the testimony of the defendants. This aspect of the case will be a credibility contest between the defendants and the plaintiff ( and such inmate and other witnesses as can be located). The existence of these credibility issues supports the appointment of counsel. <u>Steele v Shah, 87 F.3d 1266 (11th Cir 1996);</u> <u>Gaston v Coughlin, 679 F.Supp. at 273.</u>

4. The ability of the indigent to present his claim. The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. <u>Branch v Cole, 686 F.2d 264 (5th Cir 1982); <u>Forbes v Edgar, 112 F.3d 262 (7th Cir 1997).</u> In addition, he is confined to a zone as a Protective Custody inmate with very limited access to legal materials. <u>Rayes v Johnson, 969 F.2d 700 (8th Cir 1992)</u> ( citing lack of ready access to a law library as a factor supporting the appointment of counsel).

5. Legal Complexity. The large number of defendants, some who are supervisory officials, presents complex

legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. Hendricks v Coughlin, 114 F3d 390 (2d Cir 1997).

6. Merit of the Case. The plaintiff's allegations, if proved, clearly would establish constitutional violations. The denial of religion in the complaint clearly states a 1st Admendment Claim.

The allegations of denial of medical care amount to deliberate indifference to prisoners medical needs. Estelle v Gamble, 429 U.S. 97 (1976). The unjustified denial of witnesses, conviction of a disciplinary offense with no supporting evidence, and the failure to give a meaningful statement of reasons for the decisions are all violations of clearly established due process principles. See Ponte v Real, 471 U.S. 491 (1985); Superintendent v Hill, 472 U.S. 445 (1985); Wolff v McDonnell, 418 U.S. 539 (1974). On its face, then, this is a meritorious case.

Conclusion

For all the foregoing reasons mentioned herein, the court should grant the plaintiff's motion And appoint counsel in this case.

Respectfully Submitted,

5-31-22

Jason Holloway # M0998
W.C.C.F.  E-207
P.O. Box 1889
Woodville, MS 39669